IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

---

Michel Sharritt; Melody Cannon; Maurice Cross; Christopher Meyer, Dareios Little and Karl Lee, individually and on behalf of themselves and all others similarly situated,

        Plaintiffs,

v.

Gwen Henry in her capacity as Treasurer of DuPage County, Illinois, Jean Kaczmarek in her capacity as Clerk of DuPage County, Illinois, DuPage County, Illinois, Susan J. Goral in her capacity as Treasurer of Winnebago County, Illinois, Lori Gummow in her capacity as Clerk of Winnebago County, Illinois, Winnebago County, Illinois; Nicole Bjerke, in her capacity as Treasurer of Peoria County, Illinois, Rachael Parker in her capacity as Clerk of Peoria County, Illinois, Peoria County, Illinois, Holly Kim, in her capacity as Treasurer of Lake County, Illinois, Anthony Vega in his capacity as Clerk of Lake County, Illinois, Lake County, Illinois; Tim Brophy, in his capacity as Treasurer of Will County, Illinois, Andrea Linn in her capacity as clerk of Will County, Illinois, Will County, Illinois, Chris Lauzen, in his capacity as Treasurer of Kane County, Illinois, John Cunningham in his capacity as Clerk of Kane county, Illinois, Kane County, Illinois; Lydia Hutchcraft, in her capacity as Treasurer of Carroll County, Illinois, Amy Buss, in her capacity as clerk of Carroll County, Illinois, Carroll County, Illinois; Curt Newport, in his capacity as Treasurer of Boone County, Illinois, Julie Bliss in her capacity as Clerk of Boone County, Illinois, and Boone County, Illinois,
                Defendants.

---

Case No.: 1:23-cv-15838

CLASS ACTION COMPLAINT

JURY TRIAL DEMANDED

## INTRODUCTION

1. Under the Defendants' property tax systems, which are governed by and uniformly implement the Illinois Property Tax Code, 35 ILCS 200/1-1 *et seq.*, homeowners in Illinois who fail to pay property taxes ultimately can be divested not just of title to their home, but of the monetary value of their home over and above the amount owed in taxes, penalties, interest and costs (collectively "Tax Amounts").

2. When homeowners in the Defendant counties fall behind in payment of property taxes, a tax lien is placed on the property for the amount of delinquent Tax Amounts. The Tax Amounts are then sold to speculators, often referred to as "Tax Buyers." Along with the right to collect the back taxes plus continuing interest charges, the Tax Buyers also obtain the county's claimed rights to the tax lien, and if the Tax Amounts are not timely "redeemed" or paid off within a certain time, the Defendants grant to the Tax Buyers the right to foreclose, obtain a deed to the property, and obtain an order from the court to evict the owner and other occupants. The taxpayer receives no compensation for the home or the equity in it in excess of the Tax Amounts.

3. This sale by Defendants of the right to obtain homeowners' equity without the immediate and certain payment of just compensation violates the Fifth Amendment to the U.S. Constitution. *Tyler v. Hennepin County*, 598 U.S. 631, 143 S.Ct. 1369 (2023). Defendants may not constitutionally deprive taxpayers of property or value, *i.e.*, home equity, in excess of the Tax Amounts owed. *Id.* The value of the home in excess of the Tax Amounts belongs to the taxpayer and the government has no claim on it. *Id.* It is black-letter law that taxpayers are not required and cannot be compelled to relinquish more than they owe in taxes: "The taxpayer must render unto

2

Caesar what is Caesar's, but no more." *Id.*, at 1380.[1]

4. Plaintiffs bring this action on behalf of themselves and a Class defined below of similarly situated former property owners against the Defendant Counties, Treasurers and Clerks, which are all juridically linked, for compensatory relief pursuant to, in the alternative, the Illinois Constitution, 42 U.S.C. § 1983 and the self-effectuating Fifth Amendment to the United States Constitution *directly*. Jurisdiction exists under 28 U.S.C. §§ 1331, 1343 and 1367, and 42 U.S.C. § 3613.[2]

## PARTIES

### Plaintiff Michel Sharritt

5. Plaintiff Michel Sharritt is a natural person and citizen and resident of DuPage County, Illinois.

6. She was an owner of residential property in Naperville, Illinois. Ms. Sharritt's property at all times relevant hereto had a fair market value substantially in excess of any Tax Amounts due.

