## UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| MICHEL SHARRITT, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Case No. 1:23-cv-15838 |
| v. | ) | |
| | ) | Hon. Sara L. Ellis |
| GWEN HENRY, in her capacity as Treasurer | ) | |
| of DuPage County, Illinois, et al., | ) | Magistrate Judge Maria Valdez |
| | ) | |
| Defendants. | ) | JURY TRIAL DEMANDED |

## DUPAGE COUNTY DEFENDANTS' MOTION TO DISMISS
## PLAINTIFFS' FIRST AMENDED COMPLAINT

NOW COMES Defendants, Gwen Henry, in her capacity as Treasurer of DuPage County, Jean Kaczmarek, in her capacity as Clerk of DuPage County, and DuPage County ("DuPage County Defendants"), by and through their attorney, Robert B. Berlin, DuPage County State's Attorney, and his Assistants, Graeme J. Quinn and Trevor M.J. Prindle, and for their Motion to Dismiss Plaintiffs' First Amended Complaint, state the following:

## INTRODUCTION

Plaintiffs filed their First Amended Complaint ("Amended Complaint") on March 11, 2024. Dkt. No. 78. Plaintiffs bring the instant lawsuit pursuant to 42 U.S.C. §1983, claiming, in summation, that Plaintiffs are entitled to compensation for having lost their respective properties to a tax deed. *Id.* The Amended Complaint alleges three counts and seeks compensatory damages on all three counts, as well as unspecified injunctive relief. *Id.* Count I seeks damages pursuant to 42 U.S.C. § 1983 for alleged Fifth and Fourteenth Amendment violations as well as Article 1, Section 15 of the Illinois Constitution violation(s) under a takings theory. *Id.* at ¶¶ 134-140. Count II seeks damages pursuant to §1983 for alleged Fourteenth Amendment as well as Article 1,

Section 2 of the Illinois Constitution violation(s) under a deprivation of property rights theory. *Id.* at ¶¶ 141–147. Count III seeks damages pursuant to 42 U.S.C. §1983 for alleged Eighth Amendment as well as Article 1, Section 11 of the Illinois Constitution violation(s) under an excessive fine theory. *Id.* at ¶¶ 148–153. In the interest of brevity, the Defendants adopt the Lake County Defendants' explanation of the tax collection process in Illinois and the county treasurer and clerk's role in that process detailed in their Motion to Dismiss at pages 2-7.

**STANDARD OF REVIEW**

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) rests on whether the plaintiff has properly stated a claim. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plaintiff's pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8. The pleading is not required to set forth detailed factual allegations, but it does require something more than basic, conclusory allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). In particular, the pleading must contain allegations that "state a claim to relief that is plausible on its face." *Id*. (citing *Twombly*, 550 U.S. at 570). A claim is facially plausible when "the pleaded content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556).

A motion to dismiss pursuant to Rule 12(b)(1) tests the jurisdictional sufficiency of the complaint. *Cty. of Cook v. HSBC N. Am Holdings, Inc.*, 136 F. Supp. 3d 952, 957 (N.D. Ill. 2015). "When ruling on a motion to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), the district court must accept as true all well-pleaded factual allegations, and draw reasonable inferences in favor of the plaintiff." *Ezekiel v. Michel*, 66 F.3d 894, 897 (7th Cir. 1995). "[I]f the complaint is formally sufficient but the contention is that there is in fact no

subject matter jurisdiction, the movant may use affidavits and other material to support the motion." *United Phosphorus, Ltd. v. Angus Chem. Co.*, 322 F.3d 942, 946 (7th Cir. 2003), *overruled on other grounds by Minn-Chem, Inc. v. Agrium, Inc.*, 683 F.3d 845 (7th Cir. 2012).

Lastly, Fed. R. Civ. P. 12(b)(7) provides that the defense of "failure to join a party under Rule 19" may be brought via motion. Fed. R. Civ. P. 12(b)(7)

## **ARGUMENT**

### I. COUNTS I, II, AND III OF PLAINTIFFS' AMENDED COMPLAINT FAIL TO ALLEGE SUFFICIENT FACTS TO STATE CLAIMS UPON WHICH RELIEF MAY BE GRANTED

Plaintiffs' claims are insufficient as a matter of law.

The Fifth Amendment to the United States Constitution provides that private property shall not "be taken for public use, without just compensation." Similarly, the Illinois Constitution states: "Private property shall not be taken or damaged for public use without just compensation." ILL. CONST. art. 1, § 15. Both require, at a minimum, for the Plaintiffs to identify how property was taken for public use without just compensation by the Defendants. Plaintiffs have entirely failed to allege this very bare minimum; in fact, they plead contrary to their purported claims.

