UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MICHEL SHARRITT, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | Case No. 1:23-cv-15838 |
| v. ) | |
| ) | Hon. Sara L. Ellis |
| GWEN HENRY, in her capacity as Treasurer ) | |
| of DuPage County, Illinois, et al., ) | Magistrate Judge Maria Valdez |
| ) | |
| Defendants. ) | |

**DEFENDANTS KANE COUNTY TREASURER, CLERK AND KANE COUNTY'S MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT**

NOW COME Defendants, Christopher Lauzen, in his capacity as Treasurer of Kane County, John Cunningham, in his capacity as Clerk of Kane County, and Kane County, by and through their attorney, Jamie L. Mosser, Kane County State's Attorney, and her Assistants, Erin Brady and Vincent Coyle, and for their Motion to Dismiss Plaintiffs' Complaint, state the following:

**INTRODUCTION**

On March 11, 2024, the Plaintiffs filed a three-count First Amended Complaint ("FAC") against the Kane County Treasurer, Kane County Clerk and Kane County ("Kane County Defendants") and other Illinois counties, treasurers, and clerks. (Doc. No. 78). Plaintiffs' claims generally arise out of their failure to timely pay property taxes which later, pursuant to certain provisions of the property tax system in the Illinois Property Tax Code ("PTC") 35 ILCS 200/*1 et seq.*, resulted in the issuance of a tax deed to the petitioning tax buyer. (Doc. No. 78, ¶¶ 5-56). Plaintiffs seek compensatory damages, declaratory relief and injunctive relief for the Defendants' failure to provide just compensation to those who lost their property in the sale and issuance of a

1

tax deed. Count I seeks damages pursuant to 42 U.S.C. §1983 for alleged taking of private property without just compensation in violation of the Fifth and Fourteenth Amendments. (Doc. No. 78, ¶¶ 134-140). Count II seeks damages pursuant to 42 U.S.C. §1983 for alleged deprivation of property without due process in violation of the Fourth Amendment and Article I, Section 2 of the Illinois Constitution. (Doc. No. 78, ¶¶ 141-147). Count III seeks damages pursuant to 42 U.S.C. §1983 for alleged excessive fines in violation of the Eighth and Fourteenth Amendments and Article I, Section 2 of the Illinois Constitution. (Doc. No. 78, ¶¶ 148-153).

However, pursuant to Fed. R. Civ. P. 12(b)(1), Plaintiffs' complaint against the Kane County Defendants should be dismissed for lack of standing. Furthermore, pursuant to Fed. R. Civ. P. 12(b)(6), Plaintiffs' complaint against the Kane County Defendants should be dismissed as the allegations fail to state a claim upon which relief can be granted. Moreover, even if the Plaintiffs found a named plaintiff in Kane County, a suit alleged against the Kane County Defendants would be futile as they would be immune from suit under the protection of the Eleventh Amendment and quasi-judicial immunity. As a result, the Kane County Defendants respectfully request the dismissal of all claims against them.

## FACTUAL BACKGROUND

The Complaint alleges that Plaintiffs Michel Sharritt, Karl Lee, Melody Cannon and Maurice Cross, Christopher Meyer, and Dareios Little were divested of their property by the issuance of a tax deed across their respective counties of DuPage, Peoria, Carroll, and Boone. (Doc. No. 78, ¶¶ 5-56). Each of their respective properties were subject to the PTC, which provides a process by which a tax lien is placed on a property after a delinquent property owner fails to pay taxes on their real property. At an annual tax sale following an annual application for judgment to the circuit court, tax buyers may purchase a tax certificate reflecting the amount of taxes owed,

along with costs and interest ("Tax Buyers"). The property owner may redeem the taxes by making payment of those costs to the county clerk for up to two years plus six months after the tax sale. 35 ILCS 200/21-50 (West 2023). However, after the expiration of the statutory redemption period, if the taxes have not been redeemed, the Tax Buyer may petition the circuit court for a tax deed. 35 ILCS 200/22-30(West 2023). A reviewing court with proper jurisdiction may grant the Tax Buyer's petition and issue a tax deed tendering proper title and ownership over the real property. 32 ILCS 200/22-40 (West 2023). Through this process the Tax Buyer, in either ownership of the property or through its future sale, satisfies all unpaid taxes owed to all taxing bodies within.

