**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| Michel Sharritt; *et al*, | |
| Plaintiffs, | |
| v. | |
| Gwen Henry in her capacity as Treasurer of DuPage County, Illinois, *et al*, | Case No.: 1:23-cv-15838 |
| Defendants. | |
| | Judge Sara L. Ellis |

**DEFENDANTS' JOINT MOTION TO CERTIFY INTERLOCUTORY APPEAL**

Defendants, by and through their respective undersigned counsel and under 28 U.S.C. § 1292(b), jointly move this Court to amend its October 18, 2024 Memorandum Opinion and Order (DE 105) (the "Order") to include a certification to allow for an interlocutory appeal to the United States Court of Appeals for the Seventh Circuit because the Order involves controlling questions of law on which there is substantial room for differences of opinion as to the correctness of the decision and an appeal may materially advance the ultimate termination of the litigation. Defendants state as follows in support of their motion.

## INTRODUCTION

Defendants filed their respective motions to dismiss the amended complaint arguing, in part, that the juridical link theory invoked by Plaintiffs to sue defendants Will County, Lake County, Kane County, and Winnebago County and their respective officials was in derogation of United States Supreme Court precedent and further that the mechanism allowing delinquent taxpayers to recover their equity codified by the Illinois Property Tax Code ("PTC") preempts a claim for an unconstitutional taking. DE 87.

The Court denied Defendants' respective motions, finding in part that it was bound by

*Payton v. Cnty. of Kane,* 308 F.3d 673 (7th Cir. 2002) and that the propriety of *Payton* is a question best reserved for consideration by the Seventh Circuit. DE 105 at 18-19. The Court further declined to consider the standing of the putative class members to sue certain counties who had no connection with the named plaintiffs at the pleading stage. DE 105 at 19-21. The Court further found that the Indemnity Fund codified under the PTC was not a means of just compensation for equity lost from a tax sale. DE 105 at 25-29.

Defendants submit that the Order is replete with issues appropriate for review under 28 U.S.C. § 1292(b). In particular, Defendants point to the following distinct issues addressed in the Order.

First, Defendants respectfully posit that the juridical link theory is in direct conflict with Supreme Court precedent on Article III standing as it relates to class actions and further assert that the remedy available under the Indemnity Fund preempts any claim of an unconstitutional taking under the Supreme Court's analysis and holding in *Tyler v. Hennepin Cnty., Minn.,* 598 U.S. 631 (2023). As the answer to these questions of law and those other legal issues raised in the Defendants' Motions (about which there is substantial dispute) could materially advance termination of the litigation, Defendants ask this Court to certify its Order for interlocutory appeal to the Seventh Circuit to definitively resolve whether *Payton* is consistent with the Supreme Court's notions of standing, and if so, whether the District Court is required to consider standing at the pleading stage; and also whether the PTC preempts any claims of unconstitutional taking.

Defendants next request certification, in part, on the basis that they, under an Eleventh Amendment analysis, are acting as an arm of the State of Illinois. The Eleventh Amendment prohibits federal courts from deciding suits brought by private litigants against states or their agencies, and that prohibition extends to state officials acting in their official capacity. *Will v.*

2

*Mich. Dep't of State Police,* 491 U.S. 58, 71 (1989). Where these Defendant county officials act only in accordance with what is required and authorized under the PTC and court order, they—as an arm of the state—are immune from suit.

## LEGAL STANDARD

The Court's Order did not dispose of all issues and claims and so is not a final, appealable order. However, an interlocutory appeal is appropriate when: (1) the order involves a question of law, (2) the question of law is controlling; (3) a substantial ground for difference of opinion exists regarding the correctness of the decision, and (4) an appeal may materially advance the ultimate termination of the litigation." *Ahrenholz v. Bd. of Trustees of Univ. of Ill.*, 219 F.3d 674, 675 (7th Cir. 2000). If certification is not included in the original order, Fed. R. App. P. 5(a)(3) permits the district court to amend the order to include the required certification, in which event, the time to appeal runs from the entry of the amended order. *Weir v. Propst*, 915 F.2d 283, 286-87 (7th Cir. 1990). The Order here satisfies the requirements for certification under 28 U.S.C. § 1292(b).

