IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| GWEN HENRY, in her official capacity as Treasurer of DuPage County, Illinois; JEAN KACZMAREK, in her official capacity as Clerk of DuPage County, Illinois; DUPAGE COUNTY, ILLINOIS, HOLLY KIM, in her official capacity as Treasurer of Lake County, Illinois; ANTHONY VEGA, in his official capacity as Clerk of Lake County, Illinois; and LAKE COUNTY, ILLINOIS, <br><br> Third Party Plaintiffs, <br><br> v. <br><br> THE STATE OF ILLINOIS; KWAME RAOUL, in his official capacity as Attorney General of the State of Illinois; and SCRIBE HOLDINGS, LLC and HOBO INVESTMENTS, LLC, individually and on behalf of all others similarly situated, <br><br> Third Party Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Case No. 1:23-cv-15838 <br><br> JURY TRIAL DEMANDED |

THIRD PARTY COMPLAINT

1. Third Party Plaintiffs (herein "Plaintiffs") bring this action pursuant to the Illinois Constitution, 42 U.S.C. §1983, and the Fifth Amendment to the United States Constitution. Jurisdiction exists under 28 U.S.C. §2201, 2202 1331, 1343, and 1367 and 42 U.S.C. §3613.

Introduction

2. Plaintiffs are required, pursuant to the Illinois Property Tax Code, 35 ILCS 200/1-1 *et. seq.* ("PTC"), to collect delinquent property taxes by conducting tax sales. At the tax sale, the County Treasurer offers all delinquent properties for investors, known as tax buyers, to bid the interest rate charged for the late payment of property taxes. Upon bidding the lowest interest

rate for a property, a tax buyer pays the delinquent taxes and is issued a certificate of purchase, as required by the PTC. The statutorily created tax lien is extinguished and a new set of rights is created for the certificate holder. The certificate of purchase and its corresponding right to paid taxes, plus interest, fees and costs is a creature of statute. In the event that a tax buyer is not timely compensated for its investment, that tax buyer has the right, but not the obligation, to seek an order requiring the County Clerk to issue a tax deed. The tax buyer is entirely responsible for their own conduct in obtaining a tax deed and no provision of the PTC compels them to proceed to a tax deed if able to do so lawfully. The named Plaintiff in the underlying amended complaint, and a class of similarly situated former property owners they seek to represent (collectively "former property owners"), brought suit against the Third Party Plaintiffs for allegedly violating their rights.

3. The Illinois Constitution, Article 7, Section 7, states, in summation, that a county that is not home rule has only the powers granted to them by law.

4. DuPage County is not home rule.[1]

5. Defendant State of Illinois is charged with adopting Illinois law consistent with the U.S. Constitution and the Illinois Constitution.

6. Defendant Kwame Raoul is the chief law enforcement officer of the State of Illinois and is responsible for enforcement of Illinois law. *See generally* 15 ILCS 205/4.

7. Defendant Scribe Holdings, LLC is a tax buyer, which obtained a tax deed for property located in Naperville, Illinois and identified by PIN 08-30-121-013 on February 21,

---

[1] For simplicity, where "DuPage County" or the DuPage Clerk and Treasurer are named in this Third Party Complaint (whether they are identified by their Office or by their given names), the Plaintiffs also mean "Lake County" and its respective Clerk and Treasurer (again by their Office or by their given names). So in ¶ 4, for example: "Lake County is not home rule." Any differences between the claims of DuPage and Lake arise only from the lack of a Lake County Plaintiff, and are noted below where relevant.

2019. Immediately prior to the issuance of a tax deed, title to the property was held by Michel Sharritt.

8. Defendant HOBO Investments, LLC is a tax buyer, which obtained a tax deed for property located in Woodridge, Illinois and identified by PIN 08-24-406-009 on May 2, 2023. Immediately prior to the issuance of a tax deed, title to the property was held by Dareios Little.

