IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Nicole Bjerke, in her capacity as Treasurer of Peoria County, Illinois, Rachael Parker in her capacity as Clerk of Peoria County, Illinois, Peoria County, Illinois, Tim Brophy, in his capacity as Treasurer of Will County, Illinois, Annette Parker in her capacity as clerk of Will County, Illinois, Will County, Illinois, Lydia Hutchcraft, in her capacity as Treasurer of Carroll County, Illinois, Amy Buss, in her capacity as clerk of Carroll County, Illinois, Carroll County, Illinois; Curt Newport, in his capacity as Treasurer of Boone County, Illinois, Julie Bliss in her capacity as Clerk of Boone County, Illinois, and Boone County, Illinois, Christopher Lauzen, in his official capacity as Treasurer of Kane County, Illinois; John Cunningham, in his official capacity as Clerk of Kane County, Illinois; and the County of Kane, Illinois, | Case No.: 1:23-cv-15838<br><br>THIRD PARTY COMPLAINT<br><br>Jury Trial Demanded |
|        Third-Party Plaintiffs, | |
| DG ENTERPRISES, LLC-XPROP, LLC, CORTEZZ, LLC, REALTAX DEVELOPERS, LTD., and "Kwame Raoul, in his official capacity as Attorney General of the State of Illinois, | |
|        Third-Party Defendants | |

## THE COUNTY DEFENDANTS' THIRD-PARTY COMPLAINT

NOW COME Defendants and Third-Party Plaintiffs, Lydia Hutchcraft, in her capacity as Treasurer of Carroll County, Illinois; Amy Buss, in her capacity as clerk of Carroll County, Illinois; Carroll County, Illinois; Tim Brophy, in his capacity as Treasurer of Will County,

Illinois; Andrea Linn, in her capacity as clerk of Will County, Illinois; Will County, Illinois; Nicole Bjerke, in her capacity as Treasurer of Peoria County, Illinois; Rachael Parker in her capacity as Clerk of Peoria County, Illinois; Peoria County, Illinois; Curt Newport, in his capacity as Treasurer of Boone County, Illinois; Julie Bliss, in her capacity as Clerk of Boone County, Illinois; and Boone County, Illinois; Christopher Lauzen, in his official capacity as Treasurer of Kane County, Illinois; John Cunningham, in his official capacity as Clerk of Kane County, Illinois; and the County of Kane (collectively "Defendants"), through their undersigned attorneys, state as follows for their Third-Party Complaint:

1. The County Defendants/Third Party Plaintiffs bring this action under the Illinois Constitution, 42 U.S.C. §1983, and the Fifth Amendment to the United States Constitution. Jurisdiction exists under 28 U.S.C. §1331.

2. This action arises out of allegations that Defendants' administration of Illinois law, namely the Property Tax Code, 35 ILCS 200/21-305 ("PTC") and the 35 ILCS 200/21-295 (the "Indemnity Fund"), caused property owners to be wrongfully divested of their real property and/or equity in same without just compensation.

3. Plaintiffs' first amended complaint ("FAC") alleges constitutional claims under both the United States and Illinois constitutions, seeks remedies under 42 U.S.C. § 1983 and requests class certification to pursue those claims. *See* Dkt. No. 78.

4. The County Defendants/Third Party Plaintiffs deny all substantive allegations and assert various affirmative defenses to the FAC. *See* Dkt. No. 126.

5. The County Defendants/Third Party Plaintiffs bring this third-party complaint in the alternative to the extent that they may be found liable, in whole or in part, for any of the claims alleged in the FAC.

6. Any liability that could be imposed on the County Defendants is based on solely on actions they are required to take under the PTC.

7. The Illinois Constitution, Article 7, Section 7, states, in summation, that a county that is not home rule has only the powers granted to them by law.

8. The County Defendants are not home rule.

9. The PTC, enacted by the Illinois legislature, governs the County Defendants' collection of property taxes in Illinois.

10. The County Defendants do not have discretion to deviate from the procedures and requirements in the PTC.

11. Any tax sales conducted by the County Defendants under the authority conferred on them under the PTC results in the County Defendants only collecting the delinquent taxes and any associated statutory fees paid by the tax buyer.

12. Defendant Kwame Raoul is responsible for enforcement of Illinois law. *See generally* 15 ILCS 205/4.

13. Defendant Raoul is also responsible for defending the constitutionality of statutes enacted by the Illinois legislature.

14. Consistent with the statutory requirements and procedures in the PTC, Peoria, Carroll and Boone Counties collected delinquent property taxes by conducting tax sales relative to property owned by Karl Lee, Melody Cannon, Maurice Cross and Christopher Meyer.

