IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GWEN HENRY, *et al.*,<br><br>    Third-Party Plaintiffs,<br><br>v.<br><br>STATE OF ILLINOIS, *et al.*,<br><br>    Third-Party Defendants. | No. 23-cv-15838<br><br>Judge Sara L. Ellis |

**STATE DEFENDANTS' MEMORANDUM IN SUPPORT OF
<u>THEIR MOTION TO DISMISS</u>**

**<u>INTRODUCTION</u>**

    Third-Party Plaintiffs, the treasurers and clerks of DuPage and Lake counties, have filed a third-party complaint against the State of Illinois and the Illinois Attorney General, Kwame Raoul, in his official capacity ("State Defendants"), as well as Scribe Holdings, LLC and HOBO Investments, LLC. In the underlying lawsuit, the plaintiffs are individuals who allege that DuPage and Lake counties (and other counties) are unconstitutionally depriving homeowners who fail to pay their property taxes of the equity in their homes in excess of any tax amounts due. The counties allege in their third-party complaint that the State of Illinois, though the Illinois Property Tax Code, 35 ILCS 200/1-1 *et seq.*, does not allow them to provide "just compensation" to homeowners. They assert claims against the State Defendants under the Illinois Constitution, 42 U.S.C. § 1983, and the Fifth Amendment, and request declaratory and/or injunctive relief, as well as an order requiring the State Defendants to "contribute their *pro rata* share" of any damages they are ordered to pay to former property owners. As established below, Third-Party Plaintiffs' claims are barred by the political subdivision standing doctrine, the Eleventh Amendment and related standing principles, and the fact that the State and the Attorney General in his official capacity are not "persons" subject to Section 1983 claims.

**BACKGROUND**

Plaintiffs in the underlying lawsuit allege that Illinois homeowners who have property in the defendant counties (DuPage, Lake, and others) and fail to pay their property taxes "can be and are divested without compensation not just of title to their home, but of the monetary value of their home over and above the amount owed in taxes, penalties, interest, and costs." Dkt. 78 at ¶ 1. Plaintiffs allege that when homeowners in the defendant counties fall behind on their property tax obligations, a tax lien is placed on the property for the delinquent "Tax Amounts." *Id*. at ¶ 2. The Tax Amounts are sold to speculators, or "Tax Buyers," who obtain the right to collect the back taxes plus interest, as well as the county's rights to a tax lien on the property. *Id.* If the Tax amounts are not paid off within a certain time, the Tax Buyers may foreclose, in which case the former homeowner "receives no compensation for the home or the equity in it in excess of the Tax Amounts." *Id.* Citing *Tyler v. Hennepin County*, 598 U.S. 631 (2023), Plaintiffs allege that this situation/practice violates the Fifth Amendment. *Id.* at ¶ 3.

The counties moved to dismiss. They argued, among other things, that they were entitled to Eleventh Amendment immunity because "their duties relevant to collecting the Tax Amounts due on delinquent properties—issuing a tax deed and administering tax sales, respectively—are creatures of state court orders and state statutes." Dkt. 105 at 7. But the Court rejected this argument because the Plaintiffs framed their complaint to target "actions Defendants take, or do not take, after the enforcement of the tax law is complete and taxes are paid." *Id.* at 10. The Court explained that Plaintiffs "are not suing the [county] officials for any act they performed that state law compelled them to do." *Id.*

Nevertheless, the treasurers and clerks of DuPage and Lake counties filed this third-party complaint against the State of Illinois and the Illinois Attorney General in his official capacity, as

2

well as two Tax Buyers, Scribe Holdings, LLC and HOBO Investments, LLC. Third-Party Plaintiffs allege that they must follow the tax sale procedures in Illinois Property Tax Code, 35 ILCS 200/1-1 *et seq.*, and that Illinois has created a "legal system" via the Property Tax Code in which they must either "violate the rights of property owners (if *Tyler* applies) or be sued by taxing bodies for failing to collect property tax revenue as required by the [Property Tax Code]." Dkt. 124 at 23. They allege that "[t]he State of Illinois has created a property tax collection system that, if *Tyler* applies, compels Third-Party Plaintiffs to violate the former property owners' constitutional rights with no mechanism to alleviate the violations, if any, compelled by the [Property Tax Code]." *Id.* at ¶ 25.

