**THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| Michel Sharritt; Melody Cannon; Maurice Cross; Christopher Meyer; Dareios Little; and Karl Lee, individually and on behalf of themselves and all others similarly situated, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Cas No.: 23 CV 15838 |
| Gwen Henry, in her capacity as Treasurer of DuPage County, Illinois; Jean Kaczmarek in her capacity as Clerk of DuPage County, Illinois; DuPage County, Illinois; Nicole Bjerke, in her Capacity as Treasurer of Peoria County, Illinois, Rachael Parker in her capacity as Clerk of Peoria County, Illinois; Peoria County, Illinois; et al., | ) ) ) ) ) ) ) ) ) | Hon. Sara L. Ellis |
| Defendants. | ) ) | |
| Nicole Bjerke, in her capacity as Treasurer of Peoria County, Illinois; Rachael Parker in her capacity as Clerk of Peoria County, Illinois; Peoria County, Illinois, | ) ) ) ) ) | |
| Third-Party Plaintiff, | ) ) | |
| v. | ) ) | |
| DG Enterprises, LLC-XPROP, LLC, et al., | ) ) | |
| Third-Party Defendants. | ) | |

**THIRD-PARTY DEFENDANT DG ENTERPRISES, LLC-XPROP, LLC**
**RULE 12(B)(6) MOTION TO DISMISS THIRD-PARTY COMPLAINT**

Respectfully submitted,

/s/ *Anthony J. Masciopinto*
Anthony J. Masciopinto
Natalie J. Smith
KULWIN, MASCIOPINTO & KULWIN, LLP
161 N. Clark Street, Suite 2500
Chicago, Illinois 60601
T: 312.641.0300; F: 312.855.0350
E: amasciopinto@kmklawllp.com

Respectfully submitted,

/s/ *Gregory M. Reiter*
Gregory M. Reiter
REITER LAW OFFICES, LTD.
208 West Washington Street, Suite 2113
Chicago, Illinois 60606
T: 312.3689910
E: greiter@reiterlawoffices.com
E: reiterlawoffices.com

*Attorneys for Third-Party Defendant DG Enterprises.*

Third-Party Defendant DG Enterprises, LLC-XPROP, LLC ("Third-Party Defendant" or "DG Enterprises"), by its attorneys and pursuant to Federal Rule of Civil Procedure 12(b)(6), respectfully moves this Court to dismiss the Third-Party Complaint filed by the Treasurer and Clerk of Peoria County, Illinois and Peoria County, Illinois (collectively, "Peoria County" or "Third-Party Plaintiffs"). In support, DG Enterprises submits as follows.

## I.    INTRODUCTION

 Plaintiffs sued certain counties and county officials, including Peoria County. Dkt. #78. Plaintiffs allege that these county defendants caused an unconstitutional taking of their equity in real property through tax sales to private tax buyers. *Id.* In turn, Peoria County has now filed a Third-Party Complaint against the State of Illinois and DG Enterprises, the latter being a tax buyer to whom Peoria County sold the unpaid, delinquent property taxes of Plaintiff Karl Lee. Dkt. #128. In its Third-Party Complaint, Peoria County denies it caused any unconstitutional taking as to Plaintiff Lee. *Id.* at ¶3-6. Alternatively, Peoria County alleges that if it violated Plaintiff Lee's constitutional rights, then Third-Party Defendants State of Illinois and/or DG Enterprises (not Peoria County) should be liable for Lee's damages. *Id.* at ¶5, 25, 38, 46.

Pursuant to Rule 12(b)(6), this Court should dismiss, with prejudice, Peoria County's Third-Party Complaint against DG Enterprises. First, Peoria County's §1983 Third-Party Complaint fails, as a matter of law, because DG Enterprises was not, and cannot be, a state actor as required. Indeed, Peoria County admits that DG Enterprises was not a state actor, but a private, independent, and separate business. Second, DG Enterprises relied, in good faith, on many decades of existing Illinois law and United States Supreme Court precedent, which established the legality and constitutionality of purchasing delinquent taxes and securing a judicially issued tax deed.

1

Finally, Peoria County's contribution and unjust enrichment counts similarly fail for these reasons and other reasons explained herein, as a matter of law.

## II.    FACTS ALLEGED

Given the Court's familiarity with this litigation, DG Enterprises summarizes below only those allegations and facts pertinent to its dismissal motion ("Motion").

## A.    The Alleged Facts by Plaintiffs and Third-Party Plaintiff Peoria County.

Plaintiffs have sued numerous counties, county treasurers, and county clerks ("County Defendants") under 42 U.S.C. § 1983 ("Section 1983"). Dkt. #78. Plaintiffs claim that the County Defendants violated the Fifth Amendment by causing Plaintiffs to lose equity in their real property. *Id.* ¶60. At all times, Illinois' Property Tax Code ("PTC") applied. 35 ILCS 200/21-1, *et seq*.

Plaintiffs failed to pay their county real estate taxes. Dkt. #78 at ¶1-2. Because of this failure, Plaintiffs owed past due taxes and potential penalties, interest, and costs (collectively, "Tax Amounts"). Dkt. #78 ¶1-2; *see also* 35 ILCS §200/21-15 (unpaid property taxes are delinquent).

