# THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| Michel Sharritt; Melody Cannon; Maurice Cross; Christopher Meyer; Dareios Little; and Karl Lee, individually and on behalf of themselves and all others similarly situated, ) ) ) ) ) | |
| Plaintiffs, ) | |
| v. ) | Cas No. 23 CV 15838 |
| Gwen Henry, in her capacity as Treasurer of DuPage County, Illinois; Jean Kaczmarek in her capacity as Clerk of DuPage County, Illinois; DuPage County, Illinois; Nicole Bjerke, in her Capacity as Treasurer of Peoria County, Illinois, Rachael Parker in her capacity as Clerk of Peoria County, Illinois; Peoria County, Illinois; et al., ) ) ) ) ) ) ) ) | Hon. Sara L. Ellis |
| Defendants. ) | |
| Nicole Bjerke, in her capacity as Treasurer of Peoria County, Illinois; Rachael Parker in her capacity as Clerk of Peoria County, Illinois; Peoria County, Illinois, ) ) ) ) | |
| Third-Party Plaintiff, ) | |
| v. ) | |
| DG Enterprises, LLC-XPROP, LLC, et al., ) | |
| Third-Party Defendants. ) | |

**REPLY BY THIRD-PARTY DEFENDANT DG ENTERPRISES, LLC-XPROP, LLC
IN SUPPORT OF ITS MOTION TO DISMISS PEORIA'S THIRD-PARTY COMPLAINT**

Respectfully submitted,

/s/ *Anthony J. Masciopinto*
Anthony J. Masciopinto
Natalie J. Smith
KULWIN, MASCIOPINTO & KULWIN, LLP
161 N. Clark Street, Suite 2500
Chicago, Illinois 60601
T: 312.641.0300; F: 312.855.0350
E: amasciopinto@kmklawllp.com

Respectfully submitted,

/s/ *Gregory M. Reiter*
Gregory M. Reiter
REITER LAW OFFICES, LTD.
208 West Washington Street, Suite 2113
Chicago, Illinois 60606
T: 312.3689910
E: greiter@reiterlawoffices.com
E: reiterlawoffices.com

*Attorneys for Third-Party Defendant DG Enterprises*

Third-Party Defendant DG Enterprises, LLC-XPROP, LLC ("Third-Party Defendant" or "DG Enterprises"), by its attorneys, hereby submits this reply memorandum in support of its motion to dismiss the Third-Party Complaint filed by the Treasurer and Clerk of Peoria County, Illinois and Peoria County, Illinois (collectively, "Peoria County" or "Third-Party Plaintiffs").

## I. INTRODUCTION

This Court should dismiss Peoria County's Third-Party Complaint against DG Enterprises. First, DG Enterprises was not, and cannot be, a "state actor," based on the parties' properly pled allegations. Plaintiffs' constitutional claims against Peoria County do not implicate Illinois' Property Tax Code ("PTC"). Rather, per this Court, Plaintiffs' allegations are narrowly focused to target Peoria County's alleged conduct and omissions "after the tax buyers obtain tax deeds." Given the narrow temporal focus of the allegations presented to this court, DG Enterprises cannot be a state actor. "After the tax buyers obtain tax deeds," tax buyers, like DG Enterprises, engage in no "joint activity," and have no "entwined relationship," with the County Defendants. Nor do tax buyers, at this late stage after they obtain a tax deed, serve any "tradition and exclusive public function." Moreover, the Supreme Court's *Lugar* decision is inapposite because *Lugar* dealt with joint action between government officials and a private party pursuant to a state statutory procedure. This is precisely the opposite of Plaintiffs' allegations here, which fall outside of the PTC and its statutory processes. As such, DG Enterprises was not, and cannot, be a state actor here.

