IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Michel Sharritt; Melody Cannon; Maurice Cross; Christopher Meyer; Dareios Little; and Karl Lee, individually and on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br> v. <br><br> Gwen Henry, in her capacity as Treasurer of DuPage County, Illinois; Jean Kaczmarek in her capacity as Clerk of DuPage County, Illinois; DuPage County, Illinois; Nicole Bjerke, in her Capacity as Treasurer of Peoria County, Illinois, Rachael Parker in her capacity as Clerk of Peoria County, Illinois; Peoria County, Illinois; et al., <br> Defendants. <br><br> Nicole Bjerke, in her capacity as Treasurer of Peoria County, Illinois; Rachael Parker in her capacity as Clerk of Peoria County, Illinois; Peoria County, Illinois, <br><br> Third-Party Plaintiff, <br> v. <br><br> DG Enterprises, LLC-XPROP, LLC, et al., <br><br> Third-Party Defendants. | Case No.: 23 CV 15838 <br><br> Hon. Sara L. Ellis |

**THIRD-PARTY PLAINTIFFS PEORIA, WILL, CARROLL, BOONE, AND KANE COUNTIES' RESPONSE TO ILLINOIS ATTORNEY GENERAL KWAME RAOUL'S MOTION TO DISMISS THIRD-PARTY COMPLAINT**

Defendants and Third-Party Plaintiffs, Nicole Bjerke, in her capacity as former Treasurer of Peoria County, Illinois, Rachael Parker, in her capacity as Clerk of Peoria County, Illinois; Peoria County, Illinois; Lydia Hutchcraft, in her capacity as Treasurer of Carroll County, Illinois; Amy Buss, in her capacity as clerk of Carroll County, Illinois; Carroll County, Illinois; Tim

Brophy, in his capacity as Treasurer of Will County, Illinois; Andrea Linn, in her capacity as clerk of Will County, Illinois; Will County, Illinois; Curt Newport, in his capacity as Treasurer of Boone County, Illinois; Julie Bliss, in her capacity as Clerk of Boone County, Illinois; Boone County, Illinois; Christopher Lauzen, in his official capacity as Treasurer of Kane County; John Cunningham, in his official capacity as Clerk of Kane County; and Kane County, Illinois (collectively the "County Defendants"), for their response to Third-Party Defendant, Kwame Raoul, in his official capacity as Attorney General of the State of Illinois' (the "State") motion to dismiss, state as follows:

## INTRODUCTION

Plaintiffs' underlying suit alleges that the County Defendants unconstitutionally deprive them of their equity interests in real property by carrying out duties established in Illinois law. DE 78, *generally*. The County Defendants' conduct arises out of the Illinois Property Tax Code, 35 ILCS 200/21-305 ("PTC"), which permits tax buyers to pay the delinquent property taxes, obtain a tax certificate and petition a county court for the issuance of a tax deed if redemption rights are not exercised. DE 128 at ¶¶ 19-23. The County Defendants impleaded the Illinois Attorney General, alleging that the PTC requires the entry of any tax deed, and that any asserted lack of just compensation or claimed constitutional violations under *Tyler* are functions of the PTC. Indeed, the PTC specifically compels the County Defendants to conduct annual tax sales to collect delinquent taxes which ordained statutory requirement results in a tax sale to a third party to whom title may be transferred. The County Defendants' conduct, which no one disputes, is undertaken consistent with the PTC renders them unable to alleviate any alleged constitutional violation to plaintiffs. This is reason why the County Defendants seek declaratory relief holding them harmless for conduct that Illinois law requires and which the Attorney General should defend. At the very

least, the Attorney general certainly has (or should have) an interest in preserving the duly enacted statutory framework duly enacted by the Illinois legislature for the collection of real estate taxes which in turn funds the varying taxing districts throughout the state.

Illinois law at 15 ILCS 205/4 calls on the Attorney General to defend the state's interests in legal proceedings, including constitutional challenges to state laws. The Attorney General is the appropriate representative to defend the validity of the PTC, which is the foundation of plaintiffs' claims. In the absence of the State as a party to this action, this Court risks issuing a judgment that affects the enforceability of a statute without offering the state an opportunity to defend. This would result in a diminishment of procedural fairness and the administration of justice.

