**UNITED STATES DISTRICT COURT FOR THE**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| MICHEL SHARRITT, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) Case No. 1:23-cv-15838 |
| v. | ) |
| | ) Hon. Sara L. Ellis |
| GWEN HENRY, in her capacity as Treasurer | ) |
| of DuPage County, Illinois, et al., | ) Magistrate Judge Maria Vazquez |
| | ) |
| Defendants. | ) JURY TRIAL DEMANDED |

**JOINT MOTION TO TEMPORARILY STAY AND EXTEND DATE FOR**
**COMPLETION OF ORAL/DEPOSITION  DISCOVERY**

NOW COME the Parties hereto, except for the Third-Party Defendants, by their undersigned attorneys, pursuant to Fed. R. Civ. P. 26(c) and the Court's inherent authority to enter scheduling orders, to respectfully seek a modification of the discovery schedule to provide as follows with respect to fact deposition and oral discovery:

> if the Court denies the Third-Party Defendants' motions to dismiss in whole or part, deposition discovery will be stayed until 60 days after the Court's ruling, with all non-expert depositions to be completed by 150 days after said ruling. If the motions to dismiss are granted in their entirety, oral and deposition discovery will not be stayed but will be completed within the same 150 days of the ruling.

In support, the Parties state as follows:

1.	On November 9, 2023, Plaintiffs filed their three-count Class Action Complaint under the Fifth and Fourteenth Amendments to the United States Constitution, under 42 U.S.C. § 1983, and under the Illinois Constitution regarding the tax sales of property in Illinois, naming as Defendants eight Illinois Counties and their respective Treasurers and Clerks. Dkt. 1.

2.	All Defendants moved to dismiss the original Complaint on February 22, 2024. Dkts. 65, 67, 69–73.

1

3. The Court stayed discovery pending ruling on the motions to dismiss. Dkt. 77.

4. In response to the motions to dismiss, Plaintiffs filed a First Amended Complaint. Dkt. 78.

5. Defendants also moved to dismiss the First Amended Complaint on April 8, 2024. Dkts. 86–91. The briefing on the motions to dismiss was completed on July 22, 2024.

6. The Court entered its Opinion and Order granting in part and denying in part the Defendants' motions to dismiss on October 18, 2024. Dkt. 105.

7. After the Court's ruling on the motions to dismiss the First Amended Complaint, Defendants moved for a certification to allow for an interlocutory appeal and a scheduling order was not entered at that time and discovery was again stayed pending ruling on the motion for a certification. Dkts. 108–109.

8. On March 2, 2025, the Court denied Defendants' motion for a certification to allow for an interlocutory appeal and lifted the previously imposed stay. Dkts. 116–117.

9. On May 12, 2025, the Court entered a scheduling order based on the Parties' joint status report. Dkts. 118–119. Per the Court's order, fact discovery was to close on October 31, 2025. Dkt. 119.

10. Defendants answered the First Amended Complaint on April 11, 2025, and contemporaneously filed two Third-Party Complaints—one by DuPage and Lake Counties and their respective Clerks and Treasurers (hereinafter "DuPage and Lake Counties' Third-Party Complaint") and a separate one by Peoria, Will, Carroll, Boone, and Kane Counites and their respective Clerks and Treasurers (hereinafter "Peoria, Will, Carroll, Boone, and Kane Counties' Third-Party Complaint")—naming as Third Party Defendants the State of Illinois, Illinois Attorney

2

General Kwame Raoul, and the tax buyers, both individually and on behalf of a class, of the underlying tax certificates. Dkts. 123–128.

11.     The Third-Party Defendants in the DuPage and Lake Counties' Third-Party Complaint, Scribe Holdings, LLC, The State of Illinois, Illinois Attorney General Kwame Raoul, and HOBO Investments, LLC, moved to dismiss the Third-Party Complaint on June 10, 2025. Dkts. 137, 139–140, 142.

12.     The Court entered a briefing schedule on the motions to dismiss the DuPage and Lake Counties' Third-Party Complaint and set a ruling date of November 12, 2025. Dkt. 145.

13.     Third-Party Defendant DG Enterprises, LLC moved to dismiss the Peoria, Will, Carroll, Boone, and Kane Counties' Third-Party Complaint on July 14, 2025, and the Court entered a briefing schedule on this motion to dismiss and set a ruling date of November 12, 2025, as well. Dkts. 154, 156.

14.     The State of Illinois and Illinois Attorney General Kwame Raoul also moved to dismiss the Peoria, Will, Carroll, Boone, and Kane Counties' Third-Party Complaint on August 4, 2025. Dkts. 161–162. The Court likewise set a briefing schedule and set a ruling date of November 12, 2025, for this motion to dismiss on August 11, 2025. Dkt. 164.

