IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

|  |  |  |
|---|---|---|
| GWEN HENRY, in her official capacity as Treasurer of DuPage County, Illinois; JEAN KACZMAREK, in her official capacity as Clerk of DuPage County, Illinois; DUPAGE COUNTY, ILLINOIS; HOLLY KIM, in her official capacity as Treasurer of Lake County, Illinois; ANTHONY VEGA, in his official capacity as Clerk of Lake County, Illinois; and LAKE COUNTY, ILLINOIS, | ) ) ) ) ) ) ) ) | |
| Third-Party Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 1:23-cv-15838 |
| KWAME RAOUL, in his official capacity as Attorney General of the State of Illinois; and SCRIBE HOLDINGS, LLC and HOBO INVESTMENTS, LLC, individually and on behalf of all others similarly situated, | ) ) ) ) ) ) | JURY TRIAL DEMANDED |
| Third-Party Defendants. | ) ) | |

AMENDED THIRD-PARTY COMPLAINT

1.     Third-Party Plaintiffs bring this action pursuant to the Illinois Constitution, 42 U.S.C. §1983, and the Fifth Amendment to the United States Constitution. Jurisdiction exists under 28 U.S.C. §2201, 2202, 1331, 1343, and 1367 and 42 U.S.C. §3613. The Third-Party Plaintiffs' claims arise out of the same nucleus of operative facts asserted in the First Amended Complaint ("FAC") over which the Court has original federal question jurisdiction.

Introduction

2.     Third-Party Plaintiffs are required, pursuant to the Illinois Property Tax Code, 35 ILCS 200/1-1 *et seq.* ("PTC"), to collect delinquent property taxes by conducting tax sales. At the tax sale, the County Treasurer offers all delinquent properties for investors, known as tax buyers,

to bid the interest rate charged for the late payment of property taxes. Upon bidding the lowest interest rate for a property, a tax buyer pays the delinquent taxes and is issued a certificate of purchase, as required by the PTC. The statutorily created tax lien is extinguished, and a new set of rights is created for the certificate holder. The certificate of purchase and its corresponding right to recover paid taxes, plus interest, fees and costs is a creature of statute. In the event that a tax buyer is not timely compensated for its investment, that tax buyer has the right, but not the obligation, to seek an order requiring the County Clerk to issue a tax deed. The tax buyer is entirely responsible for their own conduct in obtaining a tax deed and no provision of the PTC compels that they proceed to a tax deed if able to do so lawfully. The named Plaintiffs in the underlying case's amended complaint, and a class of similarly situated former property owners they seek to represent (collectively "former property owners"), brought suit against the Third-Party Plaintiffs for allegedly violating their rights.

3. The Illinois Constitution, Article 7, Section 7, states, in summation, that a county that is not home rule has only the powers granted to it by law.

4. DuPage County and Lake County are not home rule.

5. Defendant Kwame Raoul is the chief law enforcement officer of the State of Illinois and is responsible for enforcement and defense of Illinois law. *See generally* 15 ILCS 205/4.

6. Defendant Scribe Holdings, LLC is a tax buyer, which obtained a tax deed for property located in Naperville, Illinois and identified by PIN 08-30-121-013 on February 21, 2019. Immediately prior to the issuance of a tax deed, title to the property was held by Michel Sharritt.

7. Defendant HOBO Investments, LLC is a tax buyer, which obtained a tax deed for property located in Woodridge, Illinois and identified by PIN 08-24-406-009 on May 2, 2023. Immediately prior to the issuance of a tax deed, title to the property was held by Dareios Little.

<u>DEFENDANT CLASS ALLEGATIONS</u>

8.      Third-Party Plaintiffs bring this third-party action, in part, against Scribe Holdings, LLC and HOBO Investments, LLC, individually and on behalf of all others similarly situated (collectively "Third-Party Tax Buyer Defendants"), pursuant to Fed. R. Civ. P. 23; including Rule23(b)(2), 23(b)(3) and 23(c)(1), on behalf of the following Class:

> All persons or entities who meet the following criteria: (1) they owned or were assigned a certificate of purchase derived from property sold at a DuPage County tax sale; (2) a tax deed was issued to them pursuant to an order directing the County Clerk to issue a tax deed; (3) the value of the property transferred to them via a tax deed exceeded the amount owed in taxes, penalties, interest and costs due at the time the tax deed was issued.

