**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

Nicole Bjerke, in her capacity as Treasurer of Peoria County, Illinois, Rachael Parker in her capacity as Clerk of Peoria County, Illinois, Peoria County, Illinois, , Lydia Hutchcraft, in her capacity as Treasurer of Carroll County, Illinois, Amy Buss, in her capacity as clerk of Carroll County, Illinois, Carroll County, Illinois; Curt Newport, in his capacity as Treasurer of Boone County, Illinois, Julie Bliss in her capacity as Clerk of Boone County, Illinois, and Boone County, Illinois, Christopher Lauzen, in his official capacity as Treasurer of Kane County, Illinois; John Cunningham, in his official capacity as Clerk of Kane County, Illinois; and the County of Kane, Illinois,

      Third-Party Plaintiffs,

DG ENTERPRISES, LLC-XPROP, LLC, CORTEZZ, LLC, REALTAX DEVELOPERS, LTD.,

      Third-Party Defendants

_____

Case No.: 1:23-cv-15838

THIRD PARTY COMPLAINT

Jury Trial Demanded

**CERTAIN COUNTY DEFENDANTS' AMENDED THIRD-PARTY COMPLAINT**

NOW COME Defendants and Third-Party Plaintiffs, Lydia Hutchcraft, in her capacity as

Treasurer of Carroll County, Illinois; Amy Buss, in her capacity as clerk of Carroll County,

Illinois; Carroll County, Illinois; Tim Brophy, in his capacity as Treasurer of Will County,

Illinois; Andrea Linn, in her capacity as clerk of Will County, Illinois; Will County, Illinois; Nicole Bjerke, in her capacity as Treasurer of Peoria County, Illinois; Rachael Parker in her capacity as Clerk of Peoria County, Illinois; Peoria County, Illinois; Curt Newport, in his capacity as Treasurer of Boone County, Illinois; Julie Bliss, in her capacity as Clerk of Boone County, Illinois; and Boone County, Illinois; Christopher Lauzen, in his official capacity as Treasurer of Kane County, Illinois; John Cunningham, in his official capacity as Clerk of Kane County, Illinois; and the County of Kane (collectively "County Defendants/Third-Party Plaintiffs"), through their undersigned attorneys, state as follows for their Amended Third-Party Complaint:

1.     The County Defendants/Third Party Plaintiffs bring this action under the Illinois Constitution and the Fifth Amendment to the United States Constitution. Jurisdiction exists under 28 U.S.C. §1331.

2.     The County Defendants/Third Party Plaintiffs alternatively allege that jurisdiction over this third-party complaint exists under 28 U.S.C. § 1367(a) as the claims arise out of the same nucleus of operative facts asserted in the amended complaint over which the Court has original federal question jurisdiction.

3.     This action arises out of allegations that Defendants' administration of Illinois law, namely the Property Tax Code, 35 ILCS 200/21-305 ("PTC") and the 35 ILCS 200/21-295 (the "Indemnity Fund"), caused property owners to be wrongfully divested of their real property and/or equity in same without just compensation.

4.     Plaintiffs' first amended complaint ("FAC") alleges constitutional claims under both the United States and Illinois constitutions, seeks remedies under 42 U.S.C. § 1983 and requests class certification to pursue those claims against the County Defendants/Third Party Plaintiffs . *See* Dkt. No. 78.

5. The County Defendants/Third Party Plaintiffs deny all substantive allegations and assert various affirmative defenses to the FAC. *See* Dkt. No. 126.

6. The County Defendants/Third Party Plaintiffs bring this third-party complaint in the alternative to the extent that they may be found liable, in whole or in part, for any of the claims alleged in the FAC.

7. Any liability that could be imposed on the County Defendants/Third Party Plaintiffs is based on solely on actions they are required to take under the PTC on which they reasonably relied in collecting delinquent property taxes.

8. The Illinois Constitution, Article 7, Section 7, states, in sum, that a county that is not home rule has only the powers granted to them by law.

9. The County Defendants/Third Party Plaintiffs are not home rule.

10. The PTC, enacted by the Illinois legislature, governs the County Defendants/Third Party Plaintiffs ' collection of property taxes in Illinois.

11. The County Defendants/Third Party Plaintiffs do not have discretion to deviate from the procedures and requirements in the PTC.

12. Any tax sales conducted by the County Defendants/Third Party Plaintiffs under the authority conferred on them under the PTC results in the County Defendants/Third Party Plaintiffs only collecting the delinquent taxes and any associated statutory fees paid by the tax buyer.

13. Consistent with the statutory requirements and procedures in the PTC, Peoria, Carroll and Boone Counties collected delinquent property taxes by conducting tax sales relative to property owned by Karl Lee, Melody Cannon, Maurice Cross and Christopher Meyer.

14. Although the FAC names Kane and Will Counties, there are no allegations that any named plaintiff owned real property in those counties that were delinquent in property taxes which

3

delinquent taxes were collected through a tax sale and the named plaintiffs lack standing to pursue claims against these counties.

15. DG ENTERPRISES, LLC-XPROP, LLC, CORTEZZ, LLC, REALTAX DEVELOPERS, LTD are tax buyers who participated in the annual tax sales under the terms of the PTC. These entities purchased the tax delinquencies at the annual tax sales conducted by Peoria, Boone and Carroll Counties. These entities received tax certificates in exchange for purchasing the tax delinquencies. These entities then petitioned for and received a tax deed under the terms of the PTC and as such are state actors.

## COUNT I
### DECLARATORY JUDGMENT

16. The County Defendants/Third Party Plaintiffs incorporate by reference all preceding allegations into this Count I as though fully set out herein.

17. In conducting a tax sale, Peoria, Kane, Carroll and Boone Counties' collect delinquent property taxes in the manner proscribed by the PTC and in reasonable reliance on the terms and provisions therein.

18. Without waiving standing, Kane County's conduct in collecting delinquent taxes is performed in accordance with the PTC and in reasonable reliance on the terms and provisions therein.

19. A tax buyer pays the delinquent taxes and is issued a certificate of purchase as required by the PTC.

20. The issuance of the certificate of purchase extinguishes any tax lien and confers on the third-party tax buyer the right to recover the amount of delinquent taxes it paid, plus interest, fees, penalties and costs as provided under the PTC.

21. The County Defendants/Third Party Plaintiffs retain only the tax delinquency owed

4

in addition to any fees and penalties imposed under the PTC when a third-party tax buyer purchases a delinquency at an annual tax sale.

22.     The interest conveyed to a tax buyer at a tax sale does not transfer any surplus value of the property in excess of the delinquency to the County Defendants/Third Party Plaintiffs .

23.     Any value of the property in excess of the tax owed remains with the property owner unless and until a tax deed is issued to the tax buyer.

24.     The tax buyer is entitled to petition for a tax deed if the property is not redeemed by the property owner within the time required under the PTC.

25.     The tax buyer may  pursue its statutory right to a tax deed if it complies with all notice requirements and presents a petition for a tax deed to a court sitting in a county where the property is located.  If the court finds the tax deed compliant, the court directs the County Clerk to issue a tax deed.

26.     The County Defendants/Third Party Plaintiffs  are not parties to the tax deed petition.

27.     The County Clerks lack the discretion to defy a court order directing issuance of a tax deed.

28.     The recording of a tax deed by the tax buyer divests the property owner of their property, including any value exceeding the tax delinquency owed, transferring that value exclusively to the tax buyer.

29.     Property owners who are divested of their property, including any surplus value, by issuance of a tax deed may pursue recovery of that surplus under the Indemnity Fund provisions of the PTC.

30.     Tax buyers regularly engage in negotiations with former property owners regarding

Indemnity Fund petitions.

31.     In many instances, a tax buyer enters into a contract with the former property owner in which the former property owner agrees to file an Indemnity Fund petition and turnover any reward to the tax buyer in exchange for title to the property.

32.     The availability of a remedy for a property owner to collect surplus value lost in the issuance of a tax deed immunizes the County Defendants/Third Party Plaintiffs  from liability for an unconstitutional taking under *Tyler*.

33.     Plaintiffs' FAC seeks to impose liability on the County Defendants/Third Party Plaintiffs  based on the County Defendants/Third Party Plaintiffs ' performance of statutorily required actions with respect to the collection of delinquent property taxes that they lack the discretion or authority to avoid.

34.     Plaintiffs' FAC contends that the issuance of tax deeds following the sale of their respective delinquent property taxes, which deeds are later recorded, constitutes an unconstitutional taking under the United States Supreme Court opinion in *Tyler* because the plaintiffs were divested of any and all value in excess of the tax delinquency collected by the County Defendants/Third Party Plaintiffs .

35.     The County Defendants/Third Party Plaintiffs  deny that any unconstitutional taking under *Tyler* occurs under the tax deed issuance process in the PTC unless and until an Indemnity Fund claim is made that results in insufficient relief to the property owner.

36.     No plaintiff in Peoria, Boone or Carroll Counties initiated an Indemnity Fund claim under the PTC that was denied, depriving them of their lost surplus value.

37.     Plaintiffs' FAC instead assumes that the Indemnity Fund provisions are themselves unconstitutional under *Tyler* and alleges that the collection of delinquent property taxes results in

a constitutional violation of their property rights.

38.     No Illinois court has yet specifically addressed whether the availability of the Indemnity Fund remedy under the PTC satisfies the *Tyler* analysis.

39.     The lack of a definitive answer to this legal question exposes the County Defendants/Third Party Plaintiffs to liability in the form of plaintiffs' FAC and complaints filed by tax buyers seeking to avoid liability by virtue of their voluntary participation in the annual tax sales.

40.     The lack of a definitive answer to the legal question also adversely impacts administration of the PTC.

41.     For instance, property owners in at least two defendant counties are relying on the same assumption on which plaintiffs' FAC in this case is premised—that issuance of a tax deed amounts to an unconstitutional taking—to interfere with tax deed petitions filed by at least one of the third-party tax buyers here.

42.     The County Defendants/Third Party Plaintiffs  deny that the PTC is unconstitutional either as drafted or applied as plaintiffs' FAC assumes because the Indemnity Fund offers property owners a remedy through which they may recover the value lost in excess of the tax delinquency owed.

43.     If, the FAC alleges, the collection of delinquent property taxes results in a constitutional violation, that is the result of the County Defendants/Third Party Plaintiffs ' compliance with the statutory provisions under the PTC authorizing the collection of delinquent property taxes on which provisions they reasonably relied.

44.     If, the FAC alleges, the collection of delinquent property taxes results in a constitutional violation in the form of a confiscation of value in excess of the tax delinquency sold

at the annual tax sale, that value in excess of the delinquency is held by the tax buyer who should disgorge such value to the property owner.

45. If, the FAC alleges, the collection of delinquent property taxes results in a constitutional violation in the form of a confiscation of value in excess of the tax delinquency sold at the tax sale, that value in excess of the delinquency is neither collected, held nor transferred to the County Defendants/Third Party Plaintiffs .

46. An actual controversy exists as to the constitutionality of the PTC, given the Indemnity Fund provisions therein in light of the United States Supreme Court opinion in *Tyler* as pled in the FAC.

47. The tax buyers are inextricably involved in the collection of delinquent property taxes insofar as their participation is required to issue the tax deed that divests the property owner of his or her ownership interest and amounts to the taking as alleged in the FAC.

48. Claims for violation of constitutional rights are usually brought against government entities such as the County Defendants/Third-Party Plaintiffs.

49. Under the PTC, the State of Illinois has authorized tax buyers to use state power to effectuate the taking the underlying Plaintiffs seek damages from the County Defendants/Third-Party Plaintiffs for and further limit the ability of the County Defendants/Third-Party Plaintiffs to address any constitutional violation.

50. Tax buyers freely participate in the tax collection process and by so doing, accept this State's grant of state power. Tax buyers thereby become state actors under the PTC.

51. The County Defendants/Third-Party Plaintiffs specifically deny any and all liability under section 1983 and the constitutional claims asserted in the FAC under *Tyler* and insist that there is no constitutional violation because of the existence of the Indemnity Fund remedy in the

8

PTC, and by reason of such demand, the County Defendants/Third-Party Plaintiffs are in peril and in danger of loss unless the provisions of the PTC are properly construed in the rights of all parties hereto determined in this action.

52.     The County Defendants/Third-Party Plaintiffs further specifically deny that, to the extent that Plaintiffs' constitutional claims under *Tyler* are not barred by the existence of the Indemnity Fund remedy, they are solely financially liable to reimburse property owners the surplus value of any property transferred to a tax buyer via a properly issued tax deed and insist that any monies due and owing in excess of an Indemnity Fund claim are recoverable from the tax buyers to whom the value was transferred on issuance of the tax deed.

53.     Under 28 U.S.C. § 2201, this Honorable Court is vested with the power to declare the rights and liabilities of the parties hereto under the terms and provisions of PTC and address the question of constitutionality of the mechanism for collection of delinquent property taxes that is the subject of Plaintiffs' complaint.

WHEREFORE, the County Defendants/Third-Party Plaintiffs, respectfully request a declaratory judgment finding that the existence of the Indemnity Fund remedy available under the PTC immunizes the County Defendants/Third Party Plaintiffs from liability under *Tyler*. The County Defendants/Third Party Plaintiffs alternatively request a declaratory judgment finding that Third-Party Defendants, DG ENTERPRISES, LLC-XPROP, LLC, CORTEZZ, LLC, REALTAX DEVELOPERS, LTD., qualify as state actors, are in actual possession of any surplus value in Plaintiffs' property transferred to them via tax deed and are required to reimburse Plaintiffs' any value in excess of the tax delinquency collected that is not recoverable from the Indemnity Fund, and for any other relief this Court deems equitable and just.

Dated: June 1, 2026

Respectfully submitted,

Lydia Hutchcraft, in her capacity as Treasurer of Carroll County, Illinois, Amy Buss, in her capacity as clerk of Carroll County, Illinois, Carroll County, Illinois; Tim Brophy, in his capacity as Treasurer of Will County, Illinois; Andrea Linn, in her capacity as clerk of Will County, Illinois; Will County and Curt Newport, in his capacity as Treasurer of Boone County, Illinois, Julie Bliss in her capacity as Clerk of Boone County, Illinois, and Boone County, Illinois, Nicole Bjerke, in her capacity as Treasurer of Peoria County, Illinois, Rachael Parker in her capacity as Clerk of Peoria County, Illinois, Peoria County, Illinois.

By:   s/Rosa M. Tumialán
   Rosa M. Tumialán
   rtumialan@tresslerllp.com
   Jerome Murphy
   jmurphy@tresslerllp.com
   Carter Frambes
   cframbes@tresserllp.com
   TRESSLER, LLP
   233 S. Wacker Dr., 6lst Floor
   Chicago, IL 60606
   312-627-4191

Christopher Lauzen, in his capacity as Treasurer of Kane County, John Cunningham, in his capacity as Clerk of Kane County, and Kane County, Illinois.

   By: /s/ Vincent Coyle
   Vincent Coyle
   One of Kane County Defendants' Attorneys
   Kane County State's Attorney
   By Vincent Coyle
   ARDC 6303106
   coylevincent@kanecountyil.gov
   Erin M. Brady
   ARDC 6292443
   bradyerin@co.kane.il.us
   Assistant State's Attorneys

10

100 South Third Street, 4th Floor
Geneva, Illinois 60134

## CERTIFICATE OF SERVICE

I hereby certify that on June 1, 2026, I electronically filed the foregoing Defendants'
Amended Third-Party Complaint with the Clerk of the Court using the CM/ECF system. A copy
of said document will be electronically transmitted to all counsel of record.

/s/ Rosa M. Tumialán

11