**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| GWEN HENRY, et al. | ) |
| | ) |
|     Third Party Plaintiffs, | ) |
| | ) Case No.: 1:23-cv-15838 |
| v. | ) |
| | ) |
| SCRIBE HOLDINGS, LLC, et al. | ) Honorable Sara L. Ellis |
| | ) |
|     Third Party Defendants. | ) |

**THIRD PARTY DEFENDANT SCRIBE HOLDINGS, LLC'S RULE 12(b)(6)
MOTION TO DISMISS AMENDED THIRD PARTY COMPLAINT**

Third Party Plaintiffs are the treasurers and clerks of DuPage and Lake Counties (the "Counties"). In the underlying complaint, the Counties were sued for allegedly unconstitutionally taking Plaintiffs' home equity through tax sales to private tax buyers. The Counties asserted third-party claims against Scribe Holdings, LLC ("Scribe") and other tax buyers, arguing that a class of tax buyer defendants is liable to Plaintiffs instead of them. Scribe moved to dismiss the Counties' initial complaint under Rule 12(b)(6) because Scribe is not a state actor and because all of the Counties' claims fail as a matter of law. On March 20, 2026, the Court granted the tax buyers' motions to dismiss in full and without prejudice. The Court did not reach the state actor issue, but instead held that the Counties could not state claims for an unconstitutional taking, contribution, implied indemnity, or unjust enrichment. The Counties were given leave to replead.

The Counties have now filed their Amended Third Party Complaint ("A3PC"). Because the Counties have not adequately addressed the Court's concerns with the

1

viability of their claims, the A3PC must be dismissed. The Counties have transformed their takings claim into one for declaratory relief. This relabeling does not cure the defects in this claim. Federal law does not recognize a standalone cause of action for "declaratory judgment." Rather, a declaratory judgment is a remedy that must stem from and tie to an otherwise viable cause of action. Because the Counties cannot seek contribution on Plaintiffs' Section 1983 claims as a matter of law, they cannot independently seek a declaratory judgment to the same effect. In short, the Counties have no viable causes of action against Scribe, and without one they cannot pursue declaratory relief. Separately and in addition, the Counties improperly ask for declaratory relief that only looks backwards. This is not allowed as a matter of law.

The Counties' amendments to their A3PC do not cure the errors in their substantive claims as identified by the Court in its March 20, 2026 Opinion and Order. Dkt. 203. The Court thoroughly rejected the Counties' effort to plead a claim for contribution based on 42 U.S.C. § 1988, and the Counties' superficial pleading changes in the A3PC do not come close to addressing the Court's reservations with that claim. The Counties have dropped their implied indemnity claim entirely; it is not repleaded. Regarding unjust enrichment, that claim once again fails as a matter of law because Scribe was not enriched to the detriment of DuPage County. Independently, Scribe's relationship with DuPage County was governed by contract and thus DuPage County cannot pursue equitable quasi-contract remedies. Lastly, although the Court did not reach the issue in March, all of the Counties' claims are

2

time-barred on the face of the A3PC. For all of these reasons, the Counties' claims in their A3PC should be dismissed with prejudice.

## RELEVANT FACTS

Plaintiffs sued the Counties for taking property without just compensation. *See* Dkt. 78 ¶3 (First Amended Complaint or "FAC"). The gravamen of the FAC is that under *Tyler v. Hennepin County,* 598 U.S. 631 (2023), units of Illinois government "had no right to sell to Tax Buyers a right to obtain Plaintiff's . . . property" via tax sales without providing just compensation. *Id.* The Counties moved to dismiss on a variety of grounds, including that Scribe and other tax buyers were necessary parties under Fed. R. Civ. P. 19. The Court largely denied that motion and found that Scribe was not a necessary party. Dkt. 105 at 35-36.

On June 1, 2026, the Counties filed their A3PC against Scribe as an alleged defendant class representative. Dkt. 212. In that pleading, the Counties added a declaratory judgment claim against the tax buyers. Dkt. 212 Count I. They also repeat their previously-dismissed claim for contribution relating to Plaintiffs' takings claims (*id.* Count II), with a handful of additional allegations. *Id.* ¶¶ 59-62. The Counties have dropped their implied indemnity claim (3PC, Dkt. 124, Count III), but maintain their claim for unjust enrichment, also with some new allegations. *See* Dkt. 212, Count III; *compare* Dkt. 212 Count III *with* Dkt. 124 Count IV.

The Counties initially did not plead that Scribe was a state actor. *See* Dkt. 124, *passim*. In their A3PC, they now allege that the tax buyers are state actors because they "freely participate in the tax collection process, and by so doing, accept the

State's grant of state power." Dkt. 212 ¶ 46; *see also id.* ¶¶ 52, 58. In the Counties' new declaratory claim, they ask the Court to declare that Scribe and the other tax buyers are "state actors" who are "therefore required to reimburse Plaintiffs any value in excess of the taxes collected at tax sale…" Dkt. 212, Count I Prayer.

## ARGUMENT

The Counties' three claims against Scribe fail as a matter of law and should be dismissed with prejudice pursuant to Fed. R. Civ. P. 12(b)(6). The A3PC does not contain enough factual content to support any plausible cause of action. *Adams v. City of Indianapolis*, 742 F.3d 720, 728-29 (7th Cir. 2014) ("more than mere notice" required to survive motion to dismiss under *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)).

## I.      The Counties cannot state a claim for declaratory relief.

The Counties' Count I is captioned "Declaratory Judgment" and "requests a finding that [Scribe] and Hobo Investments, LLC, and similarly situated tax buyers, are state actors, are in actual possession of any surplus value in those properties they transferred to themselves via tax deed, and are therefore required to reimburse Plaintiffs any value in excess of the taxes collected at tax sale." Dkt. 212 at 10. Count I should be dismissed for multiple independent reasons.

### A. "Declaratory Judgment" is not a standalone cause of action, but a remedy.

The first reason why the Counties' Count I should be dismissed is that "[t]he Declaratory Judgment Act does not provide a cause of action when a party, such as [plaintiff] lacks a cause of action under a separate statute and seeks to use the Act to

4

obtain affirmative relief." *City of Reno v. Netflix, Inc.*, 52 F.4th 874, 878 (9th Cir. 2022). Rather, "the availability of relief under the Declaratory Judgment Act presupposes the existence of a judicially remediable right." *Id., quoting Schilling v. Rogers*, 363 U.S. 666, 667 (1960). Put differently, "[d]eclaratory relief is not an independent cause of action." *Cordova v. Huneault*, 817 F. Supp. 3d 819, 831-32 (N.D. Cal. 2026); *see also Linderman v. NewRez LLC,* 814 F. Supp. 3d 966, 971 (N.D. Ill. 2026) ("requests for declaratory judgment and injunctions are not independent causes of action but remedies *for* causes of action") (emphasis in original).

The only two substantive claims pled by the Counties against Scribe are contribution (Count II) and unjust enrichment (Count III). The Court dismissed those claims as initially pled. *See* Dkt. 203 at 14-16; 19-21. As shown below, even after amending the Counties cannot state these claims as a matter of law. Because the Counties have no viable causes of action to assert against Scribe in their Counts II and III, they have no basis to seek declaratory relief via their Count I. *Linderman,* 814 F. Supp. 3d at 971 (request for declaratory judgment is "derivative" and thus is properly dismissed where no independent cause of action exists).

### B. Declaratory relief is not available against Scribe.

Second, and independently, the Counties' Count I should be dismissed because they seek a declaration that relates only to past conduct. The general rule is that a Section 1983 plaintiff "cannot maintain a declaratory or injunctive action unless he or she can demonstrate a good chance of being likewise injured in the future." *Bledsoe v. City of Chicago*, No. 96 C 2552, 1996 WL 535344, *3 (N.D. Ill. Sept. 19, 1996). This

5

is because "declaratory relief is inappropriate to adjudicate past conduct, such as when damages have already accrued." *In re IKO Roofing Shingle Prods. Liab. Litig.*, No. 10-2255, 2013 WL 12111681, *3 (C.D. Ill. Apr. 11, 2013); *see also Corliss v. O'Brien,* 200 F. App'x 80, 84 (3d Cir. 2006) (Declaratory relief is "not meant simply to proclaim that one party is liable to another."). Relatedly, plaintiffs cannot "obtain a declaratory judgment that would merely determine a collateral legal issue governing certain aspects of pending or future suits." *Bodum USA, Inc. v. A Top New Casting Inc.,* No. 16 C 2916, 2016 WL 4440258, *2 (N.D. Ill. Aug. 23, 2016) *quoting Calderon v. Ashmus*, 523 U.S. 740, 747 (1998).

Judged against this standard, the Counties' declaratory claim against Scribe fails. The Counties' prayer for declaratory relief is fatally flawed. They first ask for a declaration that Scribe and the other tax buyers "are state actors" and "are in possession of any surplus value" in Plaintiffs' properties. Dkt. 212 at 10. As to Scribe specifically, these are purely backwards-looking declarations that seek to adjudicate Scribe's actions vis-à-vis Plaintiff Sharritt. The Sharritt tax sale concluded years ago.

The Counties have not alleged any future harm that could possibly be caused by Scribe. They appear to take the position that their sought-after declaratory relief is contingent and might relate to future harm if and only if the Counties are first found liable to the Plaintiffs. Such a contingency does not constitute a definite and concrete controversy between the parties. Declaratory relief is therefore inappropriate. *See, e.g., Selective Ins. Co. of S.C. v. Phusion Projects, Inc.,* 836 F. Supp.

2d 731, 734 (N.D. Ill. 2011) (without a "practical likelihood" that a future contingency will occur, there is no "actual controversy;" declaratory claim dismissed).

The second part of the Counties' prayer for relief asks the Court to find that Scribe and the other tax buyers are "required to reimburse Plaintiffs any value in excess of the taxes collected at tax sale…" This prayer is essentially a money damages demand and thus wholly inappropriate as an item of declaratory relief. By asking that the Court order Scribe to pay money damages for an alleged constitutional violation, the Counties are merely re-pleading their previously-dismissed takings claim in a different guise. *See* Dkt. 203 at 12-13. The A3PC says nothing about the standing issue raised by the Court in its prior ruling, *see id.* at 13 n.8, and the Counties have added no allegations that show why they are the appropriate plaintiffs on a claim that prays that the tax buyers make direct cash payments to Plaintiffs.

### C. Scribe is not a state actor.

Apart from the standing issue, the Counties have not added any new factual allegations that bear on Scribe's state action arguments made in the prior briefing. *See* Dkt. 137 at 3-10; Dkt. 168 at 2-8. The only relevant allegations appear in the A3PC in Paragraphs 46, 52, and 58. These allegations are pure legal conclusions. To the extent they contain any facts at all, those facts were also pled in the Counties' original 3PC and before the Court on Scribe's prior motion to dismiss. Thus, if the Court reaches this issue now, Scribe stands on its prior arguments.

## II.     The Counties' contribution claim fails as a matter of law.

In their initial 3PC, the Counties sought contribution from Scribe for an alleged violation of the Plaintiff class's civil rights. Dkt. 124 ¶¶ 37, 38. Because Plaintiffs' claims were asserted under Section 1983, Scribe argued that the Counties' request for contribution also came under Section 1983 and was therefore prohibited. *See* Dkt. 137 at 10-11. In response, the Counties conceded that they had no right to contribution under federal law, but argued that contribution was available to them under Section 1988, which allows plaintiffs to apply state law where federal law does not "furnish suitable remedies" and if state law is "not inconsistent with the Constitution and the laws of the United States." *See* Dkt. 157 at 11, *quoting* 42 U.S.C. §1988. Specifically, the Counties argued that the Illinois Joint Tortfeasor Contribution Act ("IJTCA"), 740 ILCS 100/0.01, *et seq.* permits them to obtain contribution from Scribe. *Id.*

In reply, Scribe argued that under Section 1988, courts apply a three-step process to decide whether a right to contribution exists, and that applying that process to the Counties' claims and the IJTCA shows that contribution is not available. *See* Dkt. 168 at 9-10, *citing, inter alia, Burris v. Cullinan,* No. 09-3116, 2009 WL 3575420, *8-10 (C.D. Ill. Oct. 23, 2009).

The Court sided with Scribe and dismissed the Counties' contribution claim. Dkt. 203 at 13-16. In so doing, the Court applied the same three-part test that was applied in *Burris* and in *Bass by Lewis v. Wallenstein,* 769 F.2d 1173, 1188 (7th Cir. 1985). Dkt. 203 at 15-16. The Court found "that a state law contribution claim would

8

undermine the deterrent purpose of § 1983 because it would reduce the potential cost of a constitutional violation." *Id.* at 16. The Counties, therefore, "have not asserted a viable basis to seek contribution from the tax buyers." *Id.* at 16.

The Counties do not make any new allegations in their A3PC that change this analysis. They now allege that if Scribe and the other tax buyers are not liable to Plaintiffs, they are "incentivized" to use the PTC "to commit constitutional violations." Dkt. 212 ¶ 59. This is a pure legal conclusion that should be given no weight at the pleading stage. *McCauley v. City of Chicago,* 671 F.3d 611, 616 (7th Cir. 2011).

Beyond that, Section 1988 allows federal plaintiffs to rely on state law only where the state law is "consistent with the meaning and purpose of constitutional and federal statutory law." Dkt. 203 at 15, *quoting Wallenstein,* 769 F.2d at 1188. Because Section 1983 is intended to compensate plaintiffs whose federal rights are violated and to deter abuses of power by state actors, if a Section 1983 defendant is allowed to shift costs and blame to others, "the potential cost of a constitutional violation" would be reduced. Dkt. 203 at 16. Allowing defendants to seek contribution under state law is thus contrary to Section 1983's purpose. Scribe's incentives are irrelevant because Plaintiffs sued the Counties only. If the Counties are permitted to pass the cost and risk of Plaintiffs' claims on to the tax buyers, the deterrent effect of Section 1983 is severely blunted.

9

Contribution is thus not available to the Counties under the IJTCA via Section 1988. The Counties have pled no other bases for contribution, *see* Dkt. 212 at 16 n.12, and their Count II should be dismissed with prejudice.

## III. The Counties cannot state a claim for unjust enrichment as a matter of law.

### A. Principles of justice, equity and good conscience require dismissal of the Counties' unjust enrichment claim.

The Counties pled a claim for unjust enrichment in their initial 3PC. Scribe and the other tax buyers moved to dismiss that claim on multiple grounds. The Court dismissed the Counties' unjust enrichment claim for the sole reason that the Counties lack any "entitlement" to any alleged home equity surplus. Dkt. 203 at 19. Without such entitlement, "fundamental principles of justice, equity, and good conscience," do not operate to provide the Counties with this cause of action. *Id.*

In their A3PC, the Counties failed to remedy this fatal flaw. To the contrary, their new Paragraph 70 confirms the correctness of the Court's original ruling. In Paragraph 70 of the A3PC, the Counties admit that they are "not entitled to retain [] any surplus as alleged by the underlying Plaintiffs." Dkt. 212 ¶ 70. The Counties make clear that their unjust enrichment claim is not based on the tax buyers' retention of any benefit belonging to them. Rather, the alleged unjust enrichment came at the expense of the underlying Plaintiffs. *Id.* ¶¶ 67-68. The Court has already found that the Counties cannot allege unjust enrichment based on damages owing to a third party, and that if the Counties cannot allege that the tax buyers took a benefit

10

that must be returned to them, then the Counties cannot state a claim. Dkt. 203 at 20. Nothing in the A3PC changes the Court's original analysis and holding.

### B. The Counties' unjust enrichment claim also fails because their relationship with Scribe is governed by a contract.

There are additional reasons why the Counties' unjust enrichment claim should be dismissed with prejudice. "[W]hen a contract governs the relationship between two parties, unjust enrichment has no application." *Gociman v. Loyola Univ. of Chicago*, 41 F.4th 873, 886 (7th Cir. 2022) (cleaned up) (applying Illinois law). "Relationship" in this context means the "subject matter" of the parties' relationship generally. *Illinois ex rel. Hammer v. Twin Rivers Ins. Co.*, No. 16 C 7371, 2017 WL 2880899, at*11 (N.D. Ill. July 5, 2017) (dismissing unjust enrichment claim).

The tax sale to Scribe "constituted a contract" between DuPage County and Scribe. *Application of Cnty. Collector for Non-Payment of Gen. Taxes for Year 1968 & Prior Years*, 27 Ill. App. 3d 646, 650 (1st Dist. 1975); *see also Smith v. D. R. G., Inc.*, 30 Ill. App. 3d 162, 169 (1st Dist. 1975), *rev'd on other grounds at* 63 Ill. 2d 31 (1976) (tax buyer's "right in the subject real estate was contractual"). There were no separate oral or quasi-contractual promises. *See* Dkt. 78 ¶¶ 63-64. Just as a written agreement between a plaintiff and defendant bars a claim for unjust enrichment, the PTC sale process bars the Counties' claim that Scribe was unjustly enriched at their expense. For this independent reason, the Counties' Count III should be dismissed.

11

**IV.    The Counties' claims are all time-barred on the face of the A3PC.**

An untimely claim may be dismissed at the pleading stage "when the allegations of the complaint reveal that relief is barred." Dkt. 105 at 15, *citing Logan v. Wilkins*, 644 F.3d 577, 582 (7th Cir. 2011).

**A. Because Plaintiffs' hypothetical claims against Scribe are untimely, so too is the Counties' claim for contribution.**

The Counties moved to dismiss Plaintiffs' claims as untimely, which this Court denied. Dkt. 89 at 11-12; Dkt. 105 at 14-16. Although the Court had "concerns" as to the timeliness of Plaintiffs' claims, *see* Dkt. 105 at 16 n.7, it held that the vagueness of Plaintiffs' allegations regarding the date on which Sharritt lost her surplus equity made ruling on that issue impossible at the pleading stage. *Id*. at 15-16. The Counties' A3PC clarifies the date of Sharritt's loss. The Counties plead unambiguously that Scribe obtained a tax deed to Sharritt's property on February 21, 2019. Dkt. 212 ¶ 6. Thus, that date becomes the accrual date for limitations purposes for any claim that could have been brought by Sharritt against Scribe.

The limitations period for the Counties' contribution claim, in turn, is set by 735 ILCS 5/13-204, which provides that such claim is timely "only to the extent that the claimant in an underlying action could have timely sued the party from whom contribution or indemnity is sought at the time such claimant filed the underlying action…" 735 ILCS 5/13-204(c). In other words, the A3PC's Count II against Scribe is timely only if Sharritt's (hypothetical) claims against Scribe were live on November 9, 2023, when she filed suit. *See* Dkt. 1.

Illinois' two-year personal injury statute of limitations, 735 ILCS 5/13-202, unambiguously applies to Sharritt's claims, because that statute applies to "*all § 1983 claims*." *Woods v. Illinois Dep't of Child. & Fam. Servs.*, 710 F.3d 762, 768 (7th Cir. 2013) (emphasis in original); *Tadros v. Stack*, No. CV 20-12546, 2021 WL 3856258, *2 (D.N.J. Aug. 30, 2021) (Section 1983 takings claims). Plaintiffs have suggested that a different statute of limitations may apply, *see* Dkt. 96 at 50-51, but provided no authority. *Id.*[1] Plaintiffs' three claims are pled – in bolded capital letters – under Section 1983. Dkt. 78. They mention inverse condemnation only as a possible conditional remedy within their Count I. *Id.* ¶ 139. That is not enough to plead an inverse condemnation claim or to invoke 735 ILCS 5/13-101, which applies only to claims for recovery of land (a remedy not available to Sharritt).

Sharritt's contribution claim against Scribe is thus subject to a two-year statute of limitations, and began accruing on February 21, 2019. That claim thus became time-barred on February 21, 2021. Per 735 ILCS 5/13-204(c), the Counties' claim for contribution based on Plaintiffs' November 2023 complaint is untimely.[2]

---

[1] Plaintiffs' argument focused more on getting their class claims through to discovery than on Sharritt and Scribe specifically. *See* Dkt. 96 at 50.

[2] In a similar pending tax buyer class action brought by the same plaintiffs' counsel, on class certification (i.e. freed from pleading-stage strategic considerations), plaintiffs took the position that the appropriate statute of limitations is two years. *See Kidd v. Pappas,* No. 22 C 7061, 2025 WL 1865983, *12 (N.D. Ill. July 7, 2025) (class's proposed class definition limited to those to whom a tax deed was issued within two years of the date of the complaint). The *Kidd* court accepted the plaintiffs' class definition in certifying that class. *Id.* at *20.

13

### B. The Counties' unjust enrichment claim is also untimely.

"In Illinois, actions seeking recovery on the basis of unjust enrichment or *quantum meruit* are subject to the five-year statute of limitations set forth in 735 ILCS 5/13-205." *Toll Processing Servs., LLC v. Kastalon, Inc.*, No. 12-CV-10058, 2014 WL 1379676, *3 (N.D. Ill. Apr. 8, 2014). An unjust enrichment claim accrues the moment that the defendant becomes unjustly enriched. *Zic v. Italian Gov't Travel Off.*, 149 F. Supp. 2d 473, 476 (N.D. Ill. 2001).

Taking the Counties' allegations as true, their unjust enrichment claim accrued when Scribe received its tax deed on February 21, 2019. Dkt. 212 ¶ 6. Because the Counties' initial 3PC against Scribe was not filed until April 11, 2025, their unjust enrichment claim is untimely and should be dismissed.

## V.   Adoption of Hobo Investments, LLC's and DG Enterprises, LLC-XPROP, LLC's Motions to Dismiss.

Scribe hereby joins and adopts all arguments made by Third Party Defendants Hobo Investments, LLC and DG Enterprises, LLC-XPROP, LLC in their respective motions to dismiss that are applicable to Scribe.

<u>CONCLUSION</u>

For all of the reasons stated herein, the Counties' Amended Third Party Complaint against Scribe, Dkt. 212, should be dismissed with prejudice in its entirety pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.

14

Respectfully submitted,

**Scribe Holdings, LLC**

*/s/ Adam N. Hirsch*

Adam N. Hirsch
ARDC #6275127
Schoenberg Finkel
Beederman Bell Glazer, LLC
300 South Wacker Drive, Ste. 1500
Chicago, Illinois 60606
adam.hirsch@sfbbg.com

Gregory M. Reiter
ARDC #6227066
Reiter Law Offices, Ltd
208 West Washington Street, Ste. 2113
Chicago, Illinois 60606
greiter@reiterlawoffices.com

*Attorneys for Third-Party Defendant
Scribe Holdings, LLC*

15

## **Local Rule 37.2 Certification**

Adam N. Hirsch, Counsel for Scribe Holdings, LLC, hereby certifies that on June 9, 2026, he met and conferred with Graeme Quinn and Trevor Prindle, counsel for DuPage County, and Stephen Rice, counsel for Lake County, via Microsoft Teams videoconference. Such consultation included a good faith effort to resolve the differences raised by this motion, but Scribe and the Counties were unable to reach an agreement.

*/s/ Adam N. Hirsch*

16

## CERTIFICATE OF SERVICE

I hereby certify that on June 15, 2026 a true and correct copy of the foregoing document has been filed electronically and served on the parties via the Court's electronic filing system or by mail to anyone unable to accept electronic filings. Parties may access this filing through the Court's CM/ECF system.

*/s/ Adam N. Hirsch*