7. DuPage County sold the Tax Amounts on the Sharritt property.

8. Plaintiff did not redeem, and the redemption period expired.

9. A deed for the property was issued to the Tax Buyer.

---

[1] Defendants' conduct also violates the Eighth Amendment to the U.S. Constitution. *See Tyler*, 143 S.Ct. at 1381-82 (Gorsuch, J., concurring) and the similar provisions of the Illinois constitution.

[2] Plaintiffs do not seek, directly or indirectly, to enjoin, suspend or restrain the assessment, levy or collection of any tax or Tax Amounts due or owed pursuant to Illinois state or local law or otherwise. Rather, this action challenges only the deprivation of their equity they and the putative class members have built up in their homes *in excess* of such Tax Amounts.

**Plaintiff Karl Lee**

10. Plaintiff Karl Lee is a natural person and citizen and resident of Peoria County, Illinois.

11. He owned residential property in Chilicothe, Illinois. The Lee property at all times relevant hereto had a fair market value substantially in excess of any Tax Amounts due.

12. Peoria County sold the Tax Amounts on the Lee property.

13. Plaintiff did not redeem and the redemption period expired.

14. A deed for the property was issued to the Tax Buyer.

**Plaintiffs Melody Cannon and Maurice Cross**

15. Plaintiffs Melody Cannon and Maurice Cross are natural persons and citizens and residents of Carroll County, Illinois.

16. They owned residential property in Shannon, Illinois.

17. The property at all times relevant hereto had a fair market value substantially in excess of any Tax Amounts due.

18. Carroll County sold the Tax Amounts on the Cannon/Cross property.

19. Plaintiffs did not redeem and the redemption period expired.

20. A deed was issued to the Tax Buyer.

**Plaintiff Christopher Meyer**

21. Plaintiff Christopher Meyer is a natural person and citizen and resident of Boone County, Illinois.

22. He owned residential property in Belvidere, Illinois.

23. The property, at all times relevant hereto, had a fair market value substantially in excess of any Tax Amounts due.

24. Boone County sold the Tax Amounts on the property.

25. Plaintiff did not redeem the Tax Amounts and the redemption period expired.

26. A deed was issued to the Tax Buyer.

**Plaintiff Dareios Little**

27. Plaintiff Dareios Little is a natural person and citizen and resident of Michigan.

28. He owned residential property in DuPage County, Illinois.

29. The property, at all times relevant hereto, had a fair market value substantially in excess of any Tax Amounts due.

30. DuPage County sold the Tax Amounts on the property.

31. Plaintiff did not redeem the Tax Amounts and the redemption period expired.

32. A deed was issued to the Tax Buyer.

33. Plaintiffs were deprived of their property by the Defendants, *i.e.*, their homes and the equity in them were taken, for a public use or purpose, and they received no compensation for the equity in their home; *i.e.*, the excess of the value of the property at the time of the taking, less the Tax Amounts owed.

34. As a direct, proximate and foreseeable result of Defendants' unlawful and unconstitutional actions, Plaintiffs were injured in fact; they lost all rights in their properties and all value in excess of the Tax Amounts owed, including the right to use, live in and dispose of them, thus suffering a "classic pocketbook injury." See *Lujan v. Defenders of Wildlife,* 504 U. S. 555, 560–561 (1992), cited with approval in *Tyler, supra.*

**Defendants**

35. Defendants Gwen Henry and Jean Kaczmarak are sued in their official capacities.

They are and have been the duly elected and acting Treasurer and Clerk of DuPage County, Illinois. Acting with the discretion vested in them in those positions they supervise and administer DuPage County's tax sales and forfeitures at issue herein. In this official capacity, Defendants are "persons" within the meaning of 42 U.S.C. § 1983.

36. Defendant DuPage County, Illinois, is a political entity and includes its agents, who include Defendants Henry and Kaczmarek. DuPage County is a party defendant, including *but not limited to* for purposes of indemnification of Defendants Henry and Kaczmarek as to any monetary amounts recovered by Plaintiffs through this action. *See Carver v. Sheriff of LaSalle County*, 203 Ill.2d 497 (2003), and *Carver v. Sheriff of LaSalle County*, 324 F.3d 947 (7th Cir. 2003).

37. Plaintiffs repeat and reallege the allegations of the immediately preceding two paragraphs, substituting for Defendants Henry and Kaczmarek and DuPage County:

Defendants Kim and Vega and Lake County,

Brophy and Linn and Will County,

Bjerke and Parker and Peoria County,

Hutchcraft and Buss and Carroll County,

Newport and Bliss and Boone County

Lauzen and Cunningham and Kane County,

Goral and Gummow and Winnebago County.

36. Acting under color of state law and through their policies and customs, and acting in uniform fashion pursuant to Illinois statutes, e.g., 35 ILCS 200/21- 1, *et seq.,* Defendants violated Plaintiffs' and the putative Class's rights by, among other things, seizing equity in their homes in excess of the Tax Amounts due, without reasonable, certain and adequate just compensation as

6

required by the Fifth Amendment as interpreted by *Tyler, supra*, and *Cherokee Nation v. Southern Kansas Railway Co.*, 135 U.S. 641, 659 (1890).

38. The Defendant Counties and their respective Defendant Treasurers and Clerks are juridically linked within the meaning of *Payton v. County of Kane,* 308 F.3d 673, 678–80 (7th Cir. 2002).

39. Each Defendant County, its Treasurer and its Clerk act by and for one another and in the name of and on behalf of the respective County defendant. Each acts both for itself and as agent and representative of the others.

## FACTUAL ALLEGATIONS

40. Under Illinois's Property Tax Code, counties, including Defendants, sell delinquent property taxes to third-party investors or speculators — Tax Buyers – who pay the delinquent taxes and in return receive the right to collect the back taxes, and all Tax Amounts, from the homeowner, plus interest, and who further are granted by the Defendant counties the right to foreclose upon and take all value in such homeowner's residence. 35 ILCS 200/21-215; 21-240.

41. Upon paying a county for the Tax Amounts, the county grants to the Tax Buyer a tax lien on the homeowner's property. If the homeowner does not timely reimburse the Tax Buyer for such Tax Amounts, the Tax Buyer may foreclose, take ownership of the home, sell or otherwise use the home, and retain all value of the home as a windfall, even if the value of the home exceeds the Tax Amounts.

42. Most residential property owners have thirty (30) months from the date of the tax sale to redeem their property by paying off the Tax Amounts. 35 ILCS 200/21-350(b).

43. If a Tax Buyer takes title, and becomes the legal owner, it may and often does, with the aid of the county Sheriff, evict the former owner other residents. 35 ILCS 200/22-40.

44. In 1976, an Illinois Legislative-Investigative Commission found Illinois's practice of "total forfeiture" needlessly harsh and recommended replacing it with a "sale-surplus system" that would preserve home equity:

> The Commission's main conclusion was that there is no relation between the threat of total forfeiture and the rate of tax collection, and we recommend that this severe penalty be stricken from the statutes. We recommend that the current tax deed sale be eliminated and replaced by a sale-surplus system, whereby delinquent property is sold at a public auction. The proceeds of the sale would be first applied to the costs of the proceedings and the fees incurred; the tax buyer would collect the monies due him, and the surplus would be turned over to the original owner.
>
> Under this system, a property owner who fails to redeem is penalized sufficiently; the State receives its taxes; and the tax buyer realizes a profit. Our recommendations simply eliminate the possibility of a tax buyer reaping an unearned windfall at the expense of those who can least afford it.

Illinois-Legislative Investigating Commission, Annual Report of 1976: Delinquent Tax Sales: A Report to the Illinois General Assembly 24 (1976). *See* https://www.ojp.gov/pdffiles1/Digitization/39864NCJRS.pdf (visited 08/03/23).

45. Despite these findings and recommendations, the non-adoption or abandonment of the total forfeiture system by the vast majority of taxing authorities in other states, and now the Supreme Court's unanimous ruling in *Tyler*, Defendants persist in their unjust, unconstitutional practices.

46. The harshness of Defendants' system is exacerbated by the fact that homeowners who lose their homes often are elderly and infirm and by the fact that delinquent property taxes are usually small in relation to the value of the home. "When a tax deed is issued, the investor typically acquires the property at a fraction of the value, creating very large profits for the investor

8

and a huge loss of equity for the property owner."[3]

47. Homeowners fail to redeem their properties for a variety of reasons including insufficient notice, lack of funds, mental illness, dementia, physical handicaps, hospitalization, and confusion about the redemption process. *See Apex Tax Invs., Inc. v. Lowe (In re Cty. Collector)*, 225 Ill. 2d 208, 217 (2007) (property owner hospitalized with mental illness); *Giordano v. Trzaska*, 2014 IL App. (2d) 130778-U, ¶ 8 (lack of notice and confusion about instructions from Treasurer's office in Boone County); *see also* Andrew W. Kahrl, *Investing in Distress: Tax Delinquency and Predatory Tax Buying in Urban America*, 43(2) Critical Socio. 199 (2017) ("Investing in Distress") (citing reporting from Washington, D.C. that most residents who lost homes "were black, elderly, sick or suffering some form of mental illness").

48. Homeowners also may fail to redeem their properties due to inadequate funds and inability to secure a loan against the equity in their home. *See* Robyn A. Friedman, *Why Home Equity Loans Are Still So Hard to Come By*, Wall Street Journal (Apr. 29, 2021), www.wsj.com/articles/why-home-equity-loans-are-still-so-hard-to-come-by-11619699464 (visited September 1, 2023). The problem of equity loss often afflicts those with no mortgage on the home. When there *is* a mortgage the taxes are typically paid along with the mortgage into a tax escrow account and then paid by the lender, and in the event of tax default, the mortgage lender

---

[3]Housing Action Illinois, *Racial Disparities and Cook County Tax Sale Evictions* (hereafter "Housing Action IL Report") at 5 (Nov. 2021), https://housingactionil.org/downloads/Policy/Racial-Disparities-and-Cook-County-Tax-Sale-Evictions.pdf (visited 08/03/23); Michael Sallah, Debra Cenziper, Steven Rich, "Left With Nothing," Wash. Post (Sept. 8, 2013), https://www.washingtonpost.com/sf/investigative/2013/09/08/left-with-nothing/ (visited 09/01/23) (of close to 200 Washington, D.C. residents who lost their properties, one in three had liens worth less than $1,000).

acts to protect its equity before the Tax Buyer forecloses. In instances involving a foreclosure by a lender, any excess funds are required by statute to be returned to the borrower-owner.

49. The shocking result of Defendants' system is that if a homeowner is unable to pay real estate taxes, resulting in $10,000 in tax-related debt on a property worth $252,000 (the median value of a home in Illinois), and is unable to pay the past due amount during the redemption period, the Tax Buyer would get the title to the home while the owner receives nothing—losing $242,000 in equity, an amount which may represent the owner's life savings. *See* Zillow.com/home-values/21/il/ (visited 09/01/23).

## PLAINTIFF CLASS ALLEGATIONS

50. Plaintiffs bring this action individually and on behalf of all others similarly situated pursuant to Fed. R. Civ. P. 23, including Rule 23(b)(2) and 23(b)(3), on behalf of the following Class:

> All persons or entities who meet the following criteria: (1) they owned or were the beneficial owners of real property in the Defendant Counties; (2) the taxes on such property were sold; (3) a tax deed was issued to the purchaser of such taxes and not withdrawn or canceled; and the last assessment of such property by the county exceeded the Tax Amounts due at the time the tax deed issued.

51. Excluded from the Class are: (i) any judge or magistrate presiding over this case and their family members; and (ii) Plaintiffs' counsel.

## CLASS ACTION REQUIREMENTS

52. **Numerosity.** Upon information and belief, hundreds or thousands of persons are members of the Class. Joining them all would be impracticable, but the individuals in question can be identified through Defendants' data.

53. **Commonality / Predominance**. Common questions of law and fact exist as to the members of the Class. These questions include, without limitation:

10

(1) Whether the transfer of properties to Tax Buyers without promptly remitting to owners, or compensating them for, the equity in their property in excess of the Tax Amounts, constitutes an uncompensated taking of private property for a public purpose, a violation of due process of law, and/or an excessive fine under either or both the United States and Illinois Constitutions;

(2) Whether Class members whose homes or property is taken without compensation are entitled to reasonable, certain and adequate compensation for their losses, see *Knick v. Township of Scott*, 139 S.Ct. 2162 (2019), and how and when such must be provided; and

(3) Whether the actions complained of result in an excessive fine on affected former property owners.

54. **Typicality.** The named Plaintiffs' claims are typical of those of the Class All of the named Plaintiffs' claims arise from the same challenged policies and practices.

55. **Adequacy.** Plaintiffs will fairly and adequately protect the interests of the Class. All Plaintiffs are members of the Class. Plaintiffs have no interests adverse to the interests of the Class. Plaintiffs are committed to prosecuting this action and have retained competent, experienced counsel who have had substantial success prosecuting complex class action cases and claims based on constitutional law. Indeed, undersigned counsel obtained the unanimous decision of the U.S. Supreme Court in *Tyler*, *supra*, holding deprivations of excess equity as occur here to violate the 5th Amendment.

56. **Rule 23(b)(3) Predominance/Acting on Grounds that Apply Generally:** Questions of law or fact common to the Class predominate over any questions affecting only individual members of the Class and Defendants have acted or refused to act on grounds that apply

11

generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate.

57. **Superiority.** A class action is an appropriate method for the fair and efficient adjudication of this controversy and superior to other methods. Pursuing individual litigation would be unduly burdensome, especially given that many Class members are impoverished and in no position to hire hourly counsel. Class treatment is also preferable because of the time and expense required for courts to address each individual case and the risks of having inconsistent adjudications on the important issues raised herein. Overall, a class action would present far fewer management difficulties than a host of individual lawsuits, as well as the benefits of a single adjudication and comprehensive supervision by a single court.

## "JURIDICAL LINK" and *PAYTON v. KANE COUNTY, ILLINOIS*

58. All Defendants named herein follow the same practices and act in a uniform manner toward delinquent taxpayers such as Plaintiffs and Class members according to the same Illinois statutes.

59. Plaintiffs' and the proposed Class Members' claims all arise out of a common legal rule that is uniformly followed by all Defendant Counties, Treasurers and Clerks.

60. It is reasonable to hold all named Defendant Counties, Treasurers and Clerks accountable within one suit. If the practices alleged herein are unconstitutional for one county, they are unconstitutional for them all.

1. All Defendants are juridically linked within the meaning of *Payton v. County of Kane*, 308 F.3d 673, 678–80 (7th Cir. 2002). The juridical link among defendants is generally found in instances "where all members of the defendant class are officials of a single state which are charged with enforcing or uniformly acting in accordance with a state statute … which is

alleged to be unconstitutional." *Thompson v. Board of Education of the Romeo Community Schools,* 709 F.2d 1200, 1205 (6th Cir. 1983); *Snyder v U.S. Bank N.A.,* 387 F. Supp. 3d 867 (N. D. Ill. 2019).

## CAUSES OF ACTION

61. All causes of action herein are pleaded in the alternative.

62. Plaintiffs seek compensatory monetary relief, declaratory relief and appropriate injunctive relief relating to Defendants' failure to provide compensation to persons who lose their equity as alleged herein.

### COUNT I
### TAKING OF PRIVATE PROPERTY WITHOUT JUST COMPENSATION DIRECTLY UNDER U.S. CONST. AM. V AND XIV, UNDER 42 U.S.C. § 1983, AND UNDER ILLINOIS CONSTITUTION

63. The allegations contained in the preceding paragraphs are incorporated and repeated in this paragraph and this Count is brought individually by Plaintiffs and on behalf of the Class against the Defendants.

64. The Fifth Amendment to the United States Constitution provides that private property shall not "be taken for public use, without just compensation." The Fourteenth Amendment prohibits state and local governments such as Defendants from violating the right to just compensation. The Fifth Amendment is self-effectuating and provides a direct cause of action.

65. The Illinois Constitution provides at Article I., Section 15: "Private property shall not be taken or damaged for public use without just compensation."

66. Defendants' policies and practices of failing to adequately, certainly and reasonably compensate Plaintiffs for the equity in properties which Defendants have confiscated or caused homeowners to cease to own and be deprived of is an actionable taking of private property for

public use (*i.e.*, the value of their homes in excess of the Tax Amounts due) without just compensation, and a deprivation of Plaintiffs' rights secured under, *inter alia,* the Fifth and Fourteenth Amendments to the United States Constitution and Illinois Constitution.

67. Defendants' violations of rights secured by the Fifth and Fourteenth Amendments and the Illinois Constitution are undertaken as a policy and/or custom and actionable pursuant to, *inter alia,* 42 U.S.C. § 1983, *and* as direct claims brought under those Amendments and/or provisions. Plaintiffs also bring claims directly under the Illinois Constitution.

68. Plaintiffs request issuance of a writ or writs of mandamus directed to the appropriate Defendant(s) if and as necessary for inverse condemnation or other appropriate relief under the Illinois Constitution.

69. As a direct, proximate and foreseeable result of Defendants' unconstitutional failure to compensate Plaintiffs and the Class as alleged, Plaintiffs and Class members whose property value has been taken from them have been injured and damaged and are entitled to, *inter alia,* just compensation and appropriate post-foreclosure and other injunctive relief.

**COUNT II**
**DEPRIVATION OF PROPERTY WITHOUT DUE PROCESS**
**U.S. CONST. AM. XIV AND 42 U.S.C. § 1983, AND ILLINOIS CONSTITUTION**
**ARTICLE I., SECTION 2**

70. The allegations contained in the preceding paragraphs hereof are incorporated and repeated in this paragraph and this Count is brought individually by Plaintiffs and on behalf of behalf of the Class against the Defendants.

71. The Due Process Clause of the Fourteenth Amendment prohibits the government from depriving "any person of life, liberty, or property, without due process of law …." U.S. Const. amend. XIV, § 1.

72. The Illinois Constitution provides at Article I., Section 2: "No person shall be

deprived of life, liberty or property without due process of law."

73. Defendants' actions as alleged herein deprive Plaintiffs of substantive and procedural due process and of property and a fundamental property interest without due process of law.

74. Plaintiffs and Class members have a protected property interest in the equity in their home and a protected interest in not being deprived of or required to pay more in taxes than owed.

75. Defendants' actions are arbitrary and capricious and unnecessary to the achievement of a legitimate governmental goal, as reflected *inter alia* in the Illinois-Legislative Investigating Commission, Annual Report of 1976: Delinquent Tax Sales: A Report to the Illinois General Assembly, cited above. Defendants have created, implemented and administered procedures in a way that fails to provide Plaintiffs and Class members with reasonable, certain and adequate compensation for taking the entire value of a property over and above any liability for their respective Tax Amounts.

76. As a direct, proximate and foreseeable result of Defendants' unconstitutional failure to compensate Plaintiffs and the Class as alleged, Plaintiffs and Class members whose property value has been taken from them have been injured and damaged and are entitled to, *inter alia,* just compensation and appropriate post-foreclosure and other injunctive relief.

**COUNT III**
**EXCESSIVE FINES**
**U.S. CONST. AM. VIII, XIV and 42 U.S.C. § 1983 and ILLINOIS CONSTITUTION ARTICLE I., Section 11**

77. The allegations contained in the preceding paragraphs hereof are incorporated and repeated in this paragraph and this Count is brought individually by Plaintiffs and on behalf of the Class, against the Defendants.

78. The Eighth Amendment to the United States Constitution prohibits the imposition of excessive fines. The Eighth Amendment is applicable to the State of Illinois and its governmental entities within it such as Defendants by operation of the Fourteenth Amendment to the United States Constitution.

79. The Illinois Constitution provides at Article I., Section 11: "All penalties shall be determined both according to the seriousness of the offense and with the objective of restoring the offender to useful citizenship."

80. Taking or depriving the owner of the entire value of a property over and above any liability for Tax Amounts is punitive and an excessive fine under the Eighth Amendment to the United States Constitution and prohibited under the Illinois Constitution. *See Tyler*, 143 S.Ct. at 1381-82 (Gorsuch, J., concurring)

81. By failing and refusing to compensate Plaintiffs and the Class for their equity in excess of their Tax Amounts owed, Defendants are engaged in assessing and collecting prohibited excessive fines that are not in accord with the seriousness of the offense nor with the objective of restoring the offender to useful citizenship.

82. As a direct, proximate and foreseeable result of Defendants' unconstitutional actions as alleged, Plaintiffs and Class members have been injured and damaged and are entitled to compensation and appropriate post-foreclosure and other injunctive relief.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that the Court:

a. Certify this action as a plaintiff class action pursuant to Fed. R. Civ. P. 23, with Plaintiffs designated as representatives of the Plaintiff Class for claims against the Defendants and that the Court appoint undersigned counsel as Class Counsel;

b. Award Plaintiffs and the Class just compensation as determined by the Court and/or damages, including prejudgment interest, in an amount determined at trial or require or enjoin Defendants to compute and pay just compensation to Plaintiffs and the Class;

c. Award Plaintiffs and the Class reasonable attorney's fees and costs, as provided by law;

d. Declare that the uncompensated seizure, forfeiture and deprivation of equity as alleged herein is unlawful under the Fifth, Eighth, and Fourteenth Amendments to the U.S. Constitution and the Illinois Constitution; and,

e. Grant the Plaintiffs and the Class such further relief as may be deemed just and proper to secure and protect their right to just compensation or similar awards.

## JURY DEMAND

Plaintiffs demand a trial by jury as to all issues so triable.

Date: November 9, 2023.  By: /s/  *Charles R. Watkins*

    Charles R. Watkins (3122790)
    GUIN, STOKES & EVANS, LLC
    805 Lake Street, #226
    Oak Park, Illinois 60301
    (312) 878-8391
    charlesw@gseattorneys.com

    David Guin (*pro hac vice* pending)
    GUIN, STOKES & EVANS, LLC
    300 Richard Arrington Jr. Blvd N., # 600
    Birmingham, Alabama 35203
    (205) 503-4505
    davidg@gseattorneys.com

    Vildan A. Teske (*pro hac vice* pending)
    TESKE LAW PLLC
    222 South Ninth Street
    Suite 1600
    Minneapolis, Minnesota 55402
    (612) 767-0521
    teske@teskelawfirm.com

Garrett Blanchfield (*pro hac vice* pending)
Roberta Yard (*pro hac vice* pending)
REINHARDT WENDORF & BLANCHFIELD
First National Bank Building, Suite W1050
332 Minnesota Street
St. Paul, Minnesota 55101
(651) 287-2100
g.blanchfield@rwblawfirm.com
r.yard@ rwblawfirm.com

Daniel C. Hedlund (*pro hac vice* pending)
Daniel J. Nordin (*pro hac vice* pending)
Abou B. Amara (*pro hac vice* pending)
Gustafson Gluek PLLC
Canadian Pacific Plaza
120 South Sixth Street, Suite 2600
Minneapolis, Minnesota 55402
(612) 333-8844

*Counsel for Plaintiffs*