Plaintiffs claim in Count I that "Defendants have confiscated or caused homeowners to cease to own [the equity in properties]...." Dkt. No. 78 at ¶¶ 137. However, Plaintiffs fail to allege, consistently, how the Defendants took Plaintiffs' equity or property. Plaintiffs allege that the respective counties sold the Tax Amounts on the properties and the right to foreclose. *Id* at ¶¶ 7, 20, 28, 41, and 50. They then go on to state that "[a] deed for the property was issued **to the Tax Buyer,**" and the "[] County effectively took [the property] for itself...." *Id* at ¶¶ 9, 22, 30, 43, and 52 (emphasis added)(paragraph 52 does not include the word "effectively," but the content is otherwise the same). These allegations are inherently inconsistent; if the Defendants sold their right to foreclose, they logically no longer have the right to take anything.

3

Plaintiffs have only truly alleged that the Defendants have collected taxes that were lawfully owed on the Plaintiffs' properties. They have not alleged that the Defendants had any role in a tax buyer seeking a tax deed from an Illinois court or otherwise taking their property. "The government must pay for what it takes." *Cedar Point Nursery v. Hassid*, 594 U.S. 139, 148 (2021) (citing to *Tahie-Sierra Preservation Council, Inc. v. Tahoe Regional Planning Agency*, 535 U.S. 302, 321 (2002)). They have only alleged that unnamed parties took their property. Plainly, Plaintiffs have failed to inform this Court what the Defendants have taken from the Plaintiffs.

Illinois' statutory structure, which allows for the sale of delinquent taxes, has itself been affirmed as constitutional. *See Balthazar v. Mari Ltd*, 396 U.S. 114 (1969), *aff'g Balthazar v. Mari Limited*, 301 F. Supp 103 (N.D. Ill. 1969) (holding that "The Illinois [tax delinquency statutory scheme] is constitutional since delinquent landowners… are adequately notified of their tax deficiencies and of an [sic] tax sale or foreclosure."). Plaintiffs' reliance on the opinion in *Tyler v. Hennepin County*, 598 U.S. 631 (2023) is misplaced. The Court in *Tyler* reviewed Minnesota's statutory scheme and found that, under Minnesota law, plaintiff Tyler had presented a takings claim and could seek just compensation, as the county took plaintiff's property in lieu of property taxes **with no ability for the Plaintiff to recover the surplus amount**. *Tyler*, 598 U.S. at 633.

In Minnesota, a taxpayer has one year to pay their owed property taxes before taxes become delinquent. *Id* at 635; see also MINN. STAT. §273.01 (2022). If an owner does not timely pay, the tax amount accrues interest and penalties, and the County obtains a judgment against the property, transferring limited title to the State. *Id*; see also MINN. STAT. §279.03, 279.18, 280.01 (2022). Then, during this time, the taxpayer remains the beneficial owner of the real estate and continues to live in the property. *Id.*; *see also* MINN. STAT. §281.70 (2022). The delinquent taxpayer has three years to redeem the property and regain title by paying the taxes and late fees. If the owner still

does not pay the delinquent taxes at the end of three years, absolute title vests in the State, and the tax debt is extinguished. *Id.*; *see also* MINN. STAT. §281.18, 282.07 (2022). At that time, the State may keep the property for public use or sell it to a private party. If sold, any proceeds that exceed the tax debt and costs of the sale remain with the County, then are split between the County, town and school district. The owner has no opportunity to recover this surplus. This is not the system in Illinois and is also **not** what Plaintiffs have alleged. *See* Dkt. No. 78 at ¶¶ 9, 22, 30, 43, and 52.

In Illinois, the county treasurer sells delinquent tax amounts to tax buyers after the tax becomes delinquent. 35 ILCS 200/21-190 *et. seq.* Tax buyers pay the delinquent taxes to the treasurer in exchange for a certificate of purchase and then, pursuant to statute, the tax buyers have several ways to collect their investment. 35 ILCS 200/21-190 and 35 ILCS 200/21-345 *et. seq.*; *see also* 35 ILCS 200/22-30, 22-40. Usually, the delinquent taxpayer redeems their taxes by paying the clerk the full amount owed; the clerk ministerially collects this amount and distributes the redemption amount to the applicable tax buyer(s). 35 ILCS 200/21-390. After a statutory period of time, the ability for the taxpayer to redeem their taxes with the clerk ends, and the tax buyer may petition the local state court to order a tax deed be issued. 35 ILCS 200/21-350.

Once the delinquent taxes have been paid to the county treasurer at the tax sale, the county has been paid in full and gains no further benefit or amounts from the delinquent taxpayer or from the tax buyer. The clerk's role is to maintain records of the correct tax buyer and the redemption amount needed from the taxpayer, and to ensure the return of the certificate of purchase from the tax buyer in exchange for the redemption amount. 35 ILCS 200/21-390. "The taxpayer must render unto Caesar what is Caesar's but no more." *Tyler*, 598 U.S. at 647. Caesar is paid in full once the taxes are sold under Illinois law and Plaintiffs have failed to allege otherwise.

If a tax deed is issued in Illinois, real estate owners who have lost title to tax deed are eligible to seek an award for indemnity under the county's indemnity fund. 35 ILCS 200/21-295. Pursuant to the Illinois Property Tax Code ("Code"):

> [a]ny owner of property sold under any provision of this Code who sustains loss or damage by reason of the issuance of a tax deed under Section 21-445 or 22-40 and who is barred or is in any way precluded from bringing an action for the recovery of the property shall have the right to indemnity for the loss or damage sustained.

 35 ILCS 200/21-305.

The Illinois statutory system is, therefore, dramatically different from the Minnesota system found unconstitutional in *Tyler*. The distinctions between these systems were analyzed in *Tyler*, though not directly. The Supreme Court stated that "[t]he Court's precedents have long recognized that a taxpayer is entitled to the surplus in excess of the debt owed." *Tyler* 598 U.S. at 633 (referencing *United States v. Taylor*, 104 U.S. 216 (1881) and *United States v. Lawton*, 110 U.S. 146 (1884)). However, it distinguished its holdings in those cases from that of *Nelson v. City of New York*, 352 U.S. 103 (1956). In *Nelson*, the City foreclosed on several properties under a city ordinance for nonpayment of water bills. The ordinance provided that an owner could avoid foreclosure by paying the tax within two months after the city filed for foreclosure. In addition, the ordinance permitted the owner to request the return of any surplus from any tax sale of the property for 20 additional days. No owner requested the surplus within the required period. The owners sued the city and asserted claims for denial of due process, equal protection and the taking of property without just compensation. The Court held that the owners were not entitled to recover the surplus because they had failed to follow the procedure for requesting their surplus. The Court in *Tyler* notes that "[t]he owners [in *Nelson*] did not take advantage of this procedure, so they forfeited their right to the surplus." *Tyler,* 598 U.S. at 644. The Court distinguished its holding in *Nelson* from its ruling in *Lawton* on the grounds that "there was no specific procedure [in *Lawton*]

6

for recovering the surplus." *Tyler,* 598 U.S. at 644. As the Minnesota tax delinquent statutory scheme did not provide for a way for the property owner to recover the surplus above the tax debt, *Tyler* essentially found that scheme to be on par with *Lawton*. Crucially, and key to the Plaintiffs alleged claims, the Court did not overrule *Nelson*. *See generally Tyler* 598 U.S. 631.

Unlike Minnesota's tax sale statute, the Illinois delinquent tax sale system more closely resembles the system involved in the *Nelson* case by expressly providing for a method by which an owner may seek to recover any surplus sale proceeds or excess value in the property. Illinois provides the Plaintiffs ten years to pursue their surplus, significantly more time than the 20 days validated in *Nelson*. *See* 35 ILCS 200/21-305. The Supreme Court's holding in *Tyler* does not invalidate the Illinois tax sale system since Illinois expressly provides a statutory mechanism for the owner to request any surplus or excess value over the amount of the delinquent taxes and fees and Plaintiffs did not, and cannot, articulate why pursuing their right to indemnity has been thwarted. *See generally Nelson*, 352 U.S. 103. Plaintiffs do not have an actionable takings, deprivation of rights, or excessive fine claim under *Tyler*, as they have either forfeited their rights to surplus or have a remedy to pursue under Illinois law that they need to pursue. Even assuming *arguendo* that *Tyler* provides an avenue for asserting a claim, they failed to articulate what property the Defendants took from them.

Misleadingly, Plaintiffs have added to their Amended Complaint with references to the Attorney General of Colorado and the State of New Jersey's[1] opinions on their own respective tax sale systems. Dkt. No. 78 at ¶¶ 84, 85. In addition to being wholly irrelevant to a claim brought under Illinois law, both states' systems do not provide a mechanism for an impacted property owner to receive their surplus equity. Illinois provides such a remedy in the Indemnity Fund and

---

[1] Plaintiffs also cite to articles related to Cook County home equity lost to tax deeds. Cook County is not named in this lawsuit. Amended Complaint at ¶¶ 65 & 67.

therefore, *Nelson* and not *Tyler* should be applied Illinois' system. Plaintiffs may argue that the Indemnity Fund is not a perfect remedy, poorly funded, requires work on their part to effectuate or is not named correctly (*Id* at ¶¶ 99-102, 104, 103 and, 97 respectively), but those arguments do not change the above analysis. Illinois, like New York in *Nelson*, provides a remedy for their alleged taking which no Plaintiff has pursued to date.

Plaintiffs' Count II alleges that Defendants deprived Plaintiffs of "substantive and procedural due process and of property and a fundamental property interest without due process of law." Dkt. No. 78 at ¶ 141. This count suffers from the same fatal flaws as Count I discussed above; namely Plaintiffs have failed to identify what property the Defendants allegedly took, especially in light of their admitting another non-named party was issued a tax deed for their respective properties. Also, Plaintiffs' argument has been explicitly rejected by the Supreme Court: "The first problem with using substantive due process to do the work of the Takings Clause is that we have held it cannot be done." *Stop the Beach Renourishment, Inc. v. Florida Dept. of Envtl. Prot.*, 560 U.S. 702, 721 (2010). The reason is that an "explicit textual source of constitutional protection" trumps "the more generalized notion of" substantive due process. *Graham v. Connor,* 490 U.S. 386, 395 (1989).

Even assuming *arguendo* that Defendants took Plaintiffs' property, Plaintiffs are given a sizable amount of time to redeem their property taxes, with multiple notices sent to the Plaintiffs of pending court actions for both the sale of delinquent taxes, 35 ILCS 200/22-5, as well as prior to the issuance of a tax deed, 35 ILCS 200/22-10. Plaintiffs assert that Defendants have created a statutory system[2] that fails to provide the Plaintiffs compensation for their equity. Dkt. No. 78 at ¶¶ 146. The General Assembly **has** provided a mechanism for Plaintiffs to collect compensation

---

[2] Defendants are not responsible for crafting Illinois law despite Plaintiffs' allegation.

above and beyond their delinquent taxes via the creation of the indemnity fund. By law, every Defendant must have a funded indemnity fund for impacted homeowners, such as the Plaintiffs, to seek compensation. *See* 35 ILCS 200/21-295, *et. seq.* Plaintiffs have had due process even if they have not taken full advantage of their rights.

Count III suffers from the same fatal flaws. Plaintiffs have pled that the Defendants have sold only their Tax Amounts and received the same from the tax buyers. Therefore, the only amounts assessed and collected are lawful property taxes due from the Plaintiffs.

For the above reasons, Plaintiffs have failed to state sufficient facts to support their claims against the Defendants and dismissal is warranted under Fed. R. Civ. P. 12(b)(6).

## II.  PLAINTIFFS FAILED TO PLEAD FACTS SUFFICIENT TO STATE A *MONELL* CLAIM

Defendants Henry and Kaczmarek are named in their official capacities only. *See* Dkt. No. 78 at ¶ 57; *see generally* Dkt. No. 78. Under a Section 1983 suit, a plaintiff can name a governmental individual either in their individual or official capacity. *See Foy v. City of Chi.*, No. 15-cv-3720, 2016 WL 2770880, at *3 (N.D. Ill. May 12, 2016). In naming a governmental individual in their official capacity, however, "the suit is treated as if the plaintiff has sued the municipality itself." *Id.* (internal citations omitted).  In turn, a local government may not be sued under *§ 1983* for an injury inflicted solely by its employees or agents. *Monell v. Dep't of Soc. Serv. of the Cty of N.Y.*, 436 U.S. 658, 694 (1978). However, a local government may be liable for a *§ 1983* claim if a policy upheld by the entity caused the alleged violation. A plaintiff may demonstrate the existence of a municipal policy through proof of an express policy causing the loss, a widespread practice constituting custom or usage causing the loss, or causation of the loss by a person with final policymaking authority. *Kujawski v. Bd. of Comm'rs*, 183 F.3d 734, 737 (7th Cir. 1999). At the pleading stage, a plaintiff must allege facts that permit the reasonable

inference that the practice is so widespread so as to constitute a governmental custom. *See McCauley v. City of Chicago*, 671 F.3d611, 618 (7th Cir. 2011) (citing *Iqbal*, 556 U.S. at 683).

Here, Plaintiffs allege generally that Defendants' policies and practices caused a taking of their private property. *See generally* Dkt. No. 78. However, Plaintiffs fail to point to any *specific facts* relating to the custom, policies, and procedures of DuPage County Defendants that would support their assertions. Most importantly, Plaintiffs fail to present a story that holds together in which any decision by Defendants Henry, Kaczmarek, and/or DuPage County, or any written policy, or any pattern or practice is the "moving force" behind Plaintiffs' constitutional claims. Plaintiffs offer nothing more than conclusory allegations and that Defendants Henry, Kaczmarek, and/or DuPage County were simply following Illinois Statutes, which does not suffice for a *Monell* claim. *Surplus Store and Exch., Inc. v. City of Delphi*, 928 F.2d 788, 791 (7th Cir. 1991).

Lastly, it has long been settled that in Illinois, a county may not be held vicariously liable for the conduct of a separate elected official. *Moy v. Cty. of Cook*, 159 Ill.2d 519, 524–25 (1994). As a matter of law, the County of DuPage has no control over the DuPage County Clerk or Treasurer, nor the internal operations of those offices and, as such, has no control over Defendants Henry and Kaczmarek. While *Moy* dealt with the Cook County Sheriff's Office, the same logic applies to the Clerk's and Treasurer's Office, as the Clerk and Treasurer (similar to the Sheriff) are county officers under the Illinois Constitution. ILL. CONST. art. VII, § 4.

Furthermore, "[a]pplication of the doctrine of *respondeat superior* requires the existence of an employment relationship." *Moy*, 159 Ill.2d 519, 527. The relationship between the Clerk and Treasurer [and their respective staff] and the County of DuPage is not an employment relationship nor an agency relationship and as such, the doctrine of *respondeat superior* has no application. *Id.*

at 524–525.  More specifically, in this matter, as in *Cooper v. Office of the Sheriff of Will Cty.*, 333

F.Supp.2d 728, 737 (N.D. Ill. 2004), the *Cooper* Court, citing *Moy*, stated as follows:

> "the Supreme Court of Illinois ruled that a county is not liable for the actions of its sheriff
> under the *respondeat superior* doctrine because under Illinois law, the sheriff is a county
> officer, and an employee/employer relationship does not exist between the county and its
> sheriff. 'Therefore, the county may not be held vicariously liable for the sheriff's alleged
> negligent conduct'…."

The law is clear in Illinois that an elected county officer has exclusive control over their

staff and internal operations of their office. This principle applies to the DuPage County Clerk and

DuPage County Treasurer as county officers, and therefore, the County of DuPage must be

dismissed for any purpose other than indemnity. Since the Plaintiffs fail to state a cause of action

under *Monell*, the claims in Counts I, II, and III should be dismissed against the Defendants.

## III.   STATUTE OF LIMITATIONS

In order to assert a valid claim under 42 U.S.C. §1983, a plaintiff must bring that claim

within two years of the alleged violation. *See Wilson v. Garcia*, 471 U.S. 261, 276 (1985); 735

ILCS 5/13-202. Pursuant to court order, a tax deed was issued related to Plaintiff Sharritt's

property on February 21, 2019, *see* court order and tax deed issued to Scribe Holdings, LLC for

PIN 08-30-12-013 attached as Exhibit A[3]. Therefore, Plaintiff Sharritt, and any Plaintiffs she seeks

to represent as a class, are time barred and should be dismissed.

It should be noted that the *Tyler* opinion relied heavily upon by the Plaintiffs does not state

that its holding applies retrospectively. Even assuming, solely for the sake of argument, retroactive

application and that the reasoning of the Court in *Tyler* applies to Illinois' different statutory

framework, the Defendants have a good faith defense and thereby Plaintiffs are not entitled to

---

[3] Plaintiffs' Amended Complaint remains woefully devoid of all details associated with the named Plaintiffs'
property that was alleged to have been taken.  Defendants have reviewed their records and found only this PIN
related to Michel Sharritt that has been issued a tax deed and is, therefore, reasonably assuming this property was
formerly owned by Plaintiff Sharritt.

damages. The Seventh Circuit articulated in *Janus v. Am. Fed'n of State*, 942 F. 3d 352 (7th Cir. 2019), that even if the Plaintiffs rights were violated pursuant to a newly created legal rule (in this case, *Tyler*), the Defendants will avoid damages if they can demonstrate that they were relying in good faith on existing law. *Id.* at 359. Illinois' statutory framework has been ruled as constitutional by the U.S. Supreme Court in *Balthazar*, 396 U.S. 114 (1969). The only substantive change in the law since that opinion was the creation of an additional remedy, the indemnity fund, by adding 35 ILCS 200/21-295, *et. seq.* Therefore, the Defendants were relying in good faith upon a framework that was ruled constitutional and if the *Tyler* opinion applies to Illinois' statutory framework Defendants would be entitled to a shield from liability for their past unintended transgressions.

As all of the Plaintiffs' claims are either time-barred or derived from violations that pre-dated the *Tyler* opinion, this case should be dismissed pursuant Fed. R. Civ. P. 12(b)(6).

## IV.    ROOKER-FELDMAN ABSTENTION

Plaintiffs' claims are dependent upon their presumption that their surplus property has been seized. For the reasons stated above, Defendants have not seized any of Plaintiffs' property. Arguably, tax buyers have done so, though they have only done so under the watchful eyes of Illinois courts. Following strict notice and publication requirements, tax buyers have petitioned a court to order a tax deed after conducting a hearing in which that tax buyer must demonstrate compliance with the requirements of the Illinois Property Tax Code and demonstrate that they have served the impacted taxpayer and any party with a property interest (including residents).

Under the *Rooker-Feldman* doctrine, lower federal courts lack subject matter jurisdiction to review state court decisions, namely, in this instance, for the issuance of a tax deed. To determine whether the *Rooker-Feldman* doctrine is applicable "the fundamental and appropriate question to ask is whether the injury alleged by the federal plaintiff resulted from the state court

judgment itself or is distinct from that judgment." *Garry v. Geils*, 82 F.3d 1362, 1365 (7th Cir. 1996). [I]f the federal injury is 'inextricably intertwined' with the state court judgment, *Rooker-Feldman* bars the federal action." *Crestview Vill. Apartments v. U.S. Dep't of Hous. and Urban Dev.*, 383 F.3d 552, 556 (7th Cir. 2004). However, the doctrine will only apply provided that "plaintiffs had a reasonable opportunity to raise [federal] issue[s] in the state court proceedings…." *Hadzi-Tanovic v. Johnson* 62 F. 4th 394, 399 (7th Cir. 2023) (quoting *Jakupovic v. Curran*, 850 F.3d 898, 902 (7th Cir. 2017)). The doctrine prohibits "cases brought by state-court losers complaining of injuries caused by state-court judgments." *Exxon Mobil Corp v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). This is true even where the state court judgment is "erroneous or unconstitutional." *Long v. Shorebank Dev. Corp.*, 182 F. 3d 548, 555 (7th Cir. 1999). "[A] litigant may not attempt to circumvent the effect of *Rooker-Feldman* and seek a reversal of a state court judgment simply by casting the complaint in the form of a civil rights action." *Id.* at 557.

Plaintiffs argue that Defendants took their surplus equity upon the issuance of a tax deed. Beyond being factually wrong, Plaintiffs were able to present any objections to the issuance of a tax deed, including any objections under their presented claims in this case, in the state court proceedings that culminated in the issuance of a tax deed. Essentially, Plaintiffs argue that the state court, in issuance of a tax deed, violated their rights. This is precisely what the *Rooker-Feldman* doctrine seeks to prevent. Therefore, this court does not have jurisdiction to review Plaintiffs' claims and this case should be dismissed for lack of subject matter jurisdiction.

## V.   ELEVENTH AMENDMENT PROTECTION

The DuPage County Defendants join, adopt, and incorporate the arguments set forth in Kane County's Motion to Dismiss, pages 9-11, regarding the protections afforded to the DuPage County Treasurer and Clerk under the Eleventh Amendment.

## VI.    ABSOLUTE QUASI-JUDICIAL IMMUNITY

The DuPage County Defendants join, adopt, and incorporate the arguments set forth in Kane County's Motion to Dismiss, page 11-12, regarding the entitlement to absolute quasi-judicial immunity for the DuPage County Treasurer and Clerk under the Eleventh Amendment.

## VII.    PLAINTIFFS FAILED TO NAME NECESSARY PARTIES

Plaintiffs filed their Amended Complaint solely against Illinois counties, and their respective clerks and treasurers, instead of filing against those parties who actually performed their alleged constitutional violations: the tax buyers. Simply put, they are suing the wrong parties.

> A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
>
> > (A) in that person's absence, the court cannot accord complete relief among existing parties; or
> >
> > (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
> >
> > > (i)    as a practical matter impair or impede the person's ability to protect the interest; or
> > >
> > > (ii)    leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19

The purpose of Rule 19 is to provide adjudication that is binding on all interested parties. *Fed. Res. Corp. v. Shoni Uranium Corp*, 408 F.2d 875, 878 (10th Cir. 1969). Joinder of parties is to avoid dismissal of actions whenever possible, consistent with justice. *Int'l Union of Operating Eng'rs', Local 103 v. Irmscher & Sons, Inc.* 63 F.R.D. 394, 397 (N.D. Ind. 1973).

The Treasurer's role in Plaintiffs' claims is limited solely to selling Plaintiffs' delinquent taxes pursuant to the Illinois Property Tax Code. *See* 35 ILCS 200/21-150, *et. seq.* The Clerk's role is limited to accepting the redemption amounts from delinquent property owners and paying

14

the correct tax buyer the redeemed amount in exchange for the certificate of purchase. Only upon presentation of a court order does the Clerk issue a tax deed to tax buyers. Plaintiffs seem to imply the Defendants affirmatively grant tax buyers the ability to take out tax deeds or otherwise consent or participate in that process; they do not. Illinois statutes allow tax buyers to petition for a tax deed in court and, after many procedural requirements related to notice and publication, which must be strictly adhered to (*See Midwest Real Estate Inv.*, 295 Ill. App. 3d 703, 704 & 710 (1st Dist. 1998) in which the Court asked the hypothetical question: "How strict is strict?" and answered "Strict"), obtain a court order directing the issuance of a tax deed. It is tax buyers who choose to further their statutory right to a tax deed, comply with all notice requirements, present a petition for tax deed to the court, and if successful, compel, via court order, the Clerk to issue a tax deed. The property is retained by the tax buyer, not by any of the Defendants. If Plaintiffs have brought valid claims for violations of their rights, it is the tax buyers who so violated those rights. Therefore, those tax buyers are indispensable to adjudicating Plaintiffs' claims in this Court.

Therefore, pursuant to Fed. R. Civ. P 19, this Court should order the tax buyers impacted by Plaintiffs claims as joined to this action as necessary parties.

## **CONCLUSION**

WHEREFORE, for the foregoing reasons, Defendants Gwen Henry, Jean Kaczmarek, and DuPage County, request that this honorable Court dismiss Plaintiffs' Amended Complaint with prejudice; and for any and all further relief deemed to be just and appropriate.


Respectfully submitted,


By: *s/ Graeme J. Quinn*
Graeme J. Quinn
*One of the DuPage Defendants' Attorneys*

15

ROBERT B. BERLIN
DuPage County State's Attorney
By: Graeme J. Quinn, Assistant State's Attorney
ARDC 6321338
Graeme.Quinn@dupagecounty.gov
Trevor M.J. Prindle, Assistant State's Attorney
ARDC 6330307
Trevor.Prindle@dupagecounty.gov
503 N. County Farm Road
Wheaton, Illinois 60187
630/407-8200

## CERTIFICATE OF SERVICE

I, Graeme J. Quinn, an attorney, certify that on April 8, 2024, I caused to be electronically filed the foregoing DuPage County Defendants' Motion to Dismiss Plaintiff's Amended Complaint with the Clerk of the Court through the CM/ECF system, which will send notices of electronic filing to all counsel of record.


ROBERT B. BERLIN
DuPage County State's Attorney

By: */s Graeme J. Quinn*
Graeme J. Quinn
Assistant State's Attorney


ROBERT B. BERLIN
DuPage County State's Attorney
By: Graeme J. Quinn, Assistant State's Attorney
Attorney No. 6321338
graeme.quinn@dupagecounty.gov
503 N. County Farm Road
Wheaton, IL 60187
630.407.8200

ORDER                                                                                                           2018TD000115-98

**UNITED STATES OF AMERICA**

**STATE OF ILLINOIS**                                                                                **COUNTY OF DU PAGE**

IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL CIRCUIT

SCRIBE FUNDING LLC

                                                                                                                   **FILED**

-VS-                                                    2018TD000115                               **19 Jan 09    AM 09: 59**
                                                        **CASE NUMBER**
                                                                                                        *Chris Kachiroubas*
PIN 08-30-121-013                                                                                        **CLERK OF THE**
                                                                                                   **18TH JUDICIAL CIRCUIT**
                                                                                                   **DUPAGE COUNTY, ILLINOIS**

**ORDER**

On the motion of Scribe Funding LLC, petitioner herein, for an Order Directing the County Clerk to issue Tax Deed and for such other relief as prayed for in the petition, and upon proofs and exhibits heard and offered in open court and the Court having heard the statements and arguments of counsel and having been fully advised in the premises, and it appearing that all persons entitled thereto have received due notice of this Motion, THE COURT FINDS:

1. That this Court has jurisdiction of the subject matter and of the parties to this cause.
2. That on November 19, 2015, pursuant to the provisions of the Illinois Property Tax Code Scribe Funding LLC did duly purchase the herein below described parcel of real estate in DuPage County, Illinois, and received a Certificate of Purchase numbered 1894 that represents Property Index Number 08-30-121-013.
3. That the time for redemption from said sale has now expired and the above described real estate has not been redeemed from said sale. That the period of redemption expired on November 15, 2018.
4. That all taxes and special assessments which became due and payable subsequent to said sale have been paid, and all forfeitures and tax sales, if any, which occurred subsequent to said sale have been redeemed.
5. That all notices required by law have been given and that the Petitioner, Scribe Funding LLC has complied with all the provisions of law entitling it to a tax deed to said parcel of real estate.

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED:**

TAX DEED *8229*
ISSUED: *2-21-2019*
TO: *SCRIBE HOLDING, INC*

1. That this Court has jurisdiction of the subject matter and of the parties to this cause.
2. That the County Clerk of DuPage County, Illinois, shall make, execute, and deliver to said Petitioner, Scribe Funding LLC or its assignee a tax deed conveying to Scribe Funding LLC or its assignee the following real estate, to wit:

**LEGAL DESCRIPTION**
LOT 3 IN BLOCK 5 IN MAPLEBROOK UNIT 1, A SUBDIVISION IN SECTION 30, TOWNSHIP 38 NORTH, RANGE 10, EAST OF THE THIRD PRINCIPAL MERIDIAN, ACCORDING TO THE PLAT THEREOF RECORDED JANUARY 23, 1962, AS DOCUMENT R62-2110, IN DUPAGE COUNTY, ILLINOIS.

P.I.N.: 08-30-121-013
PROPERTY LOCATION: 1209 Cardinal Lane, Naperville, IL

**CERTIFICATION**
I, Chris Kachiroubas, Clerk of the 18th Judicial Circuit Court, DuPage County, Illinois, do hereby certify this to be a true and correct copy as it appears from the records and files in my office. IN WITNESS WHEREOF, I have hereunto set my hand and caused to be affixed the Seal of the said Court.

3. That all notices required by law have been given and that the Petitioner, Scribe Funding LLC complied with all provisions of the law.

DATE:

*Chris Kachiroubas*
CHRIS KACHIROUBAS, Clerk
By: Deputy Clerk

**F I L E D**
FEB 20 2019
*Jean Kaczmarek*
DuPage County Clerk

**CHRIS KACHIROUBAS, CLERK OF THE 18TH JUDICIAL CIRCUIT COURT ©**    Deputy Clerk    Page 1 of 2
**WHEATON, ILLINOIS 60187-0707**
Visit http://www.i2file.net/dv to validate this document. Validation ID: DP-01092019-0959-35609

ORDER                                                                                          2018TD000115-98

4. Further, this Court Directs the Sheriff of this County to place and maintain the Tax Deed Grantee in possession of the subject real estate and every person found in and upon said premises to be removed therefrom, together with each and every item of personal property belonging to said persons, and to use any and all such force as may be necessary to cause possession of the premises to be surrendered to the petitioner and to insure that the petitioner is able to take possession thereof and securing possessions to the petitioner.

5. That this Court expressly finds that there is no just reason for delaying the enforcement of this Order or the appeal therefrom.

Submitted by: ERIC H WUDTKE
Attorney Firm: CARTER LEGAL GROUP PC
DuPage Attorney Number: 277492
Attorney for: SCRIBE FUNDING LLC
Address: 19 S. LASALLE STREET, SUITE 1600
City/State/Zip: CHICAGO, IL, 60603
Phone number: 312-346-5555
Email address : service@carterlegalgroup.com

Entered: _____ File Date: 01/09/2019

JUDGE BRIAN J DIAMOND
Validation ID : DP-01092019-0959-35609

Date: 01/09/2019



FILED
FEB 20 2019
DuPage County Clerk

**8 0 0 3 0 4 4 3**
Tx:40017411

**TAX DEED – REGULAR FORM**

STATE OF ILLINOIS ⟩
⟩ SS.
COUNTY OF DUPAGE ⟩

FRED BUCHOLZ, RECORDER
DUPAGE COUNTY ILLINOIS
02/25/2019 12:38 PM
RHSP

2018-TD-115

DOCUMENT # R2019-013270

No. _____8229_____ D.

At a **PUBLIC SALE OF REAL ESTATE** for the **NON-PAYMENT OF TAXES** for the tax year 2014 pursuant to the Illinois Property Tax Code, as amended, held in the County of DuPage on 11/19/2015, the County Collector sold the real estate identified by permanent real estate index number 08-30-121-013 and legally described as follows:

LOT 3 IN BLOCK 5 IN MAPLEBROOK UNIT 1, A SUBDIVISION IN SECTION 30, TOWNSHIP 38 NORTH, RANGE 10, EAST OF THE THIRD PRINCIPAL MERIDIAN, ACCORDING TO THE PLAT THEREOF RECORDED JANUARY 23, 1962, AS DOCUMENT R62-2110, IN DUPAGE COUNTY, ILLINOIS.

Commonly known as: 1209 Cardinal Ln., Naperville, Illinois.

And the real estate not having been redeemed from the sale, and it appearing that the holder of the Certificate of Purchase of said real estate has complied with the laws of the State of Illinois, necessary to entitle him to a Deed of said real estate, as found and ordered by the Circuit Court of DuPage County, Illinois.

I, Jean Kaczmarek, County Clerk of the County of DuPage, Illinois, 421 N County Farm Road, Wheaton, Illinois, in consideration of the premises and by virtue of the statutes of the State of Illinois in such cases provided, grant and convey to **SCRIBE HOLDINGS, LLC**, having its principal place of business at: 5313 Benton Ave, Downers Grove, IL 60515, **FOREVER**, the said Real Estate hereinabove described.

The following provision of the Compiled Statutes of the State of Illinois, being 35 ILCS 200/22-85 is recited, pursuant to law:

"Unless the holder of the certificate purchased at any tax sale under this Code takes out the deed in the time provided by law, and records the same within one year from and after the time for redemption expires, the certificate or deed, and the sale on which it is based, shall, after the expiration of the one-year period, be absolutely void with no right to reimbursement. If the holder of the certificate is prevented from obtaining a deed by injunction or order of any court, or by the refusal or inability of any court to act upon the application for a tax deed, or by the refusal of the clerk to execute the same deed, the time he or she is so prevented shall be excluded from computation of the one-year period."

Given under my hand and seal, this _____21st_____ day of ___February_____ 20_19_

_Jean Kaczmarek_
DuPage County Clerk

REAL ESTATE TRANSFER TAX
2/25/19
Naperville

DECLARATION FILED

No. _____ 8229 _____ **D.**

## TAX DEED

**Jean Kaczmarek**
**County Clerk of DuPage County, Illinois**

**TO**

**SCRIBE HOLDINGS, LLC**

This Tax Deed prepared by and mail to.

Carter Legal Group, P.C.
19 S. LaSalle St., Suite 1600
Chicago, Illinois 60603

*Mail to:*
*(Scribe Holdings LLC)*
*Po Box 99*
*Downers Grove IL 60515*

EXEMPT under provisions of Paragraph (f),
Section 31-45, Property Tax Code.
Dated: 2/25/19

Buyer, Seller or Representative