The Kane County Defendants have a statutory role in the aforementioned property tax process which a prospective Tax Buyer seeks to purchase the sale of unpaid property taxes and obtain a tax deed. To that end, the Kane County Treasurer's role in the PTC as the county collector is to publish notice and proceed to offer the property for sale pursuant to the judgement. 35 ILCS 200/21-190 (West 2023). Similarly, the Kane County Clerk also plays a role in that the Clerk is responsible for maintaining information regarding delinquent tax collection and facilitating the process of tax redemptions. While these Defendants operate pursuant to Illinois law, Plaintiffs do not allege suffering any injury in Kane County and none of them claim to have lost property in Kane County via the PTC's tax sale process.

## STANDARD OF REVIEW

Fed. R. Civ. P. 12(b)(1) requires dismissal of claims over which the federal court lacks subject-matter jurisdiction. The plaintiff faced with a 12(b)(1) motion to dismiss bears the burden of establishing that the jurisdictional requirements have been met. See *Kontos v. U.S. Dept. Labor*, 826 F.2d 573, 576 (7th Cir.1987). Jurisdiction is the "power to decide" and must be conferred upon the federal court. *In re Chicago, Rock Island & Pacific R.R. Co.,* 794 F.2d 1182, 1188 (7th

Cir.1986). In reviewing a Rule 12(b)(1) motion, the court may look beyond the complaint to other evidence submitted by the parties to determine whether subject-matter jurisdiction exists. *United Transp. Union v. Gateway W. Ry. Co.,* 78 F.3d 1208, 1210 (7th Cir.1996).

A Rule 12(b)(6) motion challenges the sufficiency of the complaint. Fed. R. Civ. P. 12(b)(6)(West 2023). For purposes of a motion to dismiss, the Court accepts as true all well-pleaded facts in the complaint and draws all reasonable inferences from those facts in the plaintiff's favor. *Kubiak v. City of Chicago,* 810 F.3d 476, 480-481 (7th Cir. 2017); *Anchor Bank, FSB v. Hofer,* 649 F. 3d 610, 614 (7th Cir. 2011). To survive a motion to dismiss under Rule 12(b)(6), a complaint must allege facts which, when taken as true, "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a speculative level," *Cochran v. Illinois State Toll Highway Auth.,* 828 F.3d 597, 599 (7th Cir. 2016) (quoting *EEOC v. Concentra Health Servs.,* 496 F.3d 773, 776 (7th Cir. 2007)). While "detailed factual allegations" not required, "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007). The Court need not draw inferences that are not apparent on the face of the complaint. *See McCauley v. City of Chicago,* 671 F.3d 611, 616 (7th Cir. 2011).

**ARGUMENT**

**I. PLAINTIFFS FAIL TO ALLEGE ANY PLAUSIBLE FACTS OF INJURY TRACEABLE TO KANE COUNTY AND LACK STANDING TO SUE KANE COUNTY DEFENDANTS.**

The named Plaintiffs have alleged various violations of the Fifth, Eighth, and Fourteenth Amendments of the U.S. Constitution, and Article I, Section 2,11, and 15 of the Illinois Constitution regarding properties located in DuPage, Peoria, Carroll, and Boone Counties. Specifically, the Complaint alleges Defendants seized equity in their homes in excess of the tax

4

amounts due without adequate just compensation. (Doc. No. 78, ₱ 60). However, the Complaint fails to allege any plausible factual allegations that Kane County Defendants committed any constitutional violations against any of the named Plaintiffs. In other words, no Plaintiff is claiming the Kane County Defendants harmed them in any way.

Article III standing is a prerequisite to the exercise of federal courts' jurisdiction. *See* U.S. Const. art. III, § 2; *Spokeo, Inc. v. Robins,* 578 U.S. 300, 136 S. Ct. 1540, 1547 (2016). To establish standing, "[t]he plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Id.* at 1547. The plaintiff bears the burden of establishing these elements. *Id.* at 1547. In this case, the Plaintiffs fail to allege plausible facts demonstrating any injury that can fairly be traced to the conduct of the Kane County Defendants.

The Plaintiffs have no standing to sue the Kane County Defendants. All events alleged in the Complaint occurred in DuPage, Peoria, Carroll, and Boone County. (Doc. No. 78, ₱₱ 5-56). The Complaint is silent on the Kane County Defendants knowledge or involvement in any alleged injury rising out of a constitutional violation. Moreover, there are no allegations that the Kane County Defendants took or deprived any property, or levied excess fines on any named Plaintiff. The Complaint does not identify any constitutional violation conducted by Kane County Defendants that caused any harm or any plaintiff with standing to sue. Therefore, Plaintiffs' claims against Kane County Defendants should be dismissed as the Complaint has failed to sufficiently allege any injury that can fairly traceable to the conduct of the Kane County Defendants.

II. **PLAINTIFFS FAIL TO SUFFIENTLY ALLEGE FACTS TO INVOKE THE JURIDICAL LINK DOCTRINE WIHTIN THE MEANING OF *PAYTON*.**

The Plaintiffs allege that all Defendants are "juridically linked" within the meaning of *Payton v. County of Kane,* 308 F3d. 673, 678-80 (7th Cir. 2002) and includes Kane County

Defendants. (Doc. No. 78, ¶¶ 128-131). In *Payton,* six plaintiffs sought suit against nineteen counties regarding the imposition of a bail fee above and beyond the set bail amount as a condition for release. *Payton,* 308 F.3d at 675. Presented with the issue of standing, the court in *Payton* addressed the issue of maintaining a suit against other counties, for which there was no specific named plaintiffs. *Payton,* 308 F.3d at 677. To begin the court recognized, "to bring a valid case, a plaintiff must allege that a defendant- the very defendant sued- has somehow wronged her in a legally cognizable way." *Id* at 678 (citing *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560-61 (1992). However, the court ruled that plaintiffs may be entitled to represent a class of all nineteen counties under the reasoning of *La Mar v H&B Novelty and Loan Co.,* 489 F.2d 461, 466 (9th Cur, 1973), and that they fulfill all requirements of Rule 23. *Payton,* 308 F.3d at *681.* The juridical link doctrine arose out of *La Mar v. H& B Novelty and Laon Co.,* which held "the plaintiffs as a group- named and unnamed- have suffered an identical injury at the hands of several parties related by way of conspiracy or concerted scheme, or otherwise "judicially related in a manner that suggests a single resolution of the dispute would be expeditious," the claim could go forward." *Payton,* 308 F.3d at 678-679 (*citing Lar Mar,* 489 F.2d at 466).

To the extent the Plaintiffs intend on maintaining a suit against the Kane County Defendants by invoking the juridical link doctrine they must show how the proposed named plaintiffs are representative of those unnamed plaintiffs. They have failed to do so. Just as in the case at bar, the court in *Fox v. Saginaw County, Michigan,* addressed allegations that state actors followed a process in the Michigan Property Tax Act that allowed for the collection of overdue property taxes through the sale of the property at a foreclosure auction. *See Fox v. Saginaw County, Michigan,* 67 F.4th 284 (6th Cir. 2023). In *Fox,* the plaintiff also sought to sue twenty-six other counties under the juridical link doctrine. *Id.* The court, acknowledging the circuit split over this

6

doctrine, found the juridical link doctrine did not comport with Supreme Court's standing cases because: (1) the plaintiff had not alleged a "a case or controversy" with the twenty-six other counties; (2) it conflicted with plaintiff's requirement of standing at the outset of the litigation; and (3) it would dilute the Constitution's standing framework that requires a case or controversy in the name of efficiency. *Id* at 294-296.

Setting aside *Fox's* ruling to bar the use of the juridical link doctrine, the Sixth Circuit's analysis is persuasive in the current litigation given the factual similarities alleged within the respective states' tax collection and deed procedures. Here, the Plaintiffs' invocation of the juridical link doctrine still requires them to show they are representative of the unnamed plaintiffs. In other words, as found in *Payton,* have the Plaintiffs suffered an identical injury to those unnamed that would suggest a single resolution. *Payton,* 308 F.3d 673. In this analysis, the court must address the injury alleged and if it would be similar to those unnamed in which the name plaintiffs could represent. First, the Plaintiffs seek compensation for "property value" that has been taken from them without further defining or alleging what that value is. See (Doc. No. 78, ¶¶ 140, 147) Defining what injury and the type of damage the Plaintiffs seek is critical to the analysis on representation. As in *Fox,* the question is presented on whether plaintiffs seek only the surplus proceeds from treasurer's foreclosure sale or do landowners seek the difference between the fair market value of their home and taxes owed. *Fox,* 67 F.4th at 301. The latter damages approach requires a fact-specific evidence analysis about the worth of each individual property in which individual issues may pose obstacles and overwhelm common liability questions. *Id.* at 301. Specifically, questions may arise of the individual property's condition, the type of structure, property size, the location of the property and other relevant factors. The substantial difference in

injuries and relief that could be requested, and the Plaintiffs' failure allege the scope of injury, require a bar of the juridical link doctrine.

 Second, Illinois has adopted the creation of indemnity fund to allow property owners to recover from any loss or damage by reason of the issuance of a tax deed. 35 ILCS 200/21-305. The amount of recovery depends on the circumstance of the property owner at the time they lost their property. Property owners who lost their property not attributable to they own fault or negligence are treated differently than those property was lost to tax deed by their own fault. *Id.* The statutory recovery process adds to the number of different class members that could potentially be involved on a property to property basis. The added complexity of those who received payments from the indemnity fund demonstrate how the named Plaintiffs cannot be representative of all those unnamed plaintiffs as they may have suffered much differently, which can predominate common liability issues.

 Third, Plaintiffs may not be representative of any lienholders, such as banks in which mortgage are taken, who have an interest in the property. *Fox* questions, "if a landowner with $30,000 in surplus proceeds has a $20,000 mortgage, should the landowner get the full amount?" *Fox,* 67 F.4th at 301. Such issues may require a separate suit by the bank. In addition, *Fox* recognized that the district court did not explain how to handle that problem. *Id.* at 302. Similar to *Fox,* the Plaintiffs have failed to establish how they will deal with this problem. This further adds to the issue that named plaintiffs and unnamed plaintiffs may have suffered injuries different and cannot be representative. The Plaintiffs' attempt to invoke the juridical link doctrine by recognizing the Defendants follow the same Illinois statutes. Plaintiffs further allege "if the practices alleged herein are unconstitutional for one county, they are unconstitutional for them all." (Doc. No. 78, ¶ 130). Yet, this offers no explanation how named Plaintiffs would be representative

of unnamed plaintiffs. The Defendants conduct to follow the laws and procedures adopted in the PTC do not alone satisfy the Plaintiffs requirement to show they are representative of unnamed plaintiffs who may have suffered differently. The various ways in which injury can be alleged demonstrate that the named Plaintiffs do not represent the unnamed Plaintiffs in Kane County and therefore improperly invoke the juridical link to produce standing. The Plaintiffs have failed to sufficiently invoke the juridical link doctrine to proceed in suit against Kane County Defendant in which no named plaintiff has standing.

### III. THE KANE COUNTY CLERK AND KANE COUNTY TREASURER ARE AFFORDED PROTECTION UNDER THE ELEVENTH AMENDMENT

In addition to Plaintiffs' failure to properly invoke juridical link between the Defendants in this case, the Plaintiffs are prohibited from suing the Kane County Clerk and Treasurer because they should be deemed state officials for purposes of Eleventh Amendment Immunity. The Eleventh Amendment prohibits federal courts from deciding suits brought by private litigants against states or their agencies, and that prohibition extends to state officials acting in their official capacity. *Will v. Mich. Dep't of State Police,* 491 U.S. 58, 71 (1989). The Kane County Clerk and the Kane County Treasurer are afforded protection under the Eleventh Amendment because their roles in the court process of issuing a tax deed include executing an order by state court or are required by state law.

In Illinois, tax deeds are issued to a purchaser, the Tax Buyer, by order of the court. Specifically, the court order directs the county clerk to issue a tax deed to the purchaser. *See* 35 ILCS 200/22-40 (West 2023). The Kane County Clerk has no discretion in executing court orders directing the Kane County Clerk to issue a tax deed. Failure to comply or perform the command of any court order could result in case of indirect civil contempt against the Kane County Clerk. As with the case at bar, the Seventh Circuit has held that a county sheriff and his deputy were not

acting as county officials but rather as an arm of the Illinois state judicial system in the course of evicting a tenant from a building in a foreclosure action. *Scott v. O'Grady, et al.,* 975 F.2d 366 (7th Cir. 1992). The court ruled, "when fulfilling this statutory duty, the sheriff and his deputies must be deemed state officials for the purposes of the Eleventh Amendment immunity." *Scott,* 975 F.2d at 371. Here, Plaintiffs allege the Kane County Clerk unlawfully took unnamed plaintiffs' property when it issued a tax deed. However, as in *Scott,* the Kane County Clerk was executing a lawful court order, as directed by the circuit court. Failure to comply or perform the command of any court order could result in case of indirect civil contempt against the Kane County Clerk or other penalties for refusal to perform statutory duties. At the execution of the order issuing a tax deed, the Kane County Clerk is deemed a state official and is afforded protection under the Eleventh Amendment for any federal claims brought against it, including Plaintiffs' § 1983 action.

The Kane County Treasurer is afforded the same protection under the Eleventh Amendment. The FAC alleges that the Kane County Treasurer violated the Plaintiffs' right by using the discretion vested in him to supervise and administer the tax sales and forfeiture of real property. (Doc. No. 78, ¶¶ 57-62). However, it is the required statutory duty of the Kane County Treasurer, as ex-officio county collector, to collect property tax and timely distribute to the corresponding taxing district. *See* 35 ILCS 200/20-85; 35 ILCS 200/20-130. Those statutory duties include the collection of delinquent property taxes through an application for judgment from the court. Section 21-150 of the PTC states, "all applications for judgment and order of sale for taxes and special assessments on delinquent properties ***shall*** be made within 90 days after the second installment due date." (Emphasis added). *See* 35 ILCS 200/21-150. The Kane County Treasurer has no discretion in executing his required statutory duties. If the Kane County Treasurer is prevented from obtaining judgment within the time specified in section 21-150 for failure to comply with

10

requirements of this PTC, then he could be held on his official bond for the full amount of all taxes and special assessments charged against him. *Id.* In addition, further penalties could arise for the failure to make reports and payment as required under the PTC which could subject the Kane County Treasurer to removal of office pursuant to section 20-160 or lawsuit under section 20-155. *See* 35 ILCS 200/20-160; 35 ILCS 200/20-155. Although no improper tax sale is alleged against the Kane County Treasurer, any such sale and forfeiture would be done pursuant to his statutory duties and should be deemed a state official for purposes of collection. Therefore, the Kane County Treasurer should also be afforded protection under the Eleventh Amendment for any federal claims brought against him.

## IV. THE KANE COUNTY CLERK AND KANE COUNTY TREASURER ARE ENTITLED TO ABSOLUTE QUASI-JUDICIAL IMMUNITY.

Similar to the protection provided by Eleventh Amendment, the Plaintiffs are also barred from suit against the Kane County Clerk and Treasurer because of the application quasi-judicial immunity when following a court order to issue a tax deed. The primary function of quasi-judicial immunity is to protect judicial or quasi-judicial decision making. *Richman v. Sheahan,* 270 F.3d 430, 436 (7th Cir. 2001). That protection is also afforded when the lawsuit is aimed at individuals integral to the judicial process but whose conduct is not "functionally comparable" to a judge. *Richman,* 270 F.3d at 436 *citing also Antoine v. Byers & Anderson, Inc.,* 508 U.S. 529, 436 (1993); *Wilson v. Kelkhoff*, 86 F.3rd 1438, 1443 (7th 1996). "[T]he justification for extending absolute immunity is most compelling when the lawsuit challenges the conduct specifically directed by the judge, and not simply the manner in which the judge's directive was carried out." *Richman,* 270 F.3d at 437. The Seventh Circuit has extended such immunity to the sheriff of DeWitt County for entering a home pursuant to court order to seize non-exempt personal property for sale at public

11

auction in a foreclosure proceeding. *Henry v. Farmer City State Bank,* 808 F.2d 1228, 1238 (7th Cir. 1986).

Similarly, the Plaintiffs allege that a taking occurred at the issuance of the tax deed, which would be subject to court order. (Doc. No. 78, ¶¶ 9, 22, 30, 43 and 52). The FAC alleges that the Kane County Clerk and Kane County Treasurer, acting under the color of state law, violated the Plaintiffs' rights when they seized and conveyed equity in the Plaintiffs' home without just compensation. (Doc. No. 78, ¶60). Further, the Plaintiffs' alleged the Kane County Clerk and Kane County Treasurer acted by and for one another and together as joint actors and "co-venturer." (Doc. No. 78, ¶ 62). However, and more importantly, the FAC fails to clarify that the tax deed is issued pursuant to ***court order***.

The foundation of the Plaintiffs' lawsuit is directed at the issuance of the tax deed, not the manner, and therefore quasi-judicial immunity should apply. Pursuant to section 22-40 of the PTC, it is the court that enters an order on the production of the tax certificate and certified copy of the order to be issued to the purchaser of a tax deed. *See* 35 ILCS 200/22-40 (West 2023). Specifically, the order directs the county clerk to issue the tax deed. *Id.* If the Kane County Clerk fails to issue a tax deed to the purchaser, he would have been in violation of the court order and subject to contempt of court. In the event, there is a named plaintiff in Kane County, the Kane County Clerk is immune from all of Plaintiffs' claims. As the petitioner under section 22-50 of the PTC, the Kane County Treasurer, to the extent is deemed as "acting together as a co-venturer" as alleged is also entitled to absolute quasi-judicial immunity. As a result, the Kane County Defendants respectfully request that this suit be dismissed against them with prejudice.

## V. THE COURT LACKS SUBJECT MATTER JURISIDICTION UNDER THE *ROOKER-FELDMAN* DOCTRINE.

The Kane County Defendants otherwise join and adopt and incorporate the arguments set forth in DuPage County's Motion to Dismiss regarding the *Rooker-Feldman* doctrine that lower federal courts lack subject-matter jurisdiction to review state court decisions. Plaintiffs are effectively asking this Court to unwind orders of the Illinois Circuit Court regarding tax deed petitions, and such orders should not be disturbed in accordance with *Rooker-Feldman* principles.

## VI. PLAINTIFFS FAILED TO PLEAD FACT SUFFICIENT TO STATE A CLAIM UNDER *MONELL.*

The Kane County Defendants otherwise join and adopt and incorporate the arguments set forth in DuPage County's Motion to Dismiss in reference to the Plaintiffs' failure to plead facts sufficiently to state a *Monell* claim under *Monell v. Dep't of Soc. Ser. Of the Cty of N.Y.,* 436 U.S. 658 (1978). In addition to their failure to allege any facts about the actions of the Kane County Defendants at all, they have also failed to state a claim for governmental liability pursuant to the requirements of *Monell.*

## VII. PLAINTIFFS FAILED TO ALLEGE SUFFICIENT FACTS TO STATE A CLAIM THAT THERE WAS AN UNLAWFUL TAKING.

The Kane County Defendants otherwise join and adopt and incorporate the arguments set forth in DuPage County's Motion to Dismiss in reference to the Plaintiffs' failure to state a claim upon which relief may be granted that the Defendants participated in an unlawful taking. The Plaintiffs allege in their complaint that a deed for each property was issued to a Tax Buyer. The Complaint fails to alleges sufficient facts to establish that a taking through the administration of the Property Tax Code.

## VIII. PLAINTIFFS FAILED TO NAME NECESSARY PARTIES OF ANY TAX BUYERS WHO HAVE AN INTEREST IN THE ACTION.

The Kane County Defendants otherwise join and adopt and incorporate the arguments set forth in DuPage County's Motion to Dismiss in reference to the Plaintiffs' failure to name necessary parties. The Plaintiffs allege in their complaint that a deed for each property was issued to a Tax Buyer. The Tax Buyer would be indispensable in this action to protect their interest against any claims for unlawful enrichment through the PTC process.

## CONCLUSION

WHEREFORE, for the foregoing reasons, Defendants Christopher Lauzen, Jack Cunningham, and Kane County, request that this honorable Court dismiss Plaintiffs' Complaint with prejudice; and for any and all further relief deemed to be just and appropriate.

Respectfully submitted,
Defendants Christopher Lauzen, John Cunningham
and Kane County

By: */s/ Vincent Coyle*
Vincent Coyle
*One of the Kane County Defendants' Attorneys*

Jamie L. Mosser
Kane County State's Attorney
By Vincent Coyle
ARDC 6303106
coylevincent@kanecountyil.gov
Erin M. Brady
ARDC 6292443
bradyerin@co.kane.il.us
Assistant State's Attorneys
100 South Third Street, 4th Floor
Geneva, Illinois 60134