### A. The Order Presents Questions of Law.

The Seventh Circuit previously explained the question of law requirement in § 1292(b) as "something the court of appeals could decide quickly and cleanly without having to study the record" such as "a question of the meaning of a statutory or constitutional provision, regulation or common law doctrine." *Ahrenholz*, 219 F.3d at 677. The specific issues identified in this motion can be categorized as a question regarding standing as well as a question regarding the meaning of a constitutional provision in light of a recent ruling by the United States Supreme Court. As the Seventh Circuit recognized in *Ahrenholz*, questions of constitutional interpretation are the sort of pure questions of law required for an appeal under § 1292(b). *Id.* Likewise, in *Dale v. Deutsche Telekom AG*, this Court found that a question of antitrust standing was a pure question of law. *Dale v. Deutsche Telekom AG*, 2024 WL 1302783, *2 (N.D. Ill. March 27, 2024). The issues here are

directly analogous to those which were previously deemed questions of law.

## B. __The Questions Are Controlling.__

The second requirement for an interlocutory appeal under § 1292(b) is that the question of law be controlling. The Seventh Circuit previously held that a question is controlling where the resolution of the question is "quite likely to affect the further course of the litigation, even if it is not certain to do so. *Sokaogon Gaming Enterprise Corp. v. Tushie-Montgomery Associates, Inc.*, 86 F.3d 656, 659 (7th Cir. 1996) (citing *Johnson v. Burken*, 920 F.2d 1202, 1205-06 (7th Cir. 1991)).

The issues raised here will materially impact the litigation. With respect to the standing question and *Payton*, whether the juridical link doctrine may be used to evade traditional rules applicable to Article III standing will determine whether numerous Defendants whose conduct resulted in no direct injury to the named Plaintiffs are proper parties. Resolution of this question could also determine whether class treatment is appropriate which would significantly streamline this case to a handful of alleged claims.

Similarly, whether the remedy available under the Indemnity Fund preempts the alleged takings claim under *Tyler*, is potentially dispositive of the entire litigation.

Finally, whether defendants are immune from suit is also potentially dispositive of the matter. Moreover, in the event the question of Eleventh Amendment immunity is not settled on an interlocutory basis, there exists the potential for inconsistent application or understanding of the PTC statewide, impacting local officials and the tax collection process. Specifically, where the PTC is silent on a treasurer or clerk's authority to take any compensatory action in conjunction with the issuance of a tax deed, any action post-issuance is strictly limited and controlled by the State.

**D. There is Substantial Ground for Difference of Opinion.**

A question of law is contestable if there are substantial, conflicting decisions regarding the claimed controlling issue of law or the question is not settled by controlling authority and there is a substantial likelihood that the district court ruling will be reversed on appeal. *Yost v. Carroll*, No. 20 C 5393, 2022 WL 180153 at *4 (N.D. Ill. Jan. 20, 2022).

The briefs filed in support of and in opposition to the motions to dismiss make clear that there is a substantial difference of opinion on the controlling issues of law. *See* DE 87 at 6-8 (relating to rejection of juridical link in other circuits). Defendants also cited Supreme Court opinions expressing distrust of manufactured standing such as being advanced by Plaintiffs here. DE 87 at 6-8. The Court acknowledged that there is a difference of opinion between the circuits as to the juridical link theory and declined to take a position on whether the standing requirements were met by the putative class. This issue is contestable and open to a difference of opinion.

The same is true with respect to the Indemnity Fund issue. Defendants cited Supreme Court authority, Illinois state court case law, as well as cases from sister states to demonstrate that the mechanism under the PTC precludes a Fifth Amendment takings claim under *Tyler*. DE 87 at 14-19. But instead of applying the *Tyler* analysis, the Court instead evaluated the sufficiency of the remedy to reject Defendants' argument. But no other case considering this issue did so in this fashion. In any event, there remains some uncertainty as to its exact contours of *Tyler* that merit interlocutory appellate review.

Significant grounds for difference of opinion also exist with respect to the issue of Eleventh Amendment immunity and its application to the Defendants' ministerial acts. By focusing the analysis of whether the Defendants were operating as arms of the State only *after* tax deeds were issued rather than focusing on the required and authorized acts the Defendants actually took creates

uncertainty in which view is most appropriate with respect to the PTC.

**E.** **An Interlocutory Appeal May Materially Advance the Ultimate Termination of the Litigation.**

The above discussion eliminates any reasonable dispute that acceptance of some or all of Defendants' arguments are dispositive and could terminate the litigation. Defendants respectfully request this Court to amend its Order to include a certification to allow an interlocutory appellate review of the legal questions before embarking on litigation of this matter on the merits.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court to amend its October 18, 2024, Order to include a certification to allow for an interlocutory appeal pursuant to 28 U.S.C. § 1292(b) and further request that this Court stay any and all discovery until any proceedings undertaken by the Seventh Circuit Court of Appeals have concluded.

Respectfully submitted,

By:  *s/Rosa M. Tumialán*
On behalf of Susan J. Goral in her capacity as Treasurer of Winnebago County, Illinois, Lori Gummow in her capacity as Clerk of Winnebago County, Illinois, and Winnebago County, Illinois; Lydia Hutchcraft, in her capacity as Treasurer of Carroll County, Illinois, Amy Buss, in her capacity as clerk of Carroll County, Illinois, and Carroll County, Illinois;  Curt Newport, in his capacity as Treasurer of Boone County, Illinois, Julie Bliss in her capacity as Clerk of Boone County, Illinois, and Boone County, Illinois; Tim Brophy, in his capacity as Treasurer of Will County, Illinois, Andrea Linn in her capacity as clerk of Will County, Illinois, and Will County, Illinois;  Nicole Bjerke, in her capacity as Treasurer of Peoria County, Illinois, Rachael Parker in her capacity as Clerk of Peoria County, Illinois, and Peoria County, Illinois

Charles A. LeMoine
clemoine@tresslerllp.com
Rosa M. Tumialán

rtumialan@tresslerllp.com
Molly E. Thompson
mthompson@tresslerllp.com
Jerome Murphy
jmurphy@tresslerllp.com
Carter Frambes
cframbes@tresserllp.com
TRESSLER, LLP
233 S. Wacker Dr., 6lst Floor
Chicago, IL 60606
312-627-4191


s/*Trevor M.J. Prindle*
On behalf of Gwen Henry, Jean Kaczmarek and
DuPage County:
Graeme J. Quinn
DuPage County State's Attorney's Office
503 N. County Farm Rd
Wheaton, IL 60187
(630) 407-8226
Graeme.quinn@dupagecounty.gov

Trevor M.J. Prindle
DuPage County State's Attorney's Office
503 N. County Farm Rd
Wheaton, IL 60187
(630) 407-8224
Trevor.prindle@dupagecounty.gov


/s/*Stephen J. Rice*
For the Lake County Defendants (Vega, Kim):
STATE'S ATTORNEY OF LAKE COUNTY
ERIC RINEHART
ASA Stephen J. Rice (#6287192)
ASA Karen D. Fox (#6255941)
18 N. County St., Waukegan, IL 60085
(847) 377-3050
srice@lakecountyil.gov; kfox@lakecountyil.gov


/s/*Erin M. Brady*
On behalf of Chris Lauzen, John Cunningham, and
the County of Kane:
Kane County State's Attorney Jamie L. Mosser

Erin M. Brady (#6292443)
Vincent Coyle (#6303106)
Assistant State's Attorneys
100 S. Third Street, Fourth Floor
Geneva, IL 60134
(630)208-5320
bradyerin@co.kane.il.us
coylevincent@co.kane.il.us