DEFENDANT CLASS ALLEGATIONS

9. Third Party Plaintiffs bring this third party action, in part, against Scribe Holdings, LLC and HOBO Investments, LLC, individually and on behalf of all others similarly situated (collectively "Third Party Class Defendants"), pursuant to Fed. R. Civ. P. 23; including Rule23(b)(2), 23(b)(3) and 23(c)(1), on behalf of the following Class:

> All persons or entities who meet the following criteria: (1) they owned or were assigned a certificate of purchase derived from property sold at a DuPage County tax sale; (2) a tax deed was issued to them pursuant to an order directing the County Clerk to issue a tax deed; (3) the value of the property transferred to them via a tax deed exceeded the amount owed in taxes, penalties, interest and costs due at the time the tax deed was issued.

Defendants State of Illinois and Defendant Kwame Raoul ("State Defendants") are named separate and apart from the Class Defendants, as Third Party Plaintiffs bring separate causes of action against them.

10. **Numerosity.** Upon information and belief, dozens of persons or entities are members of the Class. Joining them all would be impracticable, but the parties in question can be identified through Third Party Plaintiffs' data. The amount owed in taxes, penalties, interest, and costs, (hereinafter "Tax Amount") due on properties that resulted in an issued tax deed, and any other statutorily imposed fees and costs imposed, may also be established from official records.

11. **Commonality / Predominance**. Common questions of law and fact exist as to the

3

members of the Class. These questions include, without limitation:

      (a)    Whether the transfer of properties to Tax Buyers without promptly remitting or compensating the former property owners for the equity in their property in excess of the Tax Amounts, , constitutes an uncompensated taking of private property for a public purpose, a violation of due process of law, and/or an excessive fine under either or both the United States and Illinois Constitutions;

      (b)    Whether Class members who took homes or property are state actors under Illinois law, assuming *Tyler v. Hennepin County*, 598 U.S. 631 (2023) (hereinafter "*Tyler*") applies to the PTC. *See Manhattan Community Access Corp. v. Halleck*, 587 U.S. 802, 809 (2019) ("a private entity can qualify as a state actor in a few limited circumstances." "[P]owers traditionally exclusively reserved to the State" may qualify a private party as a state actor when exercised by that private entity. *Jackson v. Metropolitan Edison Co.,* 419 U.S. 345, 352. Powers "traditionally associated with sovereignty, such as eminent domain" might qualify. *Id.* at 353; and

      (c)    Whether the Class members acted under any authority granted to them by the Third Party Plaintiffs or operated independently as a State actor.

    12.    **Typicality.** The claims are typical against all members of the Class. All the named claims arise from the same provisions of the PTC. Any individual Class member is not subject to unique defenses.

    13.    **Adequacy.** Third Party Defendants can fairly and adequately protect the interests of the Class. All Third Party Defendants, except the State of Illinois and Kwame Raoul, are members of the Class. Third Party Defendants have no interests adverse to the interests of the

Class. In obtaining their respective tax deeds, Third Party Defendant Scribe Holdings LLC and Third Party Defendant HOBO Investments LLC were represented by competent counsel who regularly litigate and practice within the field of Illinois property tax law. There is no reason to believe that similarly competent counsel, if not the same counsel who had previously represented them, will be retained to defend and litigate the claims brought against them in this matter.

14. **Rule 23(b)(3) Predominance/Acting on Grounds that Apply Generally.** Questions of law or fact common to the Class predominate over any questions affecting only individual members of the Class and Third Party Defendants have acted or refused to act on grounds that apply generally to the Class, so that final injunctive relief or corresponding declaratory relief is appropriate. Damages can be established on a class-wide basis.

15. **Superiority.** A class action is an appropriate method for the fair and efficient adjudication of this controversy and superior to other methods. Pursuing individual litigation would be unduly burdensome. Class treatment is also preferable because of the time and expense required for courts to address each individual case and the risks of inconsistent adjudications on the important issues raised herein. Overall, a class action would present far fewer management difficulties than a host of individual lawsuits, as well as the benefits of a single adjudication and comprehensive supervision by a single court.

<u>COUNT I – DECLARATORY JUDGMENT</u>
<u>AGAINST THIRD PARTY STATE DEFENDANTS</u>

16. The allegations contained in the preceding paragraphs are incorporated and repeated in this paragraph and this Count is brought by Third Party Plaintiffs and against the Third Party Defendants State of Illinois and Kwame Raoul.

17. In collecting taxes using the tax sale procedures of the PTC, Illinois County Treasurers do not exercise discretion.

18. In collecting taxes using the tax sale procedures of the PTC, Illinois County Treasurers must follow the PTC.

19. In collecting taxes using the tax sale procedures of the PTC, Illinois County Clerks do not exercise discretion.

20. In collecting taxes using the tax sale procedures of the PTC, Illinois County Clerks must follow the PTC.

21. To the extent that *Tyler* applies to the PTC, the State of Illinois has restricted the ability of Third Party Plaintiff Henry to compensate a former property owner of any just compensation they would be entitled to receive once the County Clerk is ordered to issue a tax deed.

22. Third Party Plaintiff Henry is required by the PTC to sell delinquent property taxes or be liable to taxing bodies for failing to collect property taxes. *See e.g.* 35 ILCS 200/21-155.

23. Third Party Defendant State of Illinois has created a legal system via the PTC in which Third Party Plaintiff Henry is either required to violate the rights of property owners (assuming *Tyler* applies to Illinois) or be sued by taxing bodies for failing to collect property tax revenue as required by the PTC. Third Party Plaintiff Henry has no authority to pay just compensation to a former property owner nor any administrative process for assessing the appropriate amount of just compensation.

24. Similarly, the PTC requires that Third Party Plaintiff Kaczmarek issue a tax deed when presented with a court order. Failure to do so risks contempt of court and any resulting consequences. The PTC does not provide any mechanism for the Third Party Plaintiffs to mandate the tax buyer to first provide compensation to the delinquent property owner prior to her

issuing a tax deed per the court's order. Third Party Plaintiff Kaczmarek has no authority to pay just compensation to a former property owner nor any administrative process for assessing the appropriate amount of just compensation.

25. The State of Illinois has created a property tax collection system that, if *Tyler* applies, compels the Third Party Plaintiffs to violate the former property owners' constitutional rights with no mechanism to alleviate the violations, if any, compelled by the PTC.

26. Third Party Plaintiffs have a clear right to a PTC that is constitutional and does not force them to violate the rights of a property owner, if *Tyler* applies to the PTC.

27. By not providing any mechanism for providing just compensation and the Illinois Constitution limiting the Plaintiffs to act only as prescribed by Illinois law, Defendant State of Illinois has a clear duty to act to remedy Illinois law so that it complies with U.S. Supreme Court precedent, if *Tyler* applies to the PTC.

28. Third Party Plaintiffs seek this Court to, enjoin the State of Illinois from enforcing the PTC against the Plaintiffs until 1) such time a Court of competent jurisdiction declares the provisions of the PTC that authorize a state court to order the issuance of a tax deed to be unconstitutional under *Tyler* unless a tax buyer first deposit just compensation with the court or 2) such time that a court of competent jurisdiction declares the provisions of the PTC to be constitutional under *Tyler*.

<u>COUNT II – CONTRIBUTION
AGAINST ALL THIRD PARTY DEFENDANTS</u>

29. The allegations contained in the preceding paragraphs are incorporated and repeated in this paragraph and this Count is brought by Third Party Plaintiffs and against all Third Party Defendants.

7

30. The State Third Party Defendants compel Third Party Plaintiffs conduct by not providing any authority for Third Party Plaintiffs to provide just compensation. They, therefore, retain that authority for themselves.

31. The Class Third Party Defendants, when executing their ability to obtain a tax deed under the PTC, could be acting as State actors under Illinois law.

32. Each Class Third Party Defendant was the sole moving force behind seeking and obtaining a tax deed(s).[2]

33. Upon presenting their obtained order for issuance of a tax deed to the Third Party Plaintiff Clerk, the Class Third Party Defendants had a constitutional mandate to deposit with either Third Party Plaintiff Kaczmarek or the Circuit Clerk for the Eighteenth Judicial District just compensation for the benefit of the former property owner, if *Tyler* applies to the PTC, in an amount that corresponds to the then fair market value of the property with the Tax Amount withheld.

34. The Class Third Party Defendants did not deposit that potentially constitutionally mandated just compensation. Furthermore, the Class Third Party Defendants did not request the court to adjudicate the constitutional rights of the former property owner prior to obtaining an order for issuance of a tax deed(s).

35. The Class Third Party Defendants' policies and practices of failing to adequately, certainly, and reasonably compensate former property owners for the equity in properties which they confiscated or caused homeowners to cease to own and be deprived of is an actionable taking of private property (*i.e.*, the value of their homes in excess of the Tax Amounts due) without just compensation, if *Tyler* applies to the PTC, and a deprivation of rights secured under,

---

[2] If a similarly situated Lake County property owner were involved in this litigation, then this allegation would apply equally to the Lake County parties (no such Lake County property owner has yet been identified).

*inter alia,* the Fifth and Fourteenth Amendments to the United States Constitution and Article I, Section15 of the Illinois Constitution.

36. Furthermore, by seeking an unconstitutional order for the issuance of a tax deed which does not secure just compensation as mandated by the United States Constitution and Illinois Constitution, if *Tyler* applies to the PTC, the Class Third Party Defendants compelled the Third Party Plaintiffs to violate the former property owners constitutional rights.

37. The Third Party Plaintiffs are sued in this matter for the violation of a class of former property owners' civil rights. The Class Third Party Defendants, potentially are acting as a state actor in order to deprive any party of their property without providing just compensation, and would be thereby liable under the former property owners' allegations for their conduct. Third Party Plaintiffs did not cause any party to lose their property without just compensation.

38. Third Party Plaintiffs request this Court to order the Class Third Party Defendants to contribute their *pro rata* share of the damages which Third Party Plaintiffs are ordered to pay in the present suit to any and all former property owners.

39. Third Party Plaintiffs request this Court to order the State Third Party Defendants to contribute their *pro rata* share of the damages which Third Party Plaintiffs are ordered to pay in the present suit to any and all former property owners.

40. Third Party Plaintiffs assert that as ministerial government officials performing acts compelled either by State law or by court order, they are minimally responsible for any ordered damages, if *Tyler* applies to the PTC. The Third Party Defendants are solely responsible for the alleged takings and excessive fines claims filed against the Third Party Plaintiffs and used the Third Party Plaintiffs' limited authority to the benefit of Class Third Party Defendants' personal gain. Therefore, the Third Party Defendants, in portions that may be adjudicated by the

9

Court, should contribute 100% of any and all damages and costs attributed to the Third Party Plaintiffs in this case be paid by the Third Party Defendants who are at sole fault for their unconstitutional laws.

COUNT III – IMPLIED INDEMNITY<br>AGAINST CLASS THIRD PARTY DEFENDANTS

41. The allegations contained in the preceding paragraphs are incorporated and repeated in this paragraph and this Count is brought by Third Party Plaintiffs and against the Class Third Party Defendants.

42. The Class Third Party Defendants bought certificates of purchase at annual tax sales and had a right to be paid by Third Party Plaintiff Kaczmarek up through the date of redemption if the former property owner paid their delinquent taxes.[3]

43. Third Party Plaintiff Henry or the Class Third Party Defendants could at any time prior to the issuance of a tax deed, for a statutorily appropriate reason, declare a tax sale for a specific property null and void via a sale in error.

44. A statutorily mandated relationship between the Class Third Party Defendants and the Third Party Plaintiffs existed prior to the Class Third Party Defendants violating the former property owners' rights, if *Tyler* applies to the PTC.

45. The Class Third Party Defendants are the sole moving force behind all the statutorily mandated steps prior to obtaining a tax deed.

46. The Class Third Party Defendants brought suit in state court in order to obtain an order issuing a tax deed.

---

[3] Here again, if a similarly situated Lake County property owner were involved in this litigation, then this allegation would apply equally to the Lake County parties (no such Lake County property owner has yet been identified).

47. The only act performed by the Third Party Plaintiffs in issuing a tax deed is Third Party Plaintiff Kaczmarek issuing a tax deed pursuant to a court order. Third Party Plaintiffs have no authority to perform any act that is not directed by the State court, including paying former property owners any form of compensation after issuance of a tax deed.

48. All acts that violated the former property owners' civil rights as alleged in the present suit were conducted and initiated by the Class Third Party Defendants.

49. The Third Party Plaintiffs are free from fault in the underlying suit as their conduct is required by State law and directed by the choices made by the Class Third Party Defendants.

50. The Class Third Party Defendants must indemnify the Third Party Plaintiffs for the damages suffered by Third Party Plaintiffs in the original suit.

COUNT IV – UNJUST ENRICHMENT
AGAINST CLASS THIRD PARTY DEFENDANTS

51. The allegations contained in the preceding paragraphs are incorporated and repeated in this paragraph and this Count is brought by Third Party Plaintiffs and against the Class Third Party Defendants.

52. After compelling the actions of Third Party Plaintiffs by court order and subjecting Third Party Plaintiffs to any liability for violating the rights of former property owners, the Class Third Party Defendants retained the surplus equity that rightful should have been paid to the former property owner, if *Tyler* applies to the PTC.[4]

53. By not paying the just compensation, the Class Third Party Defendants retained and received a sizable benefit and were enriched at the expense of the Third Party Plaintiffs.

---

[4] And again: if a similarly situated Lake County property owner were involved in this litigation, then this allegation would apply equally to the Lake County parties (no such Lake County property owner has yet been identified).

11

Third Party Plaintiffs are subjected to large financial risk by the former property owners claims without having retained any value from the property to compensate or reimburse the former property owners. The Class Third Party Defendants received and retained that value.

54. Keeping the value of the surplus equity violates all principles of justice and equity, if *Tyler* applies to the PTC.

55. The Class Third Party Defendants are unjustly enriched at the expense of the Third Party Plaintiffs and should be ordered to provide restitution to the Third Party Plaintiffs including all costs of defending the claims in the underlying suit and prosecuting these claims in this Third Party Complaint.

## **PRAYER FOR RELIEF**

WHEREFORE, Third Party Plaintiffs respectfully request that the Court:

A. Certify this action as a Third Party Defendant class action pursuant to Fed. R. Civ. P. 23, with Third Party Defendant Scribe Holdings, LLC and Third Party Defendant HOBO Investments, LLC designated as representatives of the Class for claims brought by the Third Party Plaintiffs and that the Court appoint a lead counsel for the defendant class, including without limitation and as appropriate issue certification under Rule 23(c)(4), Fed. R. Civ. P.;

B. Award Third Party Plaintiffs damages in the amount of all just compensation as determined by the Court and/or just compensation, including any prejudgment interest ordered paid by Third Party Plaintiffs, in an amount determined at trial and award Third Party Plaintiffs appropriate relief;

C. Award Third Party Plaintiffs reasonable attorney's fees and costs, as provided by law;

D. Declare that the Illinois Property Tax Code, which compels the Third Party Plaintiffs to

act and, through no fault of the Third Party Plaintiffs, can result in the unconstitutional taking of property owners equity should this Court determine that *Tyler* applies to the PTC; and

E.      Grant the Third Party Plaintiffs such further relief as may be deemed just and proper to secure and protect themselves from an award against them in favor of the former property owners for just compensation or similar relief or awards.

## JURY DEMAND

Third Party Plaintiffs demand a trial by jury as to all issues so triable.

Respectfully submitted,
By: *s/ Graeme J. Quinn*
Graeme J. Quinn
*One of the DuPage Defendants' Attorneys*

ROBERT B. BERLIN
DuPage County State's Attorney
By: Graeme J. Quinn, Assistant State's Attorney
ARDC 6321338
Graeme.Quinn@dupagecounty.gov
Trevor M.J. Prindle, Assistant State's Attorney
ARDC 6330307
Trevor.Prindle@dupagecounty.gov
503 N. County Farm Road
Wheaton, Illinois 60187
630/407-8200

Respectfully submitted,
ERIC F. RINEHART
State's Attorney of Lake County

By: /s/Stephen J. Rice
      Assistant State's Attorney

Eric F. Rinehart
STATE'S ATTORNEY OF LAKE COUNTY
Stephen J. Rice (#6287192)
Assistant State's Attorney
18 N. County St., Waukegan, IL 60085
(847) 377-3050; srice@lakecountyil.gov