15. Although the FAC names Kane and Will Counties, there are no allegations that any named plaintiff owned real property in those counties that were delinquent in property taxes which delinquent taxes were collected through a tax sale and the named plaintiffs lack standing to pursue claims against these counties.

## COUNT I
### DECLARATORY JUDGMENT

16. The County Defendants incorporate by reference all preceding allegations into this Count I as though fully set out herein.

17. In conducting a tax sale, Peoria, Kane, Carroll and Boone Counties' collect delinquent property taxes in the manner proscribed by the PTC.

18. Without waiving standing, Kane and Will Counties' conduct in collecting delinquent taxes is performed in accordance with the PTC.

19. A tax buyer pays the delinquent taxes and is issued a certificate of purchase as required by the PTC.

20. The issuance of the certificate of purchase extinguishes any tax lien and confers on the tax buyer the right to amount of taxes paid, plus interest, fees and costs per the PTC.

21. The tax buyer is entitled to petition for a tax deed if the property is not redeemed within the time required under the PTC.

22. The tax buyers choose to further their statutory right to a tax deed, comply with all notice requirements, present a petition for tax deed to the court, and if successful, compel, via court order, the County Defendants to issue a tax deed. The property is retained by the tax buyer. The County Defendants lack the authority to refuse to issue a tax deed as ordered by a court.

23. Plaintiffs' FAC seeks to impose liability on the County Defendants based on the County Defendants' performance of statutorily required actions with respect to the collection of delinquent property taxes that they lack the discretion or authority to avoid.

24. If, as Plaintiffs claim, the collection of delinquent property taxes results in a constitutional violation of Plaintiffs' property rights, that violation is due to the County Defendants' compliance with the PTC.

25. If, as Plaintiffs claim, the collection of delinquent property taxes results in a constitutional violation of Plaintiffs' property rights, that violation is due to constitutional infirmities in the PTC, which the State of Illinois is required to remedy.

26. The County Defendants deny that the PTC is unconstitutional either as drafted or applied as plaintiffs allege.

27. An actual controversy exists as to the constitutionality of the PTC in light of the United States Supreme Court opinion in *Tyler v. Hennepin* as pled in Plaintiffs' complaint.

28. Under 28 U.S.C. § 2201, this Honorable Court is vested with the power to declare the rights and liabilities of the parties hereto under the terms and provisions of PTC and address the question of constitutionality of the mechanism for collection of delinquent property taxes that is the subject of Plaintiffs' complaint, and to grant such other further relief as may be necessary to relative to same.

WHEREFORE, the County Defendants/Third-Party Plaintiffs, respectfully request this Court to enter judgment declaring rights in their favor and against the Third-Party Defendants DG ENTERPRISES, LLC-XPROP, LLC, CORTEZZ, LLC, REALTAX DEVELOPERS, LTD., and Kwame Raoul, in his official capacity as Attorney General of the State of Illinois, and for any other relief this Court deems equitable and just.

## COUNT II
**CONTRIBUTION AGAINST TAX BUYERS**

29. The County Defendants incorporate by reference all preceding allegations into this Count II as though fully set out herein.

30. Karl Lee owned real property in Peoria County, which property was subject to a tax sale to collect delinquent taxes.

31. DG Enterprises, LLC-Xprop, LLC was the tax buyer who was later issued a tax

deed for the Lee property.

32. Christopher Meyer owned real property in Boone County, which property was subject to a tax sale to collect delinquent taxes.

33. Cortezz, LLC was the tax buyer who was later issued a tax deed for the Meyer property.

34. Maurice and Melody Cross owned real property in Carroll County which property was subject to a tax sale to collect delinquent taxes.

35. Realtax Developers, LTD was the tax buyer who was later issued a tax deed for the Cross property.

36. Peoria, Carroll and Boone Counties deny that their limited conduct in collecting delinquent tax sales in the manner directed and governed by the PTC results in the deprivation of any rights as alleged by plaintiffs.

37. While no Plaintiff owned property in Kane or Will Counties and without waiving their objection based on lack of standing, these counties similarly deny that their limited conduct in collecting delinquent tax sales in the manner directed and governed by the PTC results in the deprivation of any rights.

38. To the extent that any constitutional deprivation of rights occurred, it is due to the tax buyers' pursuit and receipt of a tax deed after conclusion of a statutorily endorsed tax sale.

39. If the County Defendants are found liable, the County Defendants are entitled to contribution from the tax buyers in the full amount of any judgment entered in plaintiffs' favor.

WHEREFORE, the County Defendants/Third-Party Plaintiffs, respectfully request that if a judgment is entered against them and in favor of plaintiffs, that judgment also be entered in favor of the County Defendants/Third-Party Plaintiffs against Third-Party Defendants, DG

ENTERPRISES, LLC-XPROP, LLC, CORTEZZ, LLC, REALTAX DEVELOPERS, LTD., in an amount that reflects their pro rata or equitable share of any such judgment, and for any other relief this Court deems equitable and just.

### COUNT III
#### UNJUST ENRICHMENT

40. The County Defendants incorporate by reference all preceding allegations into this Count III as though fully set out herein.

41. Plaintiffs seek to recover from the County Defendants damages in the form of lost equity as a result of the collection of delinquent taxes.

42. Peoria, Carroll and Boone Counties only collected the amount of delinquent taxes due through tax sales involving plaintiffs' properties.

43. Without waiving their standing objection, Kane and Will Counties' conduct in collecting delinquent taxes is performed in accordance with the PTC.

44. Peoria, Carroll and Boone Counties have not collected any amount in excess of the taxes due.

45. The County Defendants deny that the collection of delinquent taxes violates any constitutional rights as alleged.

46. To the extent that the Plaintiffs are entitled to recover damages for the alleged retention of values in excess of the tax amounts due because the PTC is deemed unconstitutional and/or Plaintiffs are found to have standing to pursue such claims, said amounts are in the possession of the tax buyers.

47. If the PTC is unconstitutional, which the County Defendants deny, then any damages are payable by the tax buyers who would be unjustly enriched by retaining the amounts in excess of the tax amounts collected by the County Defendants through a PTC authorized tax

7

sale.

WHEREFORE, the County Defendants/Third-Party Plaintiffs, respectfully request this Court to enter judgment in their favor and against Third-Party Defendants, DG ENTERPRISES, LLC-XPROP, LLC, CORTEZZ, LLC, REALTAX DEVELOPERS, LTD., award a sum in an amount equal to the benefit unjustly retained by Third-Party Defendants, and for any other relief this Court deems equitable and just.

Dated: April 11, 2025

Respectfully submitted,

Lydia Hutchcraft, in her capacity as Treasurer of Carroll County, Illinois, Amy Buss, in her capacity as clerk of Carroll County, Illinois, Carroll County, Illinois; and Curt Newport, in his capacity as Treasurer of Boone County, Illinois, Julie Bliss in her capacity as Clerk of Boone County, Illinois, and Boone County, Illinois, Nicole Bjerke, in her capacity as Treasurer of Peoria County, Illinois, Rachael Parker in her capacity as Clerk of Peoria County, Illinois, Peoria County, Illinois, and Tim Brophy, in his capacity as Treasurer of Will County, Illinois, Andrea Linn in her capacity as clerk of Will County, Illinois, and Will County, Illinois.

By: *s/Rosa M. Tumialán*
 Charles A. LeMoine
 clemoine@tresslerllp.com
 Rosa M. Tumialán
 rtumialan@tresslerllp.com
 Jerome Murphy
 jmurphy@tresslerllp.com
 Carter Frambes
 cframbes@tresserllp.com
 TRESSLER, LLP
 233 S. Wacker Dr., 61st Floor
 Chicago, IL 60606
 312-627-4191

Tim Brophy, in his capacity as Treasurer of Will County, Illinois, Andrea Linn in her capacity as clerk of Will County, Illinois, and Will County, Illinois.

By: *s/ Gary Scott Pyles*
 Gary Scott Pyles
 spyles@willcountyillinois.com
 57 N. Ottawa Street
 Joliet, IL 60432
 (815) 724-1318

Christopher Lauzen, in his capacity as Treasurer of Kane County, John Cunningham, in his capacity as Clerk of Kane County, and Kane

9

County, Illinois.

By: /s/ *Vincent Coyle*
Vincent Coyle
*One of Kane County Defendants' Attorneys*
Kane County State's Attorney
By Vincent Coyle
ARDC 6303106
coylevincent@kanecountyil.gov
Erin M. Brady
ARDC 6292443
bradyerin@co.kane.il.us
Assistant State's Attorneys
100 South Third Street, 4th Floor
Geneva, Illinois 60134

**CERTIFICATE OF SERVICE**

I hereby certify that on April 11, 2025, I electronically filed the foregoing Defendants' Third-Party Complaint with the Clerk of the Court using the CM/ECF system. A copy of said document will be electronically transmitted to all counsel of record.

*/s/ Rosa M. Tumialán*