The Third-Party Plaintiffs assert claims "pursuant to the Illinois Constitution, Section 1983, and the Fifth Amendment to the United States Constitution." Dkt. 124 at ¶ 1. It includes two counts directed at the State Defendants (Counts I and II). While Count I is styled as a request for a "declaratory judgment" (*id.* at p. 5), it requests an order enjoining the State of Illinois from enforcing the Property Tax Code against Third-Party Plaintiffs. *Id.* at 28. (Compounding the confusion, the complaint's prayer for relief requests declaratory relief, but not an injunction.) In Count II, Third-Party Plaintiffs request an order requiring the State Defendants "to contribute their *pro rata* share of the damages which Third Party Plaintiffs are ordered to pay in the present suit to any and all former property owners." *Id.* at 39. The sole allegation relating to the Attorney General merely states that he is the "chief law enforcement officer" of the State of Illinois and is "responsible for enforcement of Illinois law." *Id.* at ¶ 6.

## ARGUMENT

The Court need not reach the merits of Third-Party Plaintiffs' claims against the State Defendants. As a threshold jurisdictional matter, the claims against the State Defendants are

3

barred by the political subdivision standing doctrine, which precludes a political subdivision of a state (including a county) from suing the state of which it is a part in federal court, as well as the Eleventh Amendment and related standing principles. Moreover, the Section 1983 claims fail because neither the State of Illinois nor the Attorney General in his official capacity are "persons" subject to suit under Section 1983.

> I. **Third-Party Plaintiffs' claims against the State Defendants are barred by the political subdivision standing doctrine.**

Third-Party Plaintiffs' claims cannot get out of the starting gate because they are barred by the political subdivision standing doctrine. *See City of Trenton v. New Jersey*, 262 U.S. 182, 188 (1923). DuPage and Lake counties are political subdivisions of Illinois; they "never were and never have been considered as sovereign entities," but instead are "subordinate governmental instrumentalities created by the State to assist in the carrying out of state governmental functions." *Ysursa v. Pocatello Educ. Ass'n*, 555 U.S. 353, 362 (2009). As political subdivisions of Illinois, the DuPage and Lake counties—and their officials in their official capacity—lack standing to bring their takings claims against the State, including the Attorney General in his official capacity, in federal court. The political standing doctrine bars Third-Party Plaintiffs from advancing such claims against their parent state. *See City of Green Bay v. Bostelmann*, No. 20-cv-479, 2020 U.S. Dist. Lexis 53554, at *7-8 (Mar. 27, 2020) (applying political standing doctrine to dismiss claims brought by City of Green Bay and its clerk in her official capacity against Wisconsin officials), citing *City of Trenton*, 262 U.S. at 188, *City of E. St. Louis v. Circuit Court for the Twentieth Judicial Circuit*, 986 F.2d 1142, 1144 (7th Cir. 1993) (municipalities "cannot challenge state action on federal constitutional grounds"); *City of South Bend v. South Bend Common Council*, 865 F.F3d 889, 892 (7th Cir. 2017) (explaining that cities cannot sue their states). Third-Party Plaintiffs' claims fail at the outset.

4

### II. Third-Party Plaintiffs' claims against the State Defendants should be dismissed on Eleventh Amendment grounds.

In addition, Third-Party Plaintiffs' claims against the State Defendants are entirely barred by the Eleventh Amendment. To start, the Eleventh Amendment forecloses all claims against the State of Illinois. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). In the absence of consent, a suit "in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment," and "[t]his jurisdictional bar applies regardless of the relief sought." *Id.* at 100-101; *see also Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993) (explaining that the *Ex Parte Young* exception "has no application in suits against the States and their agencies, which are barred regardless of the relief sought").

The state-law claim under the Illinois Constitution also must be dismissed on Eleventh Amendment grounds, again regardless of the relief sought. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 106 (1984). "[I]t is difficult to think of a greater intrusion on state sovereignty than when a federal court instructs state officials on how to conform their conduct to state law." *Id.* (State sovereign immunity also bars this claim. *See Benning v. Bd. of Regency Universities*, 928 F.2d 775, 779 (7th Cir. 1991) ("state rules of immunity are binding in federal court with respect to state causes of action"); 745 ILCS 5/1 (providing that "[t]he State of Illinois shall not be made a defendant or party in any court").)

The Eleventh Amendment also precludes Third-Party Plaintiffs' claims against Attorney General Raoul, who is named only in his official capacity. Any claim for compensation fails because the Eleventh Amendment "extends to suits for monetary damages against state officials sued in their official capacities." *MSA Realty Corp. v. Illinois*, 990 F.2d 288, 291 (7th Cir. 1993). Thus, in *Gerlach v. Rokita*, the Seventh Circuit held that the Eleventh Amendment foreclosed a

5

Takings Clause claim seeking compensation from the Indiana attorney general named in his official capacity. 95 F.4th 493, 498-500 (7th Cir. 2024); *see also Pavlock v. Holcomb*, 35 F.4th 581, 589 (7th Cir. 2022) (states entitled to sovereign immunity defense for Takings Clause claims seeking damages in federal court). Any claims against Attorney General Raoul for compensation similarly run afoul of the Eleventh Amendment.

More broadly, the Eleventh Amendment bars all of Third-Party Plaintiffs' claims against Attorney General Raoul (including those for equitable relief) because the third-party complaint does not adequately allege that that the Attorney General has "some connection" to the enforcement of the Property Tax Code, 35 ILCS 200/1-1 *et seq.*, nor have does it adequately allege a threat of enforcement. Although there is an exception to the State's Eleventh Amendment immunity under *Ex Parte Young* for suits seeking prospective injunctive relief against state officials who are sued in their official capacity for an ongoing violation of federal law, see 209 U.S. 123, 155-57 (1908), the named official must have "some connection" to the enforcement of the act and "threaten" enforcement. *Id.*

Here, Third-Party Plaintiffs' sole allegation relating to Attorney General Raoul states that he is "the chief law enforcement officer of the State of Illinois and is responsible for enforcement of Illinois law." Dkt. 124 at ¶ 6. But this "nonspecific recitation of the Attorney General's job description does not pierce sovereign immunity." *Scholl v. Ill. State Police*, No. 24-cv-4435, 2025 U.S. Dist. Lexis 60496, at *14-15 (N.D. Ill. Mar. 31, 2025) (claims against Attorney General barred by Eleventh Amendment despite allegation that he is "responsible for enforcing and defending the laws of the state of Illinois" and serves as "the chief law enforcement officer of the state"). In *Ex Parte Young* itself, the Supreme Court explained that attorneys general and governors are not proper defendants in cases challenging state legislation merely by virtue of their positions. *See* 209

6

U.S. 123 at 157. Likewise, the Seventh Circuit has made clear that a "general duty to enforce state laws" is not sufficient for the *Ex Parte Young* exception. *Doe v. Holcomb*, 883 F.3d 971, 976-78 (7th Cir. 2018) (claims against governor and attorney general barred because plaintiff had not shown a sufficient connection to the enforcement of the challenged statute); *see also Sherman v. Cmty. Consol. Sch. Dist. 21*, 980 F.2d 437, 441 (7th Cir. 1992). Third-Party Plaintiffs' generic allegation that the Attorney General is the State's "chief law enforcement officer" is not enough to satisfy *Ex Parte Young*: thus, the claims against the Attorney General are barred by the Eleventh Amendment and should be dismissed.

Additionally, Third-Party Plaintiffs' claims against the Attorney General fail because they have not alleged that he has enforced or threatened to enforce the Property Tax Code against them. *See Doe*, 883 F.3d at 997, *citing Children's Healthcare is a Legal Duty, Inc. v. Deters*, 92 F.3d 1412, 1415 (6th Cir. 1996) ("*Young* does not apply when a defendant state official has neither enforced nor threatened to enforce the allegedly unconstitutional state statute."); *see also Okpalobi v. Foster*, 244 F.3d 405, 415 (5th Cir. 2001) ("The requirement that there be some action or threatened enforcement action before *Young* applies has been repeatedly applied by the federal courts."). Absent such a threat, Third-Party Plaintiffs cannot invoke the *Ex Parte Young* exception to Raoul's Eleventh Amendment immunity. *Palmetto Properties Inc. v. County of DuPage*, 160 F. Supp. 2d 876, 880 (N.D. Ill. 2001) ("Although the plaintiffs argue that it is enough that Birkett is charged with enforcement, they have pointed to no case—in the context of the First Amendment or otherwise—where this has been held sufficient under *Young*.").

### III. Third-Party Plaintiffs' claims against the State Defendants should be dismissed for lack of standing.

For similar reasons, Third-Party Plaintiffs' claims against the State Defendants should be dismissed for lack of standing. "[W]here a plaintiff sues a state official to enjoin the enforcement

of a state statute, the requirements of *Ex Parte Young* overlap significantly with the last two standing requirements—causation and redressability." *Doe*, 883 F.3d at 975-76. "The party invoking federal jurisdiction bears the burden of establishing' standing." *Clapper v. Amnesty Int'l USA*, 568 U.S. 411-12 (2013). To establish standing, Third-Party Plaintiffs must allege an "actual or imminent," not "conjectural or hypothetical," injury that is "fairly traceable" to the defendants and "not the result of the independent action of some third party not before the court." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). The Supreme Court "ha[s] repeatedly reiterated that threatened injury must be *certainly impending* to constitute injury in fact, and that allegations of *possible* future injury are not sufficient." *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409 (2013) (emphasis in original).

Here, Third-Party Plaintiffs have not alleged facts showing an imminent injury fairly traceable to the State Defendants. As this Court previously explained, Plaintiffs in the underlying lawsuit "are not suing the [county] officials for any act they performed that state law compelled them to do." Dkt. 105 at 10. Moreover, the third-party complaint alleges no facts suggesting an imminent injury attributable to the Attorney General. Dismissal is warranted under both the Eleventh Amendment and standing doctrine.

**IV. Third-Party Plaintiffs' claims also should be dismissed because neither the State of Illinois nor the Attorney General in his official capacity are "persons" subject to suit under Section 1983.**

Finally, even aside from these jurisdictional deficiencies, which are dispositive, Third-Party Plaintiffs' claims against the State Defendants should be dismissed. Third-Party Plaintiffs' Section 1983 claims fail because "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). There is a limited exception to this principle for *Ex Parte Young* claims against state officials, *see id.* at 71

n. 10, but it does not apply here because, as discussed above, the claims against Attorney General Raoul do not fall within *Ex Parte Young*.

Thus, Third-Party Plaintiffs cannot state Section 1983 claims against the State or the Attorney General. *See Will*, 491 U.S. at 71; *see also Gerlach*, 95 F.4th at 501 ("Since Gerlach's claim for compensatory relief is against the state, her claim is doubly barred—first because § 1983 does not create a cause of action against a state and second because Indiana enjoys sovereign immunity under the Eleventh Amendment."); *Pavlock*, 35 F.4th at 589 (noting that "states are not 'persons' for purposes of 42 U.S.C. § 1983"); *Kolton v. Frerichs*, 869 F.3d 532, 535-36, (7th Cir. 2017) (stating in connection with Takings Clause claim that Section 1983 "does not create a claim against a state for damages"); *Rosenbaum v. United States*, No. 22-cv-1253, 2022 U.S. Dist. Lexis 150048 (N.D. Ill. Aug. 22, 2022), at *7 (dismissing Section 1983 Takings Clause claim against State of Illinois) (Ellis, J.).

In addition to referencing Section 1983, Third-Party Plaintiffs' complaint also states that they "bring this action pursuant to" the Fifth Amendment. Dkt. 124 at ¶ 1. To the extent that Third-Party Plaintiffs purport to assert claims for compensation directly under the Fifth Amendment, however, those claims should be dismissed because "neither [the Seventh Circuit] nor the Supreme Court have ever recognized a direct cause of action for compensation under the Takings Clause." *Gerlach*, 95 F.4th at 498; *see also DeVillier v. Texas*, 601 U.S. 285, 291-92 (2024) (declining to decide the question). "Constitutional rights do not typically come with a built-in cause of action to allow for private enforcement in courts." *Id.*, *citing Ebgert v. Boule*, 596 U.S. 482-491 (2022). Any claims for compensation directly under the Fifth Amendment fail, not only on the jurisdictional grounds discussed above, but also for this additional reason.

9

**CONCLUSION**

Third-Party Plaintiffs' claims against the State of Illinois and Attorney General Raoul should be dismissed pursuant to Federal Rules of Civil Procedure 12(b)(1), for lack of jurisdiction, and 12(b)(6), for failure to state a claim.

Dated: June 10, 2025

/s/ *Michael T. Dierkes*
Michael T. Dierkes
General Law Bureau/Government Representation Division
Office of the Illinois Attorney General
115 South LaSalle Street
Chicago, IL 60603
Telephone: (312) 814-3672
Facsimile: (312) 814-4425
michael.dierkes@ilag.gov

*Attorney for State Defendants*