Under Illinois' PTC, every January 1st, a lien for unpaid real estate taxes attaches to all non-exempt real property to secure payment of that year's taxes levied on that property. 35 ILCS 200/21-75. If real estate taxes remain unpaid, County Defendants initiate a lawsuit seeking a judgment and order of sale against those properties with delinquent real estate taxes. Dkt. #78 at ¶1-2; *see also* 35 ILCS 200/21-25, 110, 160 (county collector is authorized to initiate suit in the circuit court to obtain a judgment and order of sale against the property).

After obtaining a judgment and order of sale, the County Defendants must hold a public auction to sell these delinquent real estate taxes owed. Dkt. #78 at ¶2; *see also* 35 ILCS 200/21-190 (upon entry of judgment, a county collector is required to offer these delinquent taxes to the public at an annual tax sale auction). At this auction, the County Defendants sell the Tax Amounts

owed to speculators, often referred to as "Tax Buyers." Dkt. #78 at ¶2. The Tax Buyers pay the County Defendants the Tax Amounts owed by the property owner, and, in exchange, the County Defendants provide the Tax Buyers with a "Certificate of Purchase." *Id.*; *see also* 35 ILCS 200/21-250 (successful bidder at annual auction satisfies the tax lien by paying the delinquency owed to the County and receives a Certificate of Purchase).

After buying a Certificate of Purchase, the Tax Buyers are subject to the strict requirements of the PTC, including, *inter alia*, providing the property owners, like Plaintiffs, with opportunities to pay (or "redeem") their Tax Amounts owed to the Tax Buyers. Dkt. #78 at ¶2; *see also* 35 ILCS 200/21-345 to 21-397. If Plaintiffs (or other parties interested) never redeem their real property, Plaintiffs allege that County Defendants "grant[ed] the Tax Buyers the right to foreclose" on Plaintiffs' real property through a judicially obtained "tax deed." Dkt. #78 at ¶2; *see also* 35 ILCS 200/22-40, 55 (if there is compliance with the PTC, the Tax Buyer may request the county court to enter an order directing the issuance of a tax deed and, upon entry, the county clerk issues a tax deed conveying fee simple title to the property). By doing so, Plaintiffs aver that the County Defendants violated the Fifth Amendment by causing them to lose their equity in their real property over the Tax Amounts owed ("Surplus Value"). Dkt. #78 at ¶2-3.

Plaintiffs concede that the PTC provides them an opportunity to recover their Surplus Value from the County Defendants' "Indemnity Fund." Dkt. #78 at ¶97-118; *see also* 35 ILCS 200/21-305. However, Plaintiffs allege that "problems" with the County Defendants' Indemnity Fund often preclude "just compensation." *Id.*

**B.** **Peoria County's Third-Party Complaint Against DG Enterprises.**

In response to being sued pursuant to 42 U.S.C. § 1983, Defendant Peoria County, in turn, brought a Third-Party Complaint against DG Enterprises, a tax buyer. Dkt. #128 at ¶1. Peoria

County alleges that it sold Plaintiff Lee's delinquent taxes to DG Enterprises at auction, and thereafter DG Enterprises obtained a court ordered tax deed to Plaintiff Lee's property. Dkt. #128 at ¶17, 30-31.

Peoria County's Third-Party Complaint is an alternative pleading. Meaning, Peoria County denies violating Plaintiff Lee's constitutional rights by following Illinois' PTC. *Id.* at ¶¶2-4, 6-11, 26 (Peoria County alleging that the PTC is constitutional, and it was "required to take" all its actions under the PTC without any discretion). Alternatively, Peoria County alleges that, if it is found to have violated Plaintiff Karl Lee's Fifth Amendment rights, DG Enterprises (and the State of Illinois) also should be held liable, in whole or in part, for Plaintiff Karl Lee's damages. *Id.* ¶5.

Peoria County's Third-Party Complaint consists of three counts against DG Enterprises. In Count I, Peoria County asks the Court to "declare the rights and liabilities of the parties hereto," which include Plaintiff Lee, Peoria County, the State of Illinois, and DG Enterprises. *Id.* at ¶16-28. Count II seeks "contribution" against DG Enterprises, if Peoria County is "found liable" for violating Plaintiff Lee's constitutional rights. *Id.* at ¶29-39. Count III is an "unjust enrichment" claim, alleging that if Peoria County violated Plaintiff Lee's constitutional rights, DG Enterprises, not Peoria County, should pay Lee's damages related to his lost Surplus Value. *Id.* at ¶40-47.

### III. <u>LEGAL STANDARD</u>

A Rule 12(b)(6) motion to dismiss challenges the sufficiency of the complaint. Fed. R. Civ. P. 12(b)(6). To survive a Rule 12(b)(6) motion, the complaint must "contain sufficient factual matter, accepted as true," to state a claim to relief that is "plausible on its face," as opposed to merely "possible." *Iqbal*, 556 U.S. 662, 678-80 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 555-57 (2007) (plaintiff must allege "grounds" for "entitlement to relief"). When adjudicating a Rule 12(b)(6) motion, the court must not accept as true unsupported

4

conclusions of fact, legal conclusions couched as factual allegations, "naked assertions," or "threadbare recitals of elements." *Iqbal*, 556 U.S. at 678-80.

Further, a defendant may rely on Rule 12(b)(6) to dismiss a § 1983 lawsuit based on the affirmative defense of qualified immunity or good faith reliance upon existing law. *See Hanson v. LeVan*, 967 F.3d 584, 590 (7th Cir. 2020) (a complaint may be "dismissed under Rule 12(b)(6) on qualified immunity grounds where the plaintiff asserts the violation of a broad constitutional right that had not been articulated at the time the violation is alleged to have occurred").

## IV.  ARGUMENT

**A.  Peoria County's Section 1983 Third-Party Complaint Fails to State a Viable Claim Because DG Enterprises is Not a State Actor as Required by Section 1983.**

This Court must dismiss Peoria County's Section 1983 Third-Party Complaint because DG Enterprises was not, and cannot be, a "state actor." A plaintiff may only bring a Section 1983 lawsuit against state actors. *De v. Chicago*, 912 F. Supp. 2d 709, 725-726 (N.D. Ill. 2012) (Section 1983 provides a remedy for a violation of a federal statute or U.S. Constitution by "state actors," which includes local state actors, governmental entities, and municipalities). However, a private party may be considered a state actor in very limited circumstances. *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982). In this limited context, state action is found where: (i) there is a "conspiracy or joint action" between the State and the private party, (ii) the private party performs a "public function," or (iii) when the State and private party have a "symbiotic relationship or are entwined." *Scott v. University of Chicago Med. Cntr.*, 107 F.4th 752, 757 (7th Cir. 2024).

1.  Peoria County Does Not Allege That DG Enterprises Was a State Actor.

As a threshold matter, this Court should dismiss Peoria County's Third-Party Complaint because it is devoid of any allegations that DG Enterprises was a state actor. Peoria County makes no effort whatsoever to allege that DG Enterprises was a state actor relative to Plaintiff Lee. For

instance, Peoria County's Third-Party Complaint never once mentions the terms "conspiracy," "joint action," "public function," "symbiotic relationship," or "entwined." Dkt. #128. Instead, it allegations establish precisely the opposite, affirmatively disavowing any conspiracy, joint action, symbiotic relationship, and/or entwining with DG Enterprises. *E.g.*, *id.* at ¶6, 10, 23 (Peoria County alleging that all its actions were "statutorily required," and it did "not have discretion to deviate from the . . . PTC"); *id.* at ¶22, 36, 38 (Peoria County denying that its "limited conduct in collecting delinquent taxes" under the PTC deprived Plaintiff of any constitutional rights and DG Enterprises made its own choice to pursue a tax deed). Thus, Peoria County's Third-Party Complaint fails to state any claim by making no effort to allege that DG Enterprises was a state actor.

    2.    <u>DG Enterprises Did Not Conspire or Jointly Act with the State or Peoria County</u>.

This Court also should dismiss Peoria County's Third-Party Complaint because it has not alleged, and cannot allege in the future, that DG Enterprises was a state actor by engaging in a "conspiracy" or "joint action" with Peoria County as to Plaintiff Lee. Conclusory allegations of joint action or conspiracy fail. *Scott*, 107 F. 4th at 758. Instead, Peoria County must allege that it and DG Enterprises "had a meeting of the minds and thus reached an understanding...to deny" Plaintiff Lee of his alleged constitutional right. *Id.* (citation omitted). Peoria County would have to allege a "real agreement" between it and DG Enterprises. *Id.* "Merely working in parallel toward a common goal is not the same as conspiring together" or having joint action to find that a private party acted under color of state law. *Id.* Peoria County has not done so.

Here, Peoria County's allegations refute any claim, now or in the future, that it conspired, or engaged in joint action, with DG Enterprises as to Plaintiff Lee. Peoria County avers four factual themes: (i) Peoria County did "not have discretion" to refrain from performing any of its actions (Dkt. #128 at ¶6, 10), (ii) Peoria County's non-discretionary actions were all required by the PTC

6

(*id.* at ¶6, 10, 23-25), (iii) Peoria County's sole conduct was to "collect the amount of delinquent taxes" owed by Lee by selling his delinquency at a public auction (*id.* at ¶11, 23-25, 36, 42), and (iv) DG Enterprises purchased Lee's unpaid delinquent taxes at this auction and then "chose to further [its] statutory right to a tax deed," without Peoria County's prior input or agreement (*id.* at ¶21-22, 38).

These allegations are the antithesis of a conspiracy or joint action between Peoria County and DG Enterprises as to Plaintiff Lee. At best, the allegations only arguably reflect that Peoria County and DG Enterprises "merely worked in parallel toward a common goal,"[1] which is insufficient. *Scott*, 107 F.4th at 758. As a result, Peoria County has not alleged, and cannot allege in the future, that DG Enterprises was a state actor because it and Peoria County engaged in a "conspiracy" or "joint action" as to Plaintiff Lee.

3.    <u>DG Enterprises Did Not Perform a Traditional and Exclusive Public Function</u>.

Peoria County also has not alleged, and cannot allege, that DG Enterprises was a state actor because it performed a traditional and exclusive "public function." The Supreme Court has held that the relevant question is not whether a private entity is serving a "public function." Instead, the issue is whether the private party performed a function that was "traditionally the *exclusive* prerogative of the State." *Blum v. Yaretsky*, 457 U.S. 991, 1011 (1982) (emphasis added), quoting *Jackson*, 49 U.S. at 353; *see also Scott*, 107 F. 4th at 760. Collecting real estate taxes qualifies as a power traditionally and exclusively reserved to the State. *See Bradley v. Work*, 916 F. Supp. 1446, 1456 & n.14 (S.D. Ind. 1996); *Allison v. Liberty Sav.*, 535 F. Supp. 828, 832 (N.D. Ill. 1982).

Here, DG Enterprises never exercised powers traditionally and exclusively reserved to the State. Quite to the contrary, only Peoria County did so. Peoria County (not DG Enterprises)

---

[1] "Arguably" because Peoria County and DG Enterprises do not have a "common goal."

7

collected Plaintiff Lee's delinquent property taxes by: (i) filing a judicial proceeding to obtain a judgment and order of sale against Plaintiff Lee's property, pursuant to 35 ILCS 200/21-160, and (ii) holding a public auction to sell Lee's delinquent taxes, 35 ILCS 200/21-215. Dkt. #128 at ¶11, 23-25, 36, 42 (Peoria County alleging that its conduct was limited to the collection of Lee's delinquent property taxes by holding a public auction after obtaining a judgment and order of sale). DG Enterprises had no involvement with Peoria County filing a judicial proceeding to obtain a judgment and order of sale against Plaintiff Lee's property and nothing to do with Peoria County holding a public auction to sell Lee's unpaid property taxes. Indeed, DG Enterprises never *collected* Plaintiff Lee's real estate taxes; instead, it *paid* Lee's delinquent taxes, which is certainly not a power traditionally and exclusively reserved to the State.

Any argument to the contrary fails. DG Enterprises' conduct was that of a purely private business. As Peoria County avers, DG Enterprises purchased Plaintiff Lee's unpaid taxes at a public auction, and later, it executed on its statutory right to a tax deed under the PTC. Dkt. #128 at ¶11, 21-22. Such entrepreneurial, private business determinations are strictly independent and distinct from exercising a power traditionally and exclusively reserved to the State. *E.g.*, *U.S. v. Bebris*, 4 F.4th 551, 560-62 (7th Cir. 2021) (no state action where a private party acts for its own, private purposes or to "further its own ends"); *Manhattan Comm. Access v. Halleck*, 587 U.S. 802, 814 (2019) (contracts between government and private party do not convert private party into state actor); *Chicago Title Ins. Co. v. Aurora Loan Serv.*, 2013 IL App (1st) 123510, ¶ 33 (conducting tax sale and transferring tax lien to tax purchaser ends the government's collection of taxes); *Hinman v. Lincoln Towing*, 771 F.2d 189, 193 (private party's enforcement of state created lien is not state action: "That a private entity performs a function which services the public does not make

its acts state action"). Thus, Peoria County has failed to allege, and cannot allege, that DG Enterprises was a state actor that performed a traditional and exclusive "public function."

4. DG Enterprises Had No Symbiotic or Entwined Relationship with the State or Peoria County.

Peoria County also has not alleged, and cannot allege in the future, that DG Enterprises was a state actor because it and Peoria County had a symbiotic relationship or were entwined. The symbiotic relationship or entwinement test involves more than parties working together. *Scott*, 107 F. 4th at 761. It requires allegations that parties "are *actually* entwined, not whether they appear to be," and are "interdependent 'to the point of largely overlapping identity.'" *Id*. at 761 (emphasis in the original), *citing Brentwood Acad. v. Tenn. Secondary Sch.*, 531 U.S. 288, 303 (2001).

Here, DG Enterprises and Peoria County were not "interdependent to the point of largely overlapping identity." Again, Peoria County's own allegations establish the point. Peoria County concedes: (i) DG Enterprises was a separate entity from Peoria County, (ii) Peoria County had specific statutory duties, unrelated and distinct from DG Enterprises, (iii) Peoria County's conduct was limited to selling Plaintiff Lee's delinquent taxes at a public auction, which ended Peoria County's exclusive State function of tax collection, and (iv) DG Enterprises thereafter made its own private, independent, business decision to initiate its own steps of enforcement to perfect a tax deed through a court proceeding. Dkt. #128 at ¶6, 7-11, 21-25, 31, 36, 38, 42.

This conduct – auctioning unpaid delinquent real estate taxes to a private actor who then pursues a judicially issued tax deed, as permitted under the PTC – does not create a symbiotic relationship or entwined status sufficient to constitute State action. *Chicago Title Ins. v. Aurora Loan Services, LLC*, 2013 IL App (1st) 123510, ¶ 33 (tax sale auction and transferring lien to a tax purchaser *ends the government's collection of taxes*, and the enforcement of the lien is performed by the private party/tax purchaser) (emphasis added); *Hinman v. Lincoln Towing Serv.*, 771 F.2d

9

189 at 193 ("[t]hat a private entity performs a function which services the public does not make its acts state action"). Thus, this Court also should dismiss its Third-Party Complaint because Peoria County has not alleged, and cannot allege, that DG Enterprises was a state actor because it and Peoria County had a symbiotic relationship or were entwined.

**B.    DG Enterprises' Good Faith Reliance with Established Law Bars Peoria's Claims.**

This Court also should dismiss Peoria County's Third-Party Complaint because DG Enterprises was entitled to rely, in good faith, on controlling well-established law. A private party may raise a good faith defense to Section 1983 liability. *See Janus v. Am. Fed'n, Council*, 942 F.3d 352, 364 (7th Cir. 2019); *Akers v. Md. State Educ. Ass'n*, 990 F.3d 375 (4th Cir. 2021) (collecting cases). Like qualified immunity for state officials, this defense is grounded in fairness: a private party should not be held liable for constitutional violations resulting from conduct that was lawful under existing precedent. *Mooney v. Illinois Education Assoc.*, 372 F. Supp. 3d. 690, 703 (C.D. Ill. 2019), *aff'd Mooney v. Illinois Education*, 942 F.3d 368 (7th Cir. 2019).

The test is objective. To overcome the good faith defense, the Plaintiff must show that the constitutional right was clearly established at the time of the alleged violation such that a reasonable person in DG Enterprises' position would have understood that its conduct was unlawful. *McDonald by McDonald v. Haskins*, 966 F.2d 292, 294 (7th Cir. 1992); *Rakovich v. Wade*, 850 F.2d 1180, 1209 (7th Cir. 1988) (*en banc*) ("It is the plaintiff who bears the burden of establishing the existence of the allegedly clearly established constitutional right"); *Landstrom v. Ill. Dep't of Child. & Fam. Servs.*, 892 F.2d 670, 675 (7th Cir. 1990) (same).

Here, Peoria County cannot satisfy its burden, because, like Peoria County, DG Enterprises relied in good faith on well-established law when purchasing Plaintiff Lee's unpaid taxes and securing a judicially issued tax deed. For over 150 years prior to May 25, 2023, Illinois' PTC

10

provisions were deemed lawful. *See* Section 253 of Revenue Act of 1872; *see also Gage v. Davis*, 129 Ill. 236 (1889) (tax purchaser obtaining judicially issued tax deed because property owner failed to pay real estate taxes). During that centurial period, no federal or Illinois court held Illinois' statutory framework and tax deed process unlawful, much less unconstitutional.

Indeed, well-settled law was expressly to the *contrary*. In *Balthazar v. Mari, Ltd.*, the Supreme Court affirmed this district court's panel decision upholding the constitutionality of Illinois' tax deed system. *Balthazar v. Mari, Ltd.*, 301 F. Supp. 103 (N.D. Ill. 1969), *aff'd*, 396 U.S. 114 (1969). Significantly, as in this case, the *Balthazar* plaintiffs argued that the tax purchaser obtained title "for a fraction of the property's market value" and that the loss of "surplus value" constituted a taking without just compensation. *Id.* at 105. A panel of three judges from this District rejected this argument, holding that there was no Fifth or Fourteenth Amendment violation, and the Supreme Court affirmed. *Id.* at 105-06 & n.6. Subsequent court decisions have been in accord. *E.g.*, *In re Murray*, 276 B.R. 869 (N.D. Ill) (tax buyer had a right to $450K in equity after buying unpaid taxes for $7,411, because any "enrichment resulted not from his unjust or wrongful acts," but from homeowner's "failure to pay taxes or to redeem" as required by PTC).

Here, DG Enterprises relied in good faith on this well-established law. DG Enterprises reasonably and justifiably relied upon the presumed validity of the PTC and centuries of Illinois and federal common law precedent affirming the PTC framework and provisions, including but not limited to *Balthazar*. The foregoing reinforced the constitutionality of Illinois' PTC procedures and provided all Tax Buyers, like DG Enterprises, with clear notice that obtaining tax deeds through the PTC procedures, including any Surplus Value, did not create liability under the Takings Clause. In particular, DG Enterprises relied in good faith on the well-established law when it acquired a tax deed to Plaintiff Lee's property in 2022, nearly a year before the Supreme Court's

decision in *Tyler v. Hennepin Cnty.*, 598 U.S. 631 (2023).[2]

Indeed, the Sixth Circuit has recently so held under substantively identical facts. *Freed v. Thomas*, 81 F. 4th 655 (6th Cir. 2023) (dismissing Section 1983 claims on qualified immunity grounds because defendant official was entitled to rely upon nearly two decades of enforcement of a state statute because "state statutes, like federal ones, are entitled the presumption of constitutionality until their invalidity is judicially declared" and conduct occurred only after the Michigan Supreme Court held that Michigan's retention of Surplus Value was unconstitutional).

Other substantively similar decisions are in accord. For instance, in *Mooney*, the district court dismissed Plaintiff's Section 1983 claim because defendants had relied, in good faith, on state law and court precedent in deducting union dues from non-member teacher's pay, prior to the law and practice being deemed unconstitutional by the Supreme Court. *Mooney*, 372 F. Supp. 3d. at 703. In so holding, the *Mooney* court reasoned:

> The principles of fairness and equality underlying the good-faith defense in the §1983 context demand a private defendant relying in good faith on a presumptively constitutional statute not be abandoned and exposed when the law is subsequently held unconstitutional, while the State remains cloaked in sovereign immunity and its officials are shielded by…qualified immunity."

*Id.* The same is true here for DG Enterprises. Thus, this Court should dismiss Peoria County's Third-Party Complaint on these grounds as well.

---

[2] This 2022 date is established by DG Enterprises' Exhibit 1, a copy of the court's tax deed order and recorded tax deed, which this Court may consider in adjudicating this Rule 12(b)(6) motion. First, this Court may do so because the tax deed for Plaintiff Lee's property to DG Enterprises is "central" to Peoria County's Third-Party Complaint against DG Enterprises and "referred" therein, *see* Dkt. #128 at ¶21-22, 31, 38, 46. *Warner v. Anderson Housing Auth.*, 724 F. Supp. 3d 763, 769 & n.1 (S.D. Ind. 2024) (citing *Williamson v. Curran*, 714 F.3d 432, 436 (7th Cir. 2013). Second, this Court also may take judicial notice of these public records for this Rule 12(b)(6) motion, because it is "not subject to reasonable dispute and ... capable of accurate and ready determination by resort to resources whose accuracy cannot reasonably be questioned. *Id.* at 769 & n.3 (citing *Gen. Elec. Cap. v. Lease Resol. Corp.*, 128 F.3d 1074, 1080 (7th Cir. 1997).

Finally, when it obtained the tax deed to Plaintiff Lee's property, DG Enterprises had a right to rely on the existence of the Illinois legislature's remedy in the statutory Indemnity Fund, from which Plaintiff Lee could recover lost equity. Facially, the Indemnity Fund provisions of the Illinois PTC may well render the Illinois statutory framework constitutional, even under *Tyler*. *See e.g.*, *Sikorsky v. Newburgh, N.Y.*, 136 F. 4th 56, 60 (2d Cir. 2025) (quoting *Tyler's* holding that a plaintiff has a constitutional taking claim where local law "provides no opportunity for the taxpayer to recover the excess value" and noting that no takings clause violation arises "unless local law absolutely precludes an owner from obtaining the surplus proceeds of a judicial sale"). Thus, because Peoria County cannot satisfy its burden that DG Enterprises should have reasonably known it was unlawful to maintain Plaintiff Lee's Surplus Value when it obtained the tax dee, DG Enterprises was entitled to rely on then existing settled law and is entitled to dismissal.

## C. <u>Peoria County Cannot Assert a Contribution Claim Against DG Enterprises</u>.

This Court also should dismiss Peoria County's Count II contribution claim against DG Enterprises. A defendant cannot assert a contribution claim under Section 1983 or federal common law for violating another party's constitutional rights. *Perks v. Shelby*, 2009 WL 2985859, *3 (C.D. Ill. 2009) (dismissing contribution crossclaim under Section 1983 because "no such right exists"); *Burris v. Cullinan*, 2009 WL 3575420, *8 (C.D. Ill. 2009) (Section 1983 does "not authorize a right to contribution"), citing *Northwest Airlines v. Trasnp. Workers*, 451 U.S. 77, 91 (1981).

Applying these legal principles here, this Court must dismiss Peoria County's Count II contribution claim against DG Enterprises. Plaintiffs' Complaint alleges that Peoria County violated Section 1983 by causing an unconstitutional taking of their Surplus Value. Dkt. #78 at ¶1-4. In turn, Peoria County brought its Third-Party Complaint against DG Enterprises, also pursuant to Section 1983. Dkt. #128, ¶1. In it, Peoria County clearly seeks to shirk its constitutional

13

violation, if any, onto DG Enterprises. Dkt. #128 at ¶5, 38 (If Peoria County is "found liable" to Plaintiffs for violating their constitutional right(s), then Peoria County is "entitled to contribution from the tax buyers," like DG Enterprises, "in the full amount of any judgment entered in Plaintiffs' favor"). Because federal law prohibits a party from seeking contribution for damages caused by its own constitutional violation, Peoria County's Count II contribution claim fails.

**D.**     **Peoria County Cannot Assert an Unjust Enrichment Claim Against DG Enterprises.**

This Court also should dismiss Peoria County's unjust enrichment Count III claim against DG Enterprises for numerous reasons. First, such a claim cannot be brought when a "contract governs the relationship between two parties." *Gociman v. Loyola Univ.*, 41 F. 4th873, 886 (7th Cir. 2022) (Illinois law). Peoria County's sale of Plaintiff Lee's delinquent taxes to DG Enterprises gave rise to a contract between Peoria County and DG Enterprises. *Application of Cnty. Collector for Non-Payment of Gen. Taxes*, 27 Ill. App. 3d 646, 650 (1st Dist. 1975) (tax sale purchase "constituted a contract" between the County and tax purchaser); *see also Wood v. Lovett*, 313 U.S. 362, 369-371 (1941) (state statutory rights that existed when tax buyer purchased deficient real estate taxes became "part of" the contract between the tax buyer and state "as if" the then existing statutory provisions were "expressly referred to or incorporated in its terms" and the application of any subsequently enacted inconsistent law would violate the tax buyer's constitutional rights prohibiting the impairment of contract rights). This contractual relationship and vested rights that followed defeats Peoria County's unjust enrichment claim against DG Enterprises. *See Hernandez v. IIT*, 63 F. 4th 661, 671 (7th Cir. 2023) (if a defendant fulfills its "obligations under a valid contract with the plaintiff," then the defendant "cannot be said to have acted 'unjustly' to the plaintiff's detriment"). Thus, for this reason alone, Peoria County's Count III fails.

Second, this Court also should dismiss Peoria County's unjust enrichment Count III claim

because there are no allegations that DG Enterprises engaged in improper conduct, such as fraud or coercion, relative to Peoria County. Unjust enrichment is "not a cause of action" but rather a "condition resulting from improper conduct, such as fraud or coercion." *Toushin v. Ruggiero*, 2021 IL App (1st) 192171, ¶80. As Peoria County concedes, DG Enterprises engaged in an arms-length transaction with Peoria County and further complied with the law. Dkt. #128 at ¶19-22, 30-31, 38, 47 (alleging that DG Enterprises attended Peoria County's public auction, purchased Plaintiff Lee's delinquent county taxes, and obtained a judicially issued tax deed, consistent with Illinois' PTC). Thus, because DG Enterprises committed no improper conduct, such as fraud or coercion, against Peoria County, this Court should dismiss Peoria County's unjust enrichment claim.

Third, Peoria County's Count III unjust enrichment claim similarly fails because Peoria County has not alleged a viable action or other count. An unjust enrichment claim will stand or fall with "related claims founded on the same" allegedly improper conduct. *Davis v. Chicago*, 2022 WL 4482759, *3 (N.D. Ill. 2022). For the reasons explained above, Peoria County has no viable Section 1983 cause of action because DG Enterprises: (i) was not a state actor, and/or (ii) was entitled to rely, in good faith, on well-established law. Moreover, as also explained above, Peoria County's Count II contribution claim fails for additional reasons. *Supra*. Thus, because Peoria County's cause of action and other counts fail, no predicate wrongdoing remains to support its unjust enrichment Count III claim. *See Toushin*, 2021 IL App (1st), ¶80 (unjust enrichment is "not a separate cause of action that, standing alone, would justify an action for recover"). Thus, for any of the foregoing three reasons, Peoria County's Count III fails.

## V.    CONCLUSION

WHEREFORE, Third-Party Defendant DG Enterprises respectfully moves this Court to enter an order dismissing with prejudice the Third-Party Complaint by the Peoria County entities.

## **Local Rule 37.2 Certification**

Anthony J. Masciopinto, the undersigned counsel for Third-Party Defendant DG Enterprises, hereby certifies that on July 9, 2025, he met and conferred by telephone with Carter Frambes, counsel for the Third-Party Peoria County Plaintiffs. Such consultation and follow-up email communication included a good faith effort to resolve the differences raised by this motion to dismiss, but the parties were unable to reach an agreement.

/s/ *Anthony J. Masciopinto*
Anthony J. Masciopinto
*Attorneys for Third-Party Defendant DG Enter.*

16

# EXHIBIT 1

IN THE CIRCUIT COURT OF THE 10TH JUDICIAL CIRCUIT
PEORIA COUNTY, ILLINOIS

Filed
Robert M. Spears
January 24, 2022
Clerk of the Circuit Court
Peoria County, Illinois

IN THE MATTER OF THE APPLICATION )
OF THE COUNTY TREASURER AND EX- )
OFFICIO COUNTY COLLECTOR OF PEORIA )
COUNTY, ILLINOIS, FOR ORDER OF )
JUDGMENT AND SALE AGAINST REAL ) Case No.      21-TX-00135
ESTATE RETURNED DELINQUENT FOR THE ) Cert No.:     201700065
NON-PAYMENT OF GENERAL TAXES FOR )
THE YEAR 2017 AND PRIOR YEARS )
                                )
DG ENTERPRISES, LLC - X, LLC )
                    Petitioner. )

## ORDER DIRECTING ISSUANCE OF TAX DEED

This matter coming on to heard upon the Petition and Application of DG ENTERPRISES, LLC - X, LLC seeking an order on said Petition that a Tax Deed Issue, and upon proofs and exhibits heard and offered in open court; and the Court having heard the statements of the witness and the arguments and the Court being fully advised in the premises, THE COURT FINDS:

1.      That this Court has jurisdiction of the subject matter hereof and of all parties hereto.

2.      That on November 5, 2018, pursuant to the provisions of the Illinois Property Tax Code **DG ENTERPRISES, LLC - X, LLC** did duly purchase the herein below described parcel of real estate in Peoria County, Illinois, and received a Certificate of Purchase that represents Property Index Number 05-20-258-014

3.      That the time for redemption from said sale has now expired and the above described real estate has not been redeemed from said sale. That the period of redemption expired on October 27, 2021.

4.      That all taxes and special assessments which became due and payable subsequent to said sale will be paid, and all forfeitures and tax sales, if any, which occurred subsequent to said sale will be redeemed prior to the issuance of a tax deed by the County Clerk.

5.      That all notices required by law have been given and that the Petitioner, **DG ENTERPRISES, LLC - X, LLC** has complied with all the provisions of law entitling it to a tax deed to said parcel of real estate.

## IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1.      That this Court has jurisdiction of the subject matter and of the parties to this cause.

2. That the County Clerk of Peoria County, Illinois, shall make, execute, and deliver to said Petitioner, **DG ENTERPRISES, LLC - X, LLC or its assignee** a tax deed conveying to **DG ENTERPRISES, LLC - X, LLC or its assignee** the following real estate, to wit:

**LEGAL DESCRIPTION:**
LOTS ONE (1), TWO (2), THREE (3) AND FOUR (4) IN BLOCK SIX (6) IN SANTA FE ADDITION TO THE CITY OF CHILLICOTHE, IN SECTION 20, TOWNSHIP 11 NORTH, RANGE 9 EAST OF THE FOURTH PRINCIPAL MERIDIAN; SITUATE, LYING AND BEING IN THE COUNTY OF PEORIA AND STATE OF ILLINOIS.

**P.I.N.:**
05-20-258-014

**PROPERTY LOCATION:**
1405 North Finney Street, Chillicothe, IL 61523

3. That all notices required by law have been given and that the Petitioner, **DG ENTERPRISES, LLC - X, LLC** has complied with all provisions of the law.

4. Further, this Court Directs the Sheriff of this County to place and maintain the Tax Deed Grantee in possession of the subject real estate and every person found in and upon said premises to be removed therefrom, together with each and every item of personal property belonging to said persons, and to use any and all such force as may be necessary to cause possession of the premises to be surrendered to the petitioner and to insure that the petitioner is able to take possession thereof and securing possessions to the petitioner.

5. That this Court expressly finds that there is no just reason for delaying the enforcement of this Order or the appeal therefrom.

**1/24/2022**

ENTER:

JUDGE

Jamie L. Schmidtke (#6328790)
Carter Legal Group
Attorneys for Petitioner
225 W Washington St, Ste 1130
Chicago, IL 60606
(312) 346-5555 / service@carterlegalgroup.com

**TAX DEED 21-TX-00135**

**STATE OF ILLINOIS**

**COUNTY OF PEORIA**

Instrument #: 2022002485

D308    D308 - TAX DEED
02/09/2022 09:44:53 AM    Total Pages: 2

Recording Fee:           $58.00
Rental Housing Fee:       $9.00
Transfer Tax County:      $0.00
Transfer Tax State:       $0.00

**Total Fee:            $67.00**

Rachael Parker, County Clerk, Peoria, IL

CERT:       201700065

PIN:        05-20-258-014

At a public sale of property for the nonpayment of taxes, held in the County above stated on November 05, 2018 the following described property was sold:

LEGAL:      LOTS ONE (1), TWO (2), THREE (3) AND FOUR (4) IN BLOCK SIX (6) IN
            SANTA FE ADDITION TO THE CITY OF CHILLICOTHE, IN SECTION 20,
            TOWNSHIP 11 NORTH, RANGE 9 EAST OF THE FOURTH PRINCIPAL
            MERIDIAN; SITUATE, LYING AND BEING IN THE COUNTY OF PEORIA
            AND STATE OF ILLINOIS.

PERMANENT INDEX NUMBERS:        05-20-258-014

PROPERTY LOCATED AT:            1405 NORTH FINNEY STREET
                                CHILLICOTHE, ILLINOIS 61523

Unless the holder of the certificate purchased at any tax sale under this Code takes out the deed in the time provided by law, and records the same within one year from and after the time for redemption expires, the certificate or deed, and the sale on which it is based, shall, after the expiration of the one year period, be absolutely void with no right to reimbursement. If the holder of the certificate is prevented from obtaining a deed by injunction or order of any court, or by the refusal of the or inability of any court to act upon the application for a tax deed, or by the refusal of the clerk to execute the same deed, the time he or she is so prevented shall be excluded from computation of the one year period.

The property not having been redeemed from the sale, and it appearing that the holder of the certificate of purchase of the property has complied with the laws of the State of Illinois necessary to entitle him or her to a deed of the property.

**I, RACHAEL PARKER, COUNTY CLERK of the COUNTY OF PEORIA,** in consideration of the property and by virtue of the Statutes of the State of Illinois in such cases provided, grant and convey to, DG ENTERPRISES, LLC - XPROP, LLC, PO BOX 986, NEW LENOX, IL 60451 his or her heirs and assigns forever, the property described above.

SIGNATURE OF _____, COUNTY CLERK

DATED 2 8-22

SEAL OF COUNTY OF PEORIA, ILLINOIS

TAX DEED
21-TX-00135

PREPARED BY
David Blair
DG ENTERPRISES, LLC - XPROP, LLC
PO BOX 986
NEW LENOX, IL 60451

MAIL TAX BILL & DEED TO:
DG ENTERPRISES, LLC - XPROP, LLC
PO BOX 986
NEW LENOX, IL 60451

EXEMPT UNDER PROVISIONS OF
PARAGRAPH F, SECTION 4, REAL
ESTATE TRANSFER ACT

DATE: 1-27-22

BUYER, SELLER OR REPRESENTATIVE