Second, and alternatively, even if this Court finds that DG Enterprises was a state actor (which is denied), this Court should dismiss DG Enterprises pursuant to its good faith reliance defense. Pursuant to the Seventh Circuit's decision in *Janus*, DG Enterprises was entitled to rely, in good faith, upon: (i) the presumed validity of Illinois' PTC (and its predecessor), which stood

1

for 150+ years, and (ii) the Supreme Court's binding precedent in *Balthazar*, which expressly found that Illinois' PTC did not violate the Fifth Amendment takings clause. Indeed, the Sixth Circuit recently so concluded in *Freed*, where the Court held that a county official, sued in her individual capacity, was entitled to qualified immunity under the substantively identical facts presented here, while the county remained liable to the property owner for any lost Equity Surplusage. Furthermore, adjudicating DG Enterprises' good faith reliance defense is not premature. Just as in the parallel context of qualified immunity, courts commonly adjudicate a good faith reliance defense as part of a Rule 12 dismissal motion.

Third, this Court also should dismiss Peoria County's Third-Party Complaint for contribution and unjust enrichment claims against DG Enterprises. This Court should do so for the reasons previously argued and the additional reasons provided in this Reply.

## II. ARGUMENT

This Court should dismiss Peoria County's Section 1983 Third-Party Complaint for all the reasons stated in DG Enterprises' Motion and this Reply. To avoid unnecessary duplication, DG Enterprises incorporates by reference herein the reply arguments raised by Hobo (Dkt. #169) and Scribe (Dkt. #168). What follows below are DG's additional reply arguments, not raised by Hobo or Scribe, that further support dismissal of Peoria County's Third-Party Complaint.

**A. Based on the Pleadings, DG Enterprises Cannot Be a State Actor, and As a Result, Peoria County's Section 1983 Third-Party Complaint Fails to State a Viable Claim.**

This Court should dismiss Peoria County's Section 1983 Third-Party Complaint because DG Enterprises was not, and cannot be, a "state actor" based on the pleadings before this Court. A third-party complaint must be premised on "derivative liability" arising from plaintiff's allegations against the defendant/third-party plaintiff. *Federalpha Steel LLC Creditors' Trust v. Federal Pipe & Steel Corp.*, 245 F.R.D. 615, 618 (N.D. Ill. 2007) (in a third-party complaint, "liability must be

2

derivative" of plaintiff's claim against defendant). Indeed, Rule 14(a) provides, in pertinent part, that a defendant may initiate a third-party complaint on a "person not a party to the action who is or may be liable to the third-party plaintiff for all or part of the *plaintiff's claim against the third-party plaintiff*." Fed. R. Civ. P. 14(a) (emphasis added). As such, in assessing a third-party complaint, the "fact that the third-party claim arose out of the same set of facts is irrelevant," since impleader cannot be used as a way of "combining all controversies having a common relationship." *Federalpha*, 245 F.R.D. at 618.

Notably, this Court has identified the scope of the allegations raised in Plaintiffs' amended complaint, which informs and refutes Peoria County's "state actor" arguments against DG Enterprises. As this Court recognized, Plaintiffs' amended complaint targets only the "actions Defendants take, or do not take, after the enforcement of the tax law is complete and the taxes are paid." Dkt. #105, p.10. Specifically, Plaintiffs are "not suing the [County Defendants] for any act they performed that state law compelled them to do." *Id.* Rather, Plaintiffs are suing the County Defendants for failing to render "just compensation to Plaintiffs" for their Equity Surplusage "after the tax buyers obtain tax deeds." *Id.* Thus, Plaintiffs' liability claims against the County Defendants focus, not on actions taken under the PTC, but the County Defendants' alleged failure to provide Plaintiffs with their Equity Surplusage after and outside the contours of the PTC.

Applying the foregoing here, Peoria County cannot allege that DG Enterprises was a "state actor" as required to proceed with its Section 1983 Third-Party Complaint. Plaintiffs' narrowly pled liability theory against Peoria County precludes such a finding. Plaintiffs' liability theory focuses on Peoria's conduct and/or omissions "<u>after</u> the tax buyers obtain tax deeds." (underscoring added) *Id.* This discrete time-period is outside of the PTC and PTC processes. *Id.* "After [they] obtain tax deeds," tax buyers, like DG Enterprises, certainly cannot be considered to

3

engage in any "joint activity" or "entwined relationship" with the County Defendants or serve any "tradition and exclusive public function." *See Scott v. University of Chicago Med. Cntr.*, 107 F.4th 752, 757 (7th Cir. 2024). Accordingly, because DG Enterprises cannot be considered a "state actor" pursuant to the parties' pleadings, this Court should dismiss Peoria County's Third-Party Complaint.

This Court should reject Peoria County's reliance on *Lugar v. Edmonton Oil Co.*, 457 U.S. 922 (1982), because it is inapposite here. Dkt. #167, p.4. In *Lugar*, the Supreme Court found a private party to be a "state actor" because it and county officials "jointly participated" in the seizure of disputed property pursuant to a state "procedural scheme." *Id.* at 941-942. That is precisely not the case here. Here, Plaintiffs are "not suing the [County Defendants] for any act they performed that state law compelled them to do"; rather, Plaintiffs are suing the County Defendants for their actions and/or inactions "after the tax buyers obtain tax deeds," outside the contours of Illinois' PTC. Dkt. #105, p.10. Thus, *Lugar* is inapposite, and this Court should reject Peoria County's reliance upon it.

This Court also should reject Peoria County's efforts to inject DG's alleged conduct "under the PTC" to try to label DG as a state actor. Dkt. #167, p.4-8 (Peoria County arguing that DG allegedly performs "joint activity" with Peoria County in "effectuating the PTC," performs a traditional public function "under the PTC," and has an "entwined relationship" with Peoria County "under the PTC"). These Third-Party Complaint allegations relating to DG Enterprises' conduct under the PTC, whether alone or in connection with Peoria County, are irrelevant. They are irrelevant because *Plaintiffs' allegations* focus on Peoria County's conduct *outside* and *after* the PTC actions. Dkt. #105, p.10 (Plaintiffs are suing the County Defendants for their actions and/or inactions "after the tax buyers obtain tax deeds" and not for actions taken pursuant to the

4

PTC). Further, Peoria County's Third-Party Complaint allegations relating to DG's conduct under the PTC are not proper Third-Party Complaint "derivative liability" allegations and should not be considered. *See Anthony v. Progressive Leasing*, 2020 WL 3270313, *2 (S.D. Ind. 2020) (rejecting third-party complaint allegations because they "did not rest upon Plaintiff's" claim against the defendant/third-party plaintiff and was therefore improper under Rule 14(a)). Thus, this Court should reject Peoria County's arguments that DG's alleged conduct "under the PTC" renders DG a state actor for purposes of this litigation.[1]

### B. DG Enterprises' Good Faith Reliance on Long-Established and Followed State Law and Supreme Court Precedent Bars Peoria's Claims.

Alternatively, even if this Court were to find that DG was a state actor (which is denied), this Court should dismiss Peoria County's Third-Party Complaint because DG was entitled to rely, in good faith, on controlling well-established law and Supreme Court precedent. A public official sued in her individual capacity in a Section 1983 action may raise the affirmative defense of qualified immunity. *Ashcroft v. al-Kidd*, 563 U.S. 731 (2011). A substantively identical affirmative defense exists for a private party deemed to be a state actor in a Section 1983 suit. *Janus v. American Federation*, 942 F.3d 352, 364 (7th Cir. 2019) (holding that a "private party that acts under color of law for purposes of section 1983 may defend on the ground that it proceeded in good faith" reliance upon established law, like a presumptively valid state statute and case law).

Like qualified immunity, the underlying rationale for this good faith defense for a private party rests on fairness principles. Historically, a "private individual's reliance on a statute, prior to a judicial determination of unconstitutionality," has been considered "reasonable as a matter of

---

[1] As indicated *supra*, DG Enterprises further adopts and incorporates herein its previously raised state actor arguments and the state actor reply arguments raised by Hobo and Scribe. *See* Dkt. #169, p.1-9 (Hobo state actor reply arguments); Dkt. #168, p.2-8 (Scribe's state actor reply arguments).

5

law." *Wyatt v. Cole*, 504 U.S. 158, 174 (1992) (Kennedy, J., concurring). The "Rule of Law requires" that a party "abide by, and be able to rely on, what the law *is*," rather than what "readers of tea leaves predict that it might be in the future." *Janus*, 942 F.3d at 367 (emphasis in original).

The legal standard to determine whether this good faith reliance defense applies is well established and straightforward. A private party, deemed to be a state actor in a Section 1983 suit, may be held liable "only if" the party "failed to act in good faith in invoking the unconstitutional state procedure," that is, if the private party "either knew or should have known that the statute upon which they relied was unconstitutional." *Janus*, 942 F. 3d at 363 (citation omitted). As noted by the Seventh Circuit, a private party is entitled to this defense if it "relied substantially and in good faith" on "both a state statute *and* unambiguous Supreme Court precedent validating that statute." *Id.* at 367 (union was entitled to the affirmative defense of good faith reliance, where the union relied upon a state law and Supreme Court precedent, even in the face of signals from some Supreme Court Justices indicating a willingness to reconsider the Court's prior ruling).

Here, even if considered a state actor, Peoria County's Third-Party Complaint should be dismissed because of DG Enterprises good faith reliance on then-existing law that included Supreme Court precedent. The undisputed facts in this case parallel those in *Janus*. First, for over 150 years prior to May 25, 2023, the provisions of the Illinois PTC, and its predecessor, were deemed lawful and constitutional. *See* Section 253 of Revenue Act of 1872; *see also Gage v. Davis*, 129 Ill. 236 (1889) (tax purchaser obtaining judicially issued tax deed because property owner failed to pay real estate taxes). Second, as in *Janus*, the United States Supreme expressly previously affirmed that Illinois' PTC did not violate the Fifth Amendment takings clause. *Balthazar v. Mari, Ltd.*, 301 F. Supp. 103, 105-06 & n.6 (N.D. Ill. 1969) (rejecting property owner's argument that there was an unconstitutional taking in violation of the Fifth Amendment when a tax purchaser

6

obtained title "for a fraction of the property's market value" and the property owner lost his "surplus value"), *aff'd*, 396 U.S. 114 (1969). Indeed, after *Balthazar*, courts upheld the legality and constitutionality of a tax buyer securing a property owner's Equity Surplusage. *E.g.*, *In re Murray*, 276 B.R. 869 (N.D. Ill) (tax buyer had a right to $450K in equity after buying unpaid taxes for $7,411, because any "enrichment resulted not from his unjust or wrongful acts," but from homeowner's "failure to pay taxes or to redeem" as required by PTC). DG Enterprises relied in good faith on the presumed validity of Illinois PTC and the Supreme Court's decision in *Balthazar* when it acquired a tax deed to Plaintiff Lee's property in 2022, nearly a year before the Supreme Court's decision in *Tyler v. Hennepin Cnty.*, 598 U.S. 631 (2023). Accordingly, because DG Enterprises was entitled to rely on the presumed legality of the PTC and its affirmance by the Supreme Court in *Balthazar*, this Court should dismiss Peoria County's Section 1983 Third-Party Complaint against DG Enterprises.

Notably, the Sixth Circuit recently provided this precise relief, in the parallel context of qualified immunity. In a substantively identical Fifth Amendment case alleging lost Equity Surplusage, the Sixth Circuit rejected plaintiff's Section 1983 claim against a county official on qualified immunity grounds. *Freed v. Thomas*, 81 F. 4th 655, 660 (6th Cir. 2023). The Court reasoned that the county official was entitled to rely upon "nearly two decades" of enforcement of a state statute because "state statutes, like federal ones, are entitled the presumption of constitutionality until their invalidity is judicially declared," and the officials' conduct occurred only before the Michigan Supreme Court held that Michigan's retention of Surplus Value was unconstitutional. *Id.* (holding that the "Supreme Court has *never* denied qualified immunity to a public official who enforced a properly enacted statute that no court had invalidated") (emphasis

7

Case: 1:23-cv-15838 Document #: 171 Filed: 08/26/25 Page 9 of 13 PageID #:1880

in original) (citation omitted). Thus, the Sixth Circuit's decision in *Freed* further supports dismissal here.

This Court should reject any argument that adjudicating this good faith reliance defense is premature until summary judgment. *E.g.*, Dkt. #159, p.15 (DuPage County raising this argument). First, courts have regularly adjudicated this good faith reliance defense (and qualified immunity defense) pursuant to a Rule 12 motion. *E.g.*, *Mooney v. Ill. Educ. Ass'n*, 373 F. Supp. 3d 690, 703 (C.D. Ill. 2019) (district court dismissing Plaintiff's Section 1983 claim because defendants had relied, in good faith, on state law and court precedent in deducting union dues from non-member teacher's pay, prior to the law and practice being deemed unconstitutional by the Supreme Court), *aff'd*, 942 F.3d 368 (7th Cir. 2019) (dismissal ruling under Rule 12 affirmed); *Sabo v. Erickson*, 128 F.4th 836, 843 (7th Cir. 2025) (dismissal of a complaint on qualified immunity grounds "is appropriate, if, taking the facts alleged in the light most favorable to the plaintiff, the defendant is entitled to qualified immunity"); *Hanson v. LeVan*, 967 F.3d 584, 590 (7th Cir. 2020) (a complaint may be "dismissed under Rule 12(b)(6) on qualified immunity grounds"). Second, the only case cited in support of deferring an adjudication on this good faith reliance defense has no bearing here. Dkt. #159, p.15 (DuPage citing to *Hoover v. Said*, 629 F. Supp. 3d 826 (N.D. Ill. 2022) decision, which relates to a good faith finding to settle under an Illinois statute, not the assertion of a good faith reliance or qualified immunity defense to a Section 1983 suit). Thus, this Court should reject any argument that this Court cannot now adjudicate DG Enterprises' good faith reliance defense.

This Court also should reject any claim that DG Enterprises cannot now raise its good faith reliance defense because this Court previously held that it was premature for DuPage County to do so in its dismissal motion. *Compare* Dkt. #167, p.9 (Peoria County not raising this argument to

DG Enterprises' dismissal motion) *with* Dkt. #159, p.15 (DuPage County raising this argument to Hobo's dismissal motion, claiming that the "Court has already ruled" that this good faith reliance defense cannot be raised at the pleading stage). First, DuPage County's dismissal motion failed to properly, adequately, and fully develop its good faith reliance defense for the Court. As the Court noted, DuPage County's good faith defense reliance argument was "brief," so the Court dispensed with it in a short footnote only. Dkt. #105, p.29 & n.10. Indeed, out of over 250 pages of briefing, the totality of DuPage County's good faith reliance argument amounted to: (i) a couple of sentences in an opening brief (Dkt. #89, p.11), (ii) a short footnote response by Plaintiffs (Dkt. #96, p.20 & n.6), and (iii) a couple of more sentences in a reply (Dkt. #99, p.11). Moreover, DuPage County's good faith reliance argument was wholly specious, because a county official sued in her official capacity (as is the case here, Dkt. #96, p.20 & n.6) is not entitled to a qualified immunity or a good faith reliance defense. *Id.* (citations omitted). Further, DuPage County's good faith reliance argument was confusingly embedded within its "Statute of Limitations" dismissal argument. Dkt. #89, p.11; Dkt. #99, p.11. Under the foregoing circumstances, the Court was not fully informed of any good faith reliance argument. Indeed, as demonstrated above, courts may properly adjudicate a good faith reliance (and/or qualified immunity) defense at the dismissal stage. *Supra.* Accordingly, this Court's prior ruling as to DuPage County's good faith reliance dismissal argument should not preclude the Court from now adjudicating DG Enterprises' good faith reliance dismissal argument.

This Court also should reject Peoria County's argument that it would be "internally inconsistent" for this Court to grant DG Enterprises' good faith reliance defense, while denying the County Defendants' dismissal motions. Dkt. #167, p.8-9. First, there is no internal inconsistency. DG Enterprises and governmental officials sued in their personal capacities are

9

treated equally and identically, the former is provided a good faith reliance defense and the latter a substantively identical qualified immunity defense. Here, Plaintiffs' claims against the County Defendants are *in their official capacity*. Dkt. #96, n.6. Official capacity governmental defendants are not entitled to qualified immunity defense, which is a function of well-established law. *E.g.*, *Cullom v. Dart*, 2020 LEXIS 242371, *8 (N.D. Ill. 2020) ("Qualified immunity, however, does not apply to Cullom's claim against the Sheriff in his official capacity") (citation omitted). Second, this is precisely what the Sixth Circuit held in *Freed*. *Freed*, 81 F. 4th at 658-660 (denying plaintiff's Fifth Amendment takings claim against county official in her personal capacity based on qualified immunity grounds but affirming Fifth Amendment taking claim against county official in his official capacity, thereby holding the governmental entity liable to plaintiff). Accordingly, this Court should reject Peoria County's argument that it would be "internally inconsistent" to dismiss DG Enterprises on its good faith reliance defense but require the County Defendants, in their official capacities, to defend Plaintiffs' allegations.

C. <u>**Peoria County Cannot Assert a Contribution Claim Against DG Enterprises**</u>.

As indicated *supra*, DG Enterprise further adopts and incorporates herein its previously raised contribution claim dismissal arguments and the contribution claim reply arguments raised by Hobo and Scribe. *See* Dkt. #169, p.9-12 (Hobo contribution claim reply arguments); Dkt. #168, p.9-10 (Scribe's contribution claim reply arguments). Moreover, given the narrow temporal scope of Plaintiffs' amended complaint here against the County Defendants, focusing on the time-period "after the tax buyer obtains a tax deed," Peoria County's contribution count against DG Enterprises is not a properly pled third-party derivative liability claim. *E.g.*, *Anthony v. Progressive Leasing*, 2020 WL 3270313, *2 (S.D. Ind. 2020) (rejecting third-party complaint allegations because they

10

"did not rest upon Plaintiff's" claim against the defendant/third-party plaintiff and was therefore improper under Rule 14(a)).

D. **Peoria County Cannot Assert an Unjust Enrichment Claim Against DG Enterprises**.

As indicated *supra*, DG Enterprise further adopts and incorporates herein its previously raised unjust enrichment claim dismissal arguments and the unjust enrichment claim reply arguments raised by Hobo and Scribe. *See* Dkt. #169, p.13-14 (Hobo unjust enrichment claim reply arguments); Dkt. #168, p.12-13 (Scribe's unjust enrichment claim reply arguments). Moreover, given the narrow temporal scope of Plaintiffs' amended complaint here against the County Defendants, focusing on the time-period "after the tax buyer obtains a tax deed," Peoria County's unjust enrichment count against DG Enterprises is not a properly pled third-party derivative liability claim. *E.g.*, *Anthony v. Progressive Leasing*, 2020 WL 3270313, *2 (S.D. Ind. 2020) (rejecting third-party complaint allegations because they "did not rest upon Plaintiff's" claim against the defendant/third-party plaintiff and was therefore improper under Rule 14(a)).

### III. CONCLUSION

WHEREFORE, Third-Party Defendant DG Enterprises respectfully moves this Court to enter an order dismissing with prejudice the Third-Party Complaint by the Peoria County entities.

**CERTIFICATE OF SERVICE**

      I, Anthony J. Masciopinto, an attorney, hereby certify that I caused the above REPLY BY **THIRD-PARTY DEFENDANT DG ENTERPRISES, LLC-XPROP, LLC'S IN SUPPORT OF ITS MOTION TO DISMISS THIRD-PARTY COMPLAINT** to be served upon all counsel of record via ECF Filing on August 26, 2025.

      /s/ *Anthony J. Masciopinto*
      Anthony J. Masciopinto
      *Attorneys for Third-Party Defendant DG Enter.*