The Attorney General moved to dismiss the County Defendants' third-party complaint, arguing that the political subdivision standing doctrine, the Eleventh Amendment and related standing principles bar the claims. The Attorney General also argues that it is not a person under section 1983. DE 162. The third-party complaint does not assert a direct section 1983 claim against the state but rather seeks declaratory relief and contribution based on the state's enactment and enforcement of the statutory system at issue. The County Defendants as "subordinate governmental instrumentalities created by the State" (DE 168, page 4) lack authority to disregard or modify state law. The PTC instead compels their action, and any injury plaintiffs sustain is traceable to the state's legislative system. Joining the Attorney General to this action is necessary to ensure that the party responsible for the administration of the statutory system is present to defend its constitutionality. The County Defendants are also compelled to seek declaratory relief from those statutory obligations that may violate constitutional rights.

3

**ARGUMENT**

The Attorney General argues that the political subdivision standing doctrine, the Sovereign Immunity Doctrine and related standing principles defeat the County Defendants' third-party claims. But the County Defendants do not assert that their own constitutional rights are at risk. To the contrary, the County Defendants seek declaratory relief to clarify their obligations under the PTC, which plaintiffs' amended complaint cast as unconstitutional. *See Council 31 of the Am. Fed'n of State, Cnty. & Mun. Employees, AFL-CIO v. Quinn*, 680 F.3d 875, 882 (7th Cir. 2012). The political subdivision standing doctrine and sovereign immunity under the Eleventh Amendment do not apply. *Id.* As argued below, the County Defendants do not lack standing.

I. **The Political Subdivision Standing Doctrine Does Not Apply**

The Attorney General's motion misconstrues the nature of the County Defendants' claims. Although the political subdivision doctrine bars the County Defendants from asserting constitutional claims against the state, the County Defendants are not asserting their own constitutional rights. *See City of Trenton v. State of New Jersey*, 262 U.S. 182, 192, 43 S. Ct. 534, 538, 67 L. Ed. 937 (1923). They merely seek declaratory relief. The Attorney General's cited cases do not support the proposition that a county cannot bring a claim against the state for declaratory relief.

The County Defendants do not assert a deprivation of their constitutional rights under the Fifth and Fourteenth Amendments. They instead seek to resolve a conflict between state and federal law. *Tyler v. Hennepin Cnty., Minnesota*, 598 U.S. 631 (2023), holds that retaining surplus equity beyond the amount owed, without providing the former property owner an opportunity to recover it, constitutes a taking under the Fifth Amendment. *Tyler*, 598 U.S. 631, 645-48 (2023). The County Defendants contend that the PTC does not run afoul the *Tyler* analysis. That pure

4

legal question remains undecided and ripe for adjudication through the third-party complaint. If (as the plaintiff property owners contend) the PTC runs afoul of *Tyler*, the County Defendants are not permitted to ignore state law and have no discretion to deviate from its procedures.

*City of Trenton,* the Attorney General's principal case for the political subdivision doctrine, is inapposite and inapplicable. In *Trenton*, the city claimed that a statute diverting its water-system revenues impaired contracts and violated due process. But the Supreme Court held that a municipality is merely a "department of the State" lacking federal constitutional rights enforceable against its creator. *City of Trenton*, 262 U.S. at 187. Despite its holding, the Supreme Court still acknowledged that a subordinate state agency may look to the courts when different state enactments impose conflicting duties. *Id*. at 188. Here, federal law, not just conflicting state law, imposes the higher obligation. Plaintiffs' complaint alleges that the County Defendants' compliance with the PTC results in a taking under *Tyler*, leaving them in the irremediable position of either violating constitutional rights to plaintiffs or willfully violating state law. This untenable position is a justiciable federal question.

II. **Sovereign Immunity Under the Eleventh Amendment Does Not Apply**

The Attorney General argues that the Eleventh Amendment categorically bars this action, asserting that political subdivisions may never sue the state or its officials in federal court, regardless of the relief sought. This sweeping position overstates the doctrine, attempts to sidestep *Ex parte Young* through a mischaracterization of its holding and misconstrues the relief the County Defendants seek.

The County Defendants do not bring this third-party action to recover damages or enforce state law duties in federal court. They rather seek prospective declaratory relief to clarify whether: (1) the Illinois Property Tax Code, as enforced by the Attorney General, compels local County

5

Clerks and Treasurers to retain surplus equity in violation of the Fifth Amendment, as interpreted, and (2) *Tyler* applies. The core holding of *Ex parte Young* is that a federal court may entertain claims against a state officer when the plaintiff seeks prospective relief to end an ongoing violation of federal law. *Ex parte Young*, 209 U.S. at 159-60.

      The County Defendants do not ask this Court to enjoin any state conduct, nor do they seek damages, restitution or any payout from the state's treasury. They rather seek instruction on how to reconcile potentially conflicting mandates. Federal courts are empowered to issue the forward-looking declaratory relief sought here. *See Verizon Md., Inc. v. Pub. Serv. Comm'n*, 535 U.S. 635, 645-46 (2002) (holding that Eleventh Amendment did not bar suit against state officials for declaratory relief under *Ex parte Young* where the plaintiff alleged an ongoing violation of federal law and did not seek damages or require payment from the state treasury).

      The Attorney General insists he is not a proper defendant, claiming he does not directly enforce the PTC. That argument misconstrues the standard. *Ex parte Young* requires only "some connection" between the official and the challenged conduct. *Ex parte Young*, 209 U.S. at 157. The Attorney General is the State's chief legal officer, charged with enforcing the laws of Illinois. 15 ILCS 205/4. A statutory duty alone is enough to satisfy *Ex parte Young's* connection requirement. *See Indiana Prot. and Advocacy Servs. v. Indiana Family and Social Servs. Admin.*, 603 F.3d 365, 371-73 (7th Cir. 2010) (finding *Ex parte Young* applies where the defendant state official has a general enforcement duty, and the relief sought is prospective and grounded in federal law).

      The Attorney General cites *Doe v. Holcomb* for the proposition that the County Defendants' claims against the State are barred. But *Holcomb* is distinguishable. The plaintiffs in that case sought *retrospective* relief and a declaration that state officials violated state law, claims

were barred by *Pennhurst* and not saved *by Ex parte Young*. *Doe v. Holcomb*, 883 F.3d 971, 975–76 (7th Cir. 2018).

The state also has the power to draft and enforce Illinois law. DE 128 at ¶¶ 12-13. Unlike the plaintiffs in *Scholl* (also cited by the Attorney General), the County Defendants here properly allege that the alleged deprivation arises from the PTC, which the legislature enacted. *Scholl v. Illinois State Police*, No. 24 cv-4435, 2025 U.S. Dist. Lexis 60496, at *14-15 (N.D. Ill. Mar. 31, 2025). The plaintiff in *Scholl* made no efforts to allege "some connection" between the Attorney General and the deprivation conduct. *Id.*

The Attorney General further relies on *Pennhurst State Sch. and Hosp. v. Halderman*, 465 U.S. 89 (1984) and *Papasan v. Allain*, 478 U.S. 265 (1986). Neither apply here. *Pennhurst* bars federal courts from ordering state officials to comply with state law. *Pennhurst State Sch. and Hosp.*, 465 U.S.at 106. The County Defendants here invoke federal law, namely the Takings Clause of the Fifth Amendment, and seek declaratory guidance as to whether the PTC in its current incarnation is unconstitutional under *Tyler*. The County Defendants do not seek enforcement of any state law duty. *Papasan* reaffirms that *Ex parte Young* permits prospective declaratory relief in federal constitutional cases. *See Papasan*, 478 U.S. at 278–79 (reaffirming that prospective declaratory and injunctive relief to end ongoing federal violations is not barred by the Eleventh Amendment).

The Eleventh Amendment does not insulate the state from all scrutiny in federal court. Where, as here, the state mandates conduct that may violate superior federal law, and the counties have no discretion to act otherwise, declaratory relief against the clerks and treasurers charged with enforcing that law falls well within the recognized *Ex parte Young* exception.

Finally, the County Defendants' request for contribution does not transform this case into an action for retrospective damages that is prohibited under the Eleventh Amendment. The County Defendants rather seek an equitable *apportionment* of responsibility. If the PTC and complementary Illinois law is unconstitutional under *Tyler*, all actors within its framework are necessarily responsible as all parties' conduct was enabled and mandated by the PTC. The request is prospective and contingent; it does not compel the state to pay a fixed sum or concede liability. Federal courts routinely hear such derivative claims where they flow from prospective federal obligations. *See Verizon Md.*, 535 U.S. at 645; *Ex parte Young*, 209 U.S. at 160.

The state has the authority to correct any wrongs that plaintiffs allege if such wrongs exist. This Court acknowledged (Dkt. #105) that plaintiffs limited their claims to what occurs, or more specifically does not occur, *after* title transfers to a tax buyer, which happens only *after* the property owner fails to redeem their property by paying the tax buyer *the delinquent taxes, fees and penalties collected by the county*. Plaintiffs assert that the County Defendants do not offer just compensation for their excess equity once title transfers. But the County Defendants do not possess any excess equity in the first instance.

The County Defendants are political divisions of the state and possess limited powers. *Millikin v. County of Edgar*, 42 Ill.App. 590 (1892). They specifically possess only those powers the constitution or statute expressly grants them. *Inland Land Appreciation Fund, L.P. v. County of Kane*, 344 Ill. App. 3d 720, 724 (2003). The PTC does not provide authority for the County Defendants to compensate the plaintiffs—except as provided in the Indemnity Fund. The state alone retains the ability to address just compensation, through whatever means. The County Defendants allege that they lack discretion in their performance of statutorily required actions under the PTC. DE 128 at ¶23.

8

If the Plaintiffs have viable claims against the County Defendants, the state facilitated the violation. The Attorney General is the proper party capable of addressing the structural framework of the PTC and defend its provisions under *Tyler*. If there is no mechanism in Illinois law to rectify whatever runs afoul of *Tyler*, then the PTC *may* be unconstitutional. The Attorney General is the appropriate representative of the state's interests in defending the validity of its laws, particularly where constitutional claims are at issue. *Ex parte Young*, 209 U.S. 123, 153, 28 S. Ct. 441, 451, 52 L. Ed. 714 (1908).

This Court denied the County Defendants' motion to dismiss under Eleventh Amendment grounds. The State retains the authority to legislate and administer Illinois law, which also compels the County Defendants to perform their roles in the tax collection process. Similar reasoning should apply to the Attorney General's Eleventh Amendment argument.

### III. The County Defendants' Claims Do Not Lack Standing

The County Defendants allege an actual concrete injury contrary to the Attorney General's mischaracterization that no injury-in-fact exists. That argument distorts both the pleadings and the law. If the PTC violates *Tyler* (which the County Defendants do not concede) any alleged failure to return surplus equity to the plaintiff could subject the County Defendants to takings liability. This liability arises out of conduct that Illinois law commands the County Defendants to undertake, namely, collecting delinquent property taxes through annual tax sales to third party buyers. The County Defendants have no discretion under Illinois law to alleviate any claimed constitutional violations. This is not a speculative or abstract dispute; it is a present and legally cognizable harm capable of redress.

The County Defendants do not act voluntarily but merely comply with 35 ILCS 200/22-40 and related provisions. *Tyler*, if applicable to the PTC, raises the possibility that this conduct

constitutes a taking, and the County Defendants have no ability to change course under Illinois law. *Tyler*, 598 U.S. at 645-48. The risk of constitutional liability is not conjectural; it is live and pressing. This places the County Defendants in an untenable position—to comply with state law and risk violating the Takings Clause, or violate state law to avoid federal liability. This legal bind is itself the injury. *See also Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 158 (2014) (finding that a credible threat of enforcement creates standing); *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 128 29 (2007) (finding that a party need not "bet the farm" by violating the law to seek relief from threatened). Put differently, at risk is whether the County Defendants may continue to collect delinquent property taxes under a duly enacted statute. The Attorney General should accept its constitutional obligation in ensuring that the taxing bodies throughout the state may continue to exercise their statutorily mandated functions.

The Attorney General attempts to deflect responsibility by suggesting that *Tyler*, not the state, is the cause of the County Defendants' dilemma. This sophistry ignores the obvious, namely, that the County Defendants would face no federal constitutional exposure if not for the state's statutory mandate, or lack thereof. The County Defendants have no discretion to alter this process and must abide by it, which is the very meaning of traceability. The state cannot wash its hands of constitutional liability while compelling local governments to implement a statutory system that, if *Tyler* applies, effects an uncompensated taking in violation of the Fifth and Fourteenth Amendments. *See Duke Power Co. v. Carolina Env't Study Group*, 438 U.S. 59, 78 (1978).

Joining the Attorney General as a third-party defendant ensures that the entity responsible for enacting and defending the challenged statute is present to address its constitutionality. It also protects the County Defendants from bearing sole liability for conduct that state law requires.

The Attorney General's argument that declaratory relief would not redress the alleged injury is intellectually dishonest. A declaration that compliance with the current statutory system constitutes an uncompensated taking would inform the County Defendants' conduct and avoid the risk of constitutional liability. That is precisely the function of declaratory relief—to resolve legal uncertainty before it becomes litigation. *See Steffel v. Thompson*, 415 U.S. 452, 459 (1974). The state's attempt to deny standing while simultaneously compelling the County Defendants to carry out potentially unconstitutional takings is not just legally flawed it is also constitutionally irreconcilable. Federal courts are not powerless to resolve this conflict. On the contrary, they are the only forum where litigants can obtain this type of federal constitutional guidance. Dismissal of the third-party complaint is not proper here.

## **CONCLUSION**

WHEREFORE, the County Defendants respectfully request this Court to deny Third-Party Defendant, Kwame Raoul, in his official capacity as Attorney General of the State of Illinois' motion to dismiss, and for any other relief this Court deems equitable and just.

Dated: September 5, 2025                    Respectfully submitted,

Nicole Bjerke, in her capacity as former Treasurer of Peoria County, Illinois, Rachael Parker in her capacity as Clerk of Peoria County, Illinois, and Peoria County, Illinois.

Lydia Hutchcraft, in her capacity as Treasurer of Carroll County, Illinois; Amy Buss, in her capacity as clerk of Carroll County, Illinois; Carroll County, Illinois;

Tim Brophy, in his capacity as Treasurer of Will County, Illinois; Andrea Linn, in her capacity as clerk of Will County, Illinois; Will County, Illinois;

11

Curt Newport, in his capacity as Treasurer of Boone County, Illinois; Julie Bliss, in her capacity as Clerk of Boone County, Illinois; and Boone County, Illinois

By: */s/ Alexander M. Landy*

Jerome T. Murphy
jmurphy@tresslerllp.com

Charles A. LeMoine
clemoine@tresslerllp.com

Rosa M. Tumialán
rtumialan@tresslerllp.com

Alexander M. Landy
xlandy@tresslerllp.com

Counsel for the County Defendants
TRESSLER, LLP
233 S. Wacker Dr., 61st Floor
Chicago, IL 60606
312-627-4191

Christopher Lauzen, in his capacity as Treasurer of Kane County, Illinois, John Cunningham in his capacity as Clerk of Kane County, Illinois, and Kane County, Illinois.

By: /s/ Vincent Coyle
Vincent M. Coyle, Esq.
One of Its Attorneys

Jamie L. Mosser
Kane County State's Attorney
Vincent M. Coyle, Esq.
Erin Brady
Assistant State's Attorneys
100 S. Third St., 4th Floor
Geneva, Illinois 60134
(630) 208-5320
Attorney No. 6303106

## CERTIFICATE OF SERVICE

I hereby certify that on September 5, 2025, I electronically filed the foregoing County Defendants' RESPONSE TO THIRD-PARTY DEFENDANT ILLINOIS ATTORNEY GENERAL KWAME RAOUL'S MOTION TO DISMISS COMPLAINT, with the Clerk of the Court using the CM/ECF system.  A copy of said document will be electronically transmitted to all counsel of record.

*/s/ Alexander M. Landy*