15.     The briefing on all the motions to dismiss both Third-Party Complaints concluded on September 19, 2025. *See generally* CM/ECF Dkt.

16.     On September 19, 2025, the Defendants jointly moved for an unopposed extension of the fact discovery deadline. Dkt. 178. Defendants sought to extend the fact discovery deadline from October 31, 2025, to April 29, 2026. *Id.* In their motion for an extension of the fact discovery deadline, the Defendants cited the fact that not all parties were before the Court and that "no party wishes to produce witness more than once and no depositions [had] occurred" as of the filing of

the motion. *Id.* at ¶ 6. Defendants also cited the "vast amounts of physical documentation and ESI" which are at play in this litigation. *Id.* at ¶ 7. Lastly, the Defendants also based the extension on the premise that an extension would allow the parties to "engage in discovery with any Third-Party Defendants… in the events their motions to dismiss are unsuccessful." *Id.* at ¶ 8.

17.     The Court granted Defendants' joint unopposed motion for an extension of the fact discovery deadline and reset the close of fact discovery to April 29, 2026, which remains the fact discovery deadline. Dkt. 183.

18.     On October 31, 2025, the Court struck the ruling date of November 12, 2025, on the motions to dismiss the Third-Party Complaints and reset it to December 18, 2025. Dkt. 186.

19.     On December 16, 2025, the Court struck the ruling date of December 18, 2025, and reset it to February 19, 2026. Dkt. 187.

20.     On January 13, 2026, Third-Party Plaintiff Carroll County and its Clerk and Treasurer moved for an order of default on Third-Party Defendant RealTax Developers, Ltd. Dkt. 189. This motion was granted on February 5, 2026. Dkt. 194.

21.     On February 18, 2026, the Court struck the ruling date of February 19, 2026, and reset it March 17, 2026. Dkt. 195.

22.     On March 13, 2023, the Court struck the ruling date of March 17, 2026, and reset it to March 24, 2026. Dkt. 198.

23.     After the Defendants answered the First Amended Complaint, Plaintiffs and Defendants have engaged in written discovery consisting of an exchange of 26(a)(1) initial disclosures, interrogatories, and requests for production issued by both Parties and Plaintiff issued requests to admit. All Defendants responded to the requests to admit and all Parties have answered the issued interrogatories. The Plaintiffs have responded to the issued requests for production and

4

several Defendants have answered the issued requests for production and the others are in process of so doing.

24.     Since the issuance of the requests for production, the Parties have had numerous and cooperative meetings and email exchanges to discuss various matters pertaining to the written discovery including limitations on the requests and including discussions and exchanges regarding search terms for ESI related to the requests. At present, the Defendants have not responded to the requests for production relating to ESI due to the volume of ESI and cooperative efforts remain ongoing to identify appropriate search terms that return relevant material but do not unduly overburden the parties.

25.     While the Third-Party Defendants' motions to dismiss have been pending, the Parties have continued to forego discussions on scheduling oral depositions due to the possibility that these motions to dismiss may be denied. The Third Parties do not currently have a scheduling order in place relating to discovery and are not at issue (i.e., have not answered the Third-Party Complaints) as it stands. The lack of written discovery on the Third-Party Complaints, in conjunction with the desire to not have any party re-sit for a deposition should the Third-Party Defendants' motions to dismiss be denied or, in the alternative, impose costs on the Third-Party Defendants before the Parties in the Third-Party Complaint are at issue, underpins the Parties' mutual decision to not proceed with oral depositions while those motions to dismiss have been pending.

26.     This Motion only seeks to stay oral/deposition discovery and to reset the fact discovery deadline accordingly. The Parties do not seek to stay or delay the ongoing written discovery.

27.     "District courts have broad discretion in matters relating to discovery." *Witz v. Great Lakes Educ. Loan Services, Inc.*, No. 19-cv-06715, 2020 WL 8254382, at *1 (N.D. Ill. July 30, 2020) (*citing Patterson v. Avery Dennison Corp.*, 281 F.3d 676, 681 (7th Cir, 2002)) (internal quotations omitted). Factors that judges in the Northern District consider include "(i) whether a stay will unduly prejudice or tactically disadvantage the non-moving party, (ii) whether a stay will simplify the issues in question and streamline the trial, and (iii) whether a stay will reduce the burden of litigation on the parties and on the court." *Witz*, 2020 WL 8254382, at *1 (*citing Pfizer Inc. v. Apotex Inc.*, 640 F. Supp. 2d 1006, 1007 (N.D. Ill. 2009)) (internal quotations omitted).

28.     In this instant action, no Party will be unduly prejudiced or be at a tactical disadvantage. Firstly, this Motion is being presented jointly by Plaintiffs and Defendants. Secondly, a stay of oral/deposition discovery pending the motions to dismiss the Third-Party Complaint and a resetting of the fact discovery deadline ensure that no party has to be re-deposed and allows for the depositions to be scheduled and taken in the first instance.

29.     The discovery schedule modification requested also simplifies the instant action as Defendants' Third-Party Complaints seek to shift liability for Plaintiffs' underlying claims onto the Third-Party Defendants. While Third-Party Complaints in-and-of-themselves might add complexity to this matter, having all the "players" at the table, or at least knowing who will be at the table, greatly simplifies this matter going forward.

30.     Lastly, for the same reasons already stated above, a stay of discovery pending the motions to dismiss the Third-Party Complaints and resetting the fact discovery deadline reduces the Parties' expenses of litigation and would allow for all issues to be brought before the Court.

31.     Good cause exists for an order as requested herein for the reasons stated above.

32.     This Motion is not filed for dilatory purposes, nor for purposes of delay, but only to better serve the interests of judicial economy and the administration of justice by determining the issues in dispute prior to conducting discovery which can then be made more tailored and relevant.

WHEREFORE, the parties, through their undersigned counsel, respectfully request this Court to enter an order as described herein, and for any other relief the Court deems equitable and just.

March 16, 2026                                     Respectfully submitted,

*s/ Trevor M.J. Prindle*
Trevor M.J. Prindle
DuPage County State's Attorney's Office
503 N. County Farm Rd
Wheaton, IL 60187
(630) 407-8224
Trevor.Prindle@dupagecounty.gov
*One of the Attorney for Defendants Gwen Henry,*
*Jean Kaczmarek and DuPage County*

*s/ Stephen J. Rice*
Stephen J. Rice
STATE'S ATTORNEY OF LAKE COUNTY
ERIC RINEHART
ASA Stephen J. Rice (#6287192)
ASA Karen D. Fox (#6255941)
18 N. County St., Waukegan, IL 60085
(847) 377-3050
srice@lakecountyil.gov; kfox@lakecountyil.gov
*One of the Attorneys for Defendants Vega, Kim, and*
*Lake County*

*s/ Vincent Coyle*
Erin M. Brady
Kane County State's Attorney Jamie L. Mosser
Erin M. Brady (#6292443)
Vincent Coyle (#6303106)
Assistant State's Attorneys
100 S. Third Street, Fourth Floor
Geneva, IL 60134

7

(630) 208-5320
bradyerin@co.kane.il.us
coylevincent@co.kane.il.us
*One of the Attorneys for Chris Lauzen, John Cunningham, and the County of Kane*

*s/ Jerome Murphy*
Charles A. LeMoine
clemoine@tresslerllp.com
Rosa M. Tumialán
rtumialan@tresslerllp.com
Jerome Murphy
jmurphy@tresslerllp.com
Carter Frambes
cframbes@tresserllp.com
TRESSLER, LLP
233 S. Wacker Dr., 61st Floor
Chicago, IL 60606
312-627-4191
*One of the Attorneys for Susan J. Goral in her capacity as Treasurer of Winnebago County, Illinois, Lori Gummow in her capacity as Clerk of Winnebago County, Illinois, and Winnebago County, Illinois; Lydia Hutchcraft, in her capacity as Treasurer of Carroll County, Illinois, Amy Buss, in her capacity as clerk of Carroll County, Illinois, and Carroll County, Illinois; Curt Newport, in his capacity as Treasurer of Boone County, Illinois, Julie Bliss in her capacity as Clerk of Boone County, Illinois, and Boone County, Illinois; Tim Brophy, in his capacity as Treasurer of Will County, Illinois, Andrea Linn in her capacity as clerk of Will County, Illinois, and Will County, Illinois; Nicole Bjerke, in her capacity as Treasurer of Peoria County, Illinois, Rachael Parker in her capacity as Clerk of Peoria County, Illinois, and Peoria County, Illinois*

s/ *Charles R. Watkins*
Charles R. Watkins
GUIN, STOKES & EVANS, LLC
805 Lake Street, #226
Oak Park, IL 60301
(312) 878-8391
charlesw@gseattorneys.com
*One of the Attorneys for Plaintiff*

8

**CERTIFICATE OF SERVICE**

I, Trevor M.J. Prindle, an attorney, certify that I filed the foregoing document with the Clerk of the Northern District of Illinois using the Court's electronic filing system. As a result, electronic copies were served upon all attorneys of record.

*/s/ Trevor M.J. Prindle*

Trevor M.J. Prindle

Assistant State's Attorney