Defendant Kwame Raoul ("Raoul") is named separate and apart from the Third-Party Tax Buyer Defendants as Third-Party Plaintiffs bring separate causes of action against them.

9.      **Numerosity.** Upon information and belief, dozens of persons or entities are members of the Class. Joining them all would be impracticable, but the parties in question can be identified through Third-Party Plaintiffs' data. The amount owed in taxes, penalties, interest and costs, (hereinafter "Tax Amount") due on properties that resulted in an issued tax deed, and any other statutorily imposed fees and costs imposed, may also be established from official records.

10.     **Commonality / Predominance**. Common questions of law and fact exist as to the members of the Class. These questions include, without limitation:

> (a)      Whether the transfer of properties to Tax Buyers without promptly remitting to the former property owners, or compensating them for, the equity in their property in excess of the Tax Amounts, constitutes an uncompensated taking of private property for a public purpose, a violation of due process of law, and/or an excessive fine under either or both the United States and Illinois Constitutions;

3

(b)     Whether Class members who took homes or property are state actors under Illinois law, assuming *Tyler v. Hennepin County*, 598 U.S. 631 (2023) (hereinafter "*Tyler*") applies to the PTC. *See Manhattan Community Access Corp. v. Halleck*, 587 U.S. 802, 809 (2019) ("a private entity can qualify as a state actor in a few limited circumstances . . . ."). "[P]owers traditionally exclusively reserved to the State" may qualify a private party as a state actor when exercised by that private entity. *Jackson v. Metropolitan Edison Co.,* 419 U.S. 345, 352 (1974). Fifth Amendment takings fit into such an analysis. See *id.* at 353 (contemplating eminent domain as a sovereign power that might be delegated to a private party); and

(c)     Whether the Class members acted under any authority granted to them by the Third-Party Plaintiffs or operated independently as a State actor.

11.     **Typicality.** The claims are typical against all members of the Class. All of the named claims arise from the same provisions of the PTC. Any individual Class member is not subject to unique defenses.

12.     **Adequacy.** Third-Party Defendants can fairly and adequately protect the interests of the Class. All Third-Party Defendants, except Raoul, are members of the Class. Third-Party Defendants have no interests adverse to the interests of the Class. In obtaining their respective tax deeds, Third-Party Defendant Scribe Holdings LLC and Third-Party Defendant HOBO Investments LLC were represented by competent counsel who regularly litigate and practice within the field of Illinois property tax law. There is no reason to believe that similarly competent counsel, if not the same counsel who had previously represented them, will be retained to defend and litigate the claims brought against them in this matter.

13. **Rule 23(b)(3) Predominance/Acting on Grounds that Apply Generally.** Questions of law or fact common to the Class predominate over any questions affecting only individual members of the Class and Third-Party Defendants have acted or refused to act on grounds that apply generally to the Class, so that final injunctive relief or corresponding declaratory relief is appropriate. Damages can be established on a class-wide basis.

14. **Superiority.** A class action is an appropriate method for the fair and efficient adjudication of this controversy and superior to other methods. Pursuing individual litigation would be unduly burdensome. Class treatment is also preferable because of the time and expense required for courts to address each individual case and the risks of inconsistent adjudications on the important issues raised herein. Overall, a class action would present far fewer management difficulties than a host of individual lawsuits, as well as the benefits of a single adjudication and comprehensive supervision by a single court.

<u>COUNT I – DECLARATORY JUDGMENT</u>[1]

15. The Third-Party Plaintiffs incorporate by reference all preceding allegations into this Count I as though fully set out herein.

16. In conducting a tax sale, Third-Party Plaintiffs collect delinquent property taxes in the manner proscribed by the PTC and in reasonable reliance on the terms and provisions therein.

17. A tax buyer pays the delinquent taxes and is issued a certificate of purchase as required by the PTC.

18. The issuance of the certificate of purchase extinguishes any tax lien and confers on the tax buyer the right to recover the amount of delinquent taxes it paid, plus interest, fees, penalties

---

[1] Third-Party Plaintiffs now bring this Declaratory Judgment Count against all Third-Party Defendants and have substantially amended the allegations therein. While the Court dismissed all claims against the State of Illinois and Attorney General Raoul in its March 20, 2026, Opinion and Order, the Third-Party Defendants have kept Attorney General Raoul as a Third-Party Defendant for the purposes of any appeal.

and costs as provided under the PTC.

19. The Third-Party Plaintiffs retain only the tax owed in addition to any fees and penalties imposed under the PTC when a tax buyer purchases a delinquency at an annual tax sale. As with other collected property taxes, the Treasurer distributes the amounts collected to the various taxing bodies and does not retain the majority of the collected amount.

20. The interest conveyed to a tax buyer at a tax sale does not transfer any surplus value of the property in excess of the taxes owed to the Third-Party Plaintiffs.

21. Any value of the property in excess of the tax owed remains with the property owner unless and until a tax deed is issued to the tax buyer.

22. The tax buyer is entitled to petition for a tax deed if the property is not redeemed by the property owner within the time required under the PTC.

23. The tax buyer pursues its statutory right to a tax deed by complying with all notice requirements and presenting a petition for a tax deed to a court sitting in the county where the property is located. A petition for a tax deed generally results in a court order that directs the County Clerk to issue a tax deed.

24. The Third-Party Plaintiffs are not parties to the tax deed petition.

25. A court hearing a tax deed petition has no discretion to deny a tax deed if the petition complies with the requirements set out in the PTC.

26. The County Clerks lack the discretion to defy a court order directing issuance of a tax deed.

27. The recording of an issued tax deed by the tax buyer divests the property owner of their property, including any value exceeding the tax delinquency, transferring that value exclusively to the tax buyer.

28. Property owners who are divested of their property, including any surplus value, by recording of a tax deed may pursue recovery of that surplus under the Indemnity Fund provisions of the PTC.

29. Tax buyers regularly engage in negotiations with former property owners regarding Indemnity Fund petitions.

30. In many instances, a tax buyer enters into a contract with the former property owner in which the former property owner agrees to file an Indemnity Fund petition and turnover any reward to the tax buyer in exchange for title to the property.

31. Such contracts are contemplated within the PTC under 35 ILCS 200/21-305(c).

32. The availability of a remedy for a property owner to collect surplus value lost in the issuance of a tax deed immunizes the Third-Party Plaintiffs from liability for an unconstitutional taking under *Tyler*.

33. The underlying Plaintiffs seek to impose liability on the Third-Party Plaintiffs based on the Third-Party Plaintiffs' performance of statutorily required actions with respect to the collection of delinquent property taxes that they lack the discretion or authority to avoid.

34. The Third-Party Plaintiffs deny that any unconstitutional taking under *Tyler* occurs under the tax deed issuance process in the PTC unless and until an Indemnity Fund claim is made that results in insufficient relief to the property owner.

35. No Illinois court has yet specifically addressed whether the availability of the Indemnity Fund remedy under the PTC satisfies the *Tyler* analysis.

36. The lack of a definitive answer to this legal question exposes the Third-Party Plaintiffs to liability and complaints filed by tax buyers seeking to avoid liability by virtue of their voluntary participation in the annual tax sales.

37.     The lack of a definitive answer to the legal question also adversely impacts administration of the PTC.

38.     The Third-Party Plaintiffs deny that the PTC is unconstitutional either as drafted or as applied because the Indemnity Fund offers property owners a remedy through which they may recover the value lost in excess of the tax delinquency collected.

39.     If, as the FAC alleges, the collection of delinquent property taxes results in a constitutional violation, that is the result of the Third-Party Plaintiffs' compliance with the statutory provisions under the PTC authorizing the collection of delinquent property taxes on which provisions they reasonably relied.

40.     If, as the FAC alleges, the collection of delinquent property taxes results in a constitutional violation in the form of a confiscation of value in excess of the tax delinquency sold at the annual tax sale, that value in excess of the delinquency is held by the tax buyer who should disgorge such value to the property owner.

41.     If, as the FAC alleges, the collection of delinquent property taxes results in a constitutional violation in the form of a confiscation of value in excess of the tax delinquency sold at the tax sale, that value in excess of the delinquency is neither collected, held, nor transferred to the Third-Party Plaintiffs.

42.     An actual controversy exists as to the constitutionality of the PTC, given the Indemnity Fund provisions therein in light of the United States Supreme Court opinion in *Tyler* as pled in the FAC.

43.     The tax buyers are inextricably involved in the collection of unpaid property taxes insofar as their participation is required to issue the tax deed that divests the property owner of his or her ownership interest and amounts to the taking as alleged in the FAC.

44. Claims for violation of constitutional rights are usually brought against government entities such as Third-Party Plaintiffs.

45. Under the PTC, the State of Illinois has authorized tax buyers to use state power to effectuate the taking the underlying Plaintiffs seek damages from the Third-Party Plaintiffs for and further limit the ability of the Third-Party Plaintiffs to address any constitutional violation.

46. Tax buyers freely participate in the tax collection process and by so doing, accept this State's grant of state power. Therefore, tax buyers, become state actors under the PTC.

47. The Third-Party Plaintiffs specifically deny any and all liability under section 1983 and the constitutional claims asserted in the FAC under *Tyler* and insist that there is no constitutional violation because of the existence of the Indemnity Fund remedy in the PTC, and by reason of such demand, the Third-Party Plaintiffs are in peril and in danger of loss unless the provisions of the PTC are properly construed in the rights of all parties hereto determined in this action.

48. The Third-Party Plaintiffs further specifically deny that, to the extent that Plaintiffs' constitutional claims under *Tyler* are not barred by the existence of the Indemnity Fund remedy, they are solely financially liable to reimburse property owners the surplus value of any property transferred to a tax buyer via a properly issued tax deed and insist that any monies due and owing in excess of an Indemnity Fund claim are recoverable from the tax buyers to whom the value was transferred on issuance of the tax deed.

49. Under 28 U.S.C. § 2201, this Honorable Court is vested with the power to declare the rights and liabilities of the parties hereto under the terms and provisions of PTC and address the question of constitutionality of the mechanism for collection of delinquent property taxes that is the subject of Plaintiffs' complaint.

WHEREFORE, the Third-Party Plaintiffs respectfully request a finding that the existence of the Indemnity Fund available under the PTC removes liability under *Tyler*. In the alternative, Third-Party Plaintiffs request a finding that Scribe Holdings, LLC and HOBO Investments, LLC, and similarly situated tax buyers, are state actors, are in actual possession of any surplus value in those properties they transferred to themselves via tax deed and are therefore required to reimburse Plaintiffs any value in excess of the taxes collected at tax sale, and for any other relief this Court deems equitable and just.

COUNT II – CONTRIBUTION
AGAINST ALL THIRD-PARTY DEFENDANTS[2]

50.     The allegations contained in the preceding paragraphs are incorporated and repeated in this paragraph and this Count is brought by Third-Party Plaintiffs and against all Third-Party Tax Buyer Defendants.

51.     Raoul compels Third-Party Plaintiffs' conduct by not providing any authority for Third-Party Plaintiffs to provide just compensation. He, therefore, retains that authority for himself.

52.     The Third-Party Tax Buyer Defendants, when executing their ability to obtain a tax deed under the PTC, are state actors under Illinois law.

53.     Each Third-Party Tax Buyer Defendant was the sole moving force behind seeking and obtaining a tax deed(s).

54.     Upon presenting their obtained order for issuance of a tax deed to the Third-Party Plaintiff Clerk, the Third-Party Tax Buyer Defendants had a constitutional mandate to deposit with

---

[2] Third-Party Plaintiffs recognize that the Court previously dismissed their Count for contribution in its March 20, 2026, Opinion and Order. The Third-Party Plaintiffs have made non-substantial changes to clean-up their allegations and substantial changes to their claim in paragraphs 59–62 to clarify the conditional relief sought and maintain their claim as amended for the purposes of any appeal.

either Third-Party Plaintiff Kaczmarek or the Circuit Clerk for the Eighteenth Judicial District (or their Lake County counterparts) just compensation for the benefit of the former property owner, if *Tyler* applies to the PTC, in an amount that corresponds to the then fair market value of the property with the Tax Amount withheld.

55. The Third-Party Tax Buyer Defendants did not deposit that constitutionally mandated just compensation. Furthermore, the Third-Party Tax Buyer Defendants did not request the court to adjudicate the constitutional rights of the former property owner prior to obtaining an order for issuance of a tax deed(s).

56. The Third-Party Tax Buyer Defendants' policies and practices of failing to adequately, certainly, and reasonably compensate former property owners for the equity in properties which they confiscated or caused homeowners to cease to own and be deprived of is an actionable taking of private property (*i.e.*, the value of their homes in excess of the Tax Amounts due) without just compensation, if *Tyler* applies to the PTC, and a deprivation of rights secured under, *inter alia,* the Fifth and Fourteenth Amendments to the United States Constitution and Article I, Section15 of the Illinois Constitution.

57. Furthermore, by seeking an unconstitutional order for the issuance of a tax deed which does not secure just compensation as mandated by the United States Constitution and Illinois Constitution, if *Tyler* applies to the PTC, the Third-Party Tax Buyer Defendants compelled the Third-Party Plaintiffs to violate the former property owners' constitutional rights.

58. The Third-Party Plaintiffs are sued in the underlying matter for the violation of a class of former property owners' civil rights. The Third-Party Tax Buyer Defendants are acting as a state actor in order to deprive any party of their property without providing just compensation, and would be thereby liable under the former property owners' allegations for their conduct, if

*Tyler* applies to the PTC . The Third-Party Plaintiffs did not cause any party to lose their property without just compensation.

59. Without liability to the Third-Party Tax Buyer Defendants, those parties are incentivized to continue their use of the PTC to commit constitutional violations, accepting the unlawful benefits therefrom and use the Plaintiffs as their shield from liability. This entirely defeats the purpose of §1983 because it would eliminate the potential cost of constitutional violations committed by tax buyers.

60. Without liability to Raoul, the State is incentivized to continue its neglect of any and all legislative changes to the PTC to alleviate constitutional violations, accepting the unlawful benefits to all its taxing bodies and use the Plaintiffs as their shield from liability. The State receives the benefit of sovereign immunity, but the County Third-Party Plaintiffs are not similarly immune and are left to administer a PTC that is, by design, violating constitutional rights, if *Tyler* applies to the PTC. This entirely defeats the purpose of §1983 because it would eliminate the potential cost of constitutional violations authorized by the State and removes all motive to amend the PTC.

61. The Third-Party Plaintiffs assert contribution as a third-party plaintiff. If the Third-Party Plaintiffs are liable to the underlying plaintiffs, then and only then are the Third-Party Tax Buyer Defendants liable to the Third-Party Plaintiffs. The Third-Party Plaintiffs do not seek, because they are not entitled to retain, any surplus as alleged by the underlying Plaintiffs. However, that liability, if found against and entirely born by the Third-Party Plaintiffs, results in the required contribution to that liability that the Third-Party Plaintiffs seek herein.

62. Third-Party Plaintiffs request this Court to order the Third-Party Tax Buyer Defendants to contribute their *pro rata* share of the damages which Third-Party Plaintiffs are ordered to pay in the present suit to any and all former property owners.

63. Third-Party Plaintiffs request this Court to order the State Third-Party Defendant to contribute their *pro rata* share of the damages which Third-Party Plaintiffs are ordered to pay in the present suit to any and all former property owners.

64. Third-Party Plaintiffs assert that as ministerial government officials performing acts compelled either by State law or by court order, they are minimally responsible for any ordered damages, if *Tyler* applies to the PTC. The Third-Party Tax Buyer Defendants are solely responsible for the alleged takings and excessive fines claims filed against the Third-Party Plaintiffs and used the Third-Party Plaintiffs' limited authority to the benefit of Third-Party Tax Buyer Defendants' personal gain. Therefore, the Third-Party Tax Buyer Defendants, in portions that may be adjudicated by the Court, should contribute 100% of any and all damages and costs attributed to the Third-Party Plaintiffs in this case be paid by the Third-Party Tax Buyer Defendants who are at sole fault for their unconstitutional laws, if *Tyler* applies to the PTC.

65. WHEREFORE, the Third-Party Plaintiffs respectfully request relief consistent with their Prayer for Relief below.

COUNT III – UNJUST ENRICHMENT
AGAINST CLASS THIRD-PARTY DEFENDANTS[3]

66. The allegations contained in the preceding paragraphs are incorporated and repeated in this paragraph and this Count is brought by Third-Party Plaintiffs and against the Third-Party Tax Buyer Defendants.

67. After compelling the actions of Third-Party Plaintiffs by court order and subjecting Third-Party Plaintiffs to any liability for violating the rights of former property owners, the Third-Party Tax Buyer Defendants retained the surplus equity that rightfully should have been paid to the former property owner, if *Tyler* applies to the PTC.

68. By not paying the just compensation, the Third-Party Tax Buyer Defendants retained and received a sizable benefit and were enriched at the expense of the Third-Party Plaintiffs. Third-Party Plaintiffs are subjected to large financial risk by the former property owners claims without having retained any value from the property to compensate or reimburse the former property owners. The Third-Party Tax Buyer Defendants received and retained that value.

69. Keeping the value of the surplus equity while the Third-Party Plaintiffs incur the expense of the tax buyer's constitutional violation, if *Tyler* applies to the PTC, is against all principles of justice and equity.

70. Third-Party Plaintiffs assert unjust enrichment as a third-party plaintiff. If the Third-Party Plaintiffs are liable to the underlying Plaintiffs, then and only then are the Third-Party Tax Buyer Defendants liable to the Third-Party Plaintiffs. The Third-Party Plaintiffs do not seek, because they are not entitled to retain, any surplus as alleged by the underlying Plaintiffs. However,

---

[3] Third-Party Plaintiffs recognize that the Court previously dismissed their Count for unjust enrichment in its March 20, 2026, Opinion and Order. The Third-Party Plaintiffs have made non-substantial changes to clean-up their allegations and substantial change to their claim in paragraph 70 to clarify the conditional relief sought and maintain their claim as amended for the purposes of any appeal.

that liability, if found against and entirely born by Third-Party Plaintiffs, results in the unjust enrichment that the Third-Party Plaintiffs complain of herein.

71. The Third-Party Tax Buyer Defendants are unjustly enriched at the expense of the Third-Party Plaintiffs and should be ordered to provide restitution to the Third-Party Plaintiffs including all costs of defending the claims in the underlying suit and prosecuting these claims in this Third-Party Complaint.

72. WHEREFORE, the Third-Party Plaintiffs respectfully request relief consistent with their Prayer for Relief below.

## PRAYER FOR RELIEF

WHEREFORE, Third-Party Plaintiffs respectfully request that the Court:

A. Certify this action as a Third-Party Defendant class action pursuant to Fed. R. Civ. P. 23, with Third-Party Defendant Scribe Holdings, LLC and Third-Party Defendant HOBO Investments, LLC designated as representatives of the Class for claims brought by the Third-Party Plaintiffs and that the Court appoint a lead counsel for the defendant class, including without limitation and as appropriate issue certification under Rule 23(c)(4), Fed. R. Civ. P.;

B. Award Third-Party Plaintiffs damages in the amount of all just compensation as determined by the Court and/or just compensation, including any prejudgment interest ordered paid by Third-Party Plaintiffs, in an amount determined at trial and award Third-Party Plaintiffs appropriate relief;

C. Award Third-Party Plaintiffs reasonable attorney's fees and costs, as provided by law;

D. Declare that the Illinois Property Tax Code, which compels the Third-Party Plaintiffs to act and, through no fault of the Third-Party Plaintiffs, can result in the unconstitutional

taking of property owners' equity should this Court determine that *Tyler* applies to the PTC; and

E.      Grant the Third-Party Plaintiffs such further relief as may be deemed just and proper to secure and protect themselves from an award against them in favor of the former property owners for just compensation or similar relief or awards.

**JURY DEMAND**

Third-Party Plaintiffs demand a trial by jury as to all issues so triable.


Respectfully submitted,
By: *s/ Graeme J. Quinn*
Graeme J. Quinn
*One of the DuPage Defendants' Attorneys*


ROBERT B. BERLIN
DuPage County State's Attorney
By: Graeme J. Quinn, Assistant State's Attorney
ARDC 6321338
Graeme.Quinn@dupagecounty.gov
Trevor M.J. Prindle, Assistant State's Attorney
ARDC 6330307
Trevor.Prindle@dupagecounty.gov
503 N. County Farm Road
Wheaton, Illinois 60187
630/407-8200


Respectfully submitted,
ERIC F. RINEHART
State's Attorney of Lake County

By: */s/Stephen J. Rice*
Assistant State's Attorney


Eric F. Rinehart
STATE'S ATTORNEY OF LAKE COUNTY
Stephen J. Rice (#6287192)
Assistant State's Attorney
18 N. County St., Waukegan, IL 60085
(847) 377-3050; srice@lakecountyil.gov