**THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| Michel Sharritt; Melody Cannon; Maurice Cross; Christopher Meyer; Dareios Little; and Karl Lee, individually and on behalf of themselves and all others similarly situated, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No.: 23 CV 15838 |
| Gwen Henry, in her capacity as Treasurer of DuPage County, Illinois; Jean Kaczmarek in her capacity as Clerk of DuPage County, Illinois; DuPage County, Illinois; Nicole Bjerke, in her Capacity as Treasurer of Peoria County, Illinois, Rachael Parker in her capacity as Clerk of Peoria County, Illinois; Peoria County, Illinois; et al., | ) ) ) ) ) ) ) ) ) | Hon. Sara L. Ellis |
| Defendants. | ) ) | |
| Nicole Bjerke, in her capacity as Treasurer of Peoria County, Illinois; Rachael Parker in her capacity as Clerk of Peoria County, Illinois; Peoria County, Illinois, | ) ) ) ) ) | |
| Third-Party Plaintiff, | ) ) | |
| v. | ) ) | |
| DG Enterprises, LLC-XPROP, LLC, et al., | ) ) | |
| Third-Party Defendants. | ) | |

**THIRD-PARTY DEFENDANT DG ENTERPRISES, LLC-XPROP, LLC**
**RULE 12(B)(6) MOTION TO DISMISS AMENDED THIRD-PARTY COMPLAINT**

Respectfully submitted,

/s/ *Anthony J. Masciopinto*
Anthony J. Masciopinto
Natalie J. Smith
KULWIN, MASCIOPINTO & KULWIN, LLP
161 N. Clark Street, Suite 2500
Chicago, Illinois 60601
T: 312.641.0300; F: 312.855.0350
E:  amasciopinto@kmklawllp.com

Respectfully submitted,

/s/ *Gregory M. Reiter*
Gregory M. Reiter
REITER LAW OFFICES, LTD.
208 West Washington Street, Suite 2113
Chicago, Illinois 60606
T: 312.3689910
E: greiter@reiterlawoffices.com
E: reiterlawoffices.com

*Attorneys for Third-Party Defendant DG Enterprises.*

Third-Party Defendant DG Enterprises, LLC-XPROP, LLC ("Third-Party Defendant" or "DG Enterprises"), by its attorneys and pursuant to Federal Rule of Civil Procedure ("FRCP") 12(b)(6), respectfully moves this Court to dismiss with prejudice the Amended Third-Party Complaint filed by the Treasurer and Clerk of Peoria County, Illinois and Peoria County, Illinois (collectively, "Peoria County" or "Third-Party Plaintiffs") against DG Enterprises. Dkt. 213. In support, DG Enterprises submits as follows.

## I.      INTRODUCTION

This Court previously dismissed Peoria County's original Third-Party Complaint against DG Enterprises without prejudice. Dkt. 203. That initial complaint asserted three counts: (i) declaratory judgment, (ii) contribution, and (iii) unjust enrichment. Dkt. 126. Now, Peoria County has filed an Amended Third-Party Complaint ("ATPC"). Dkt 213. Rather than cure the deficiencies identified by the Court, the ATPC abandons any contribution and unjust enrichment count and proceeds on a single deficient count titled "Declaratory Judgment."

Pursuant to FRCP 12(b)(6), this Court should dismiss the ATPC against DG Enterprises with prejudice. Peoria County's ATPC fails to state a claim upon which relief can be granted, because the ATPC seeks only declaratory relief (Dkt. 213, p.4 & ¶53), which fails as a matter of law. Because the federal declaratory judgment statute, 28 U.S.C. § 2201, supplies a remedy, not an independent cause of action, and because the ATPC pleads no substantive claim against DG Enterprises, the ATPC should be dismissed with prejudice. Further, as explained below, this Court also should deny Peoria County a third opportunity to sue DG Enterprises.

## II.    BACKGROUND FACTS AND PROCEDURAL HISTORY

Given the Court's significant familiarity with this litigation, DG Enterprises summarizes below only those allegations and facts pertinent to this dismissal motion ("Motion"). Also below, DG Enterprises summarizes the important procedural history pertinent to this Motion.

### A.    The Alleged Facts by Plaintiffs and Third-Party Plaintiff Peoria County.

Three years ago, Plaintiffs sued numerous counties, county treasurers, and county clerks ("County Defendants") under 42 U.S.C. § 1983 ("Section 1983"). Dkt. 78. Plaintiffs claim that these County Defendants violated the Fifth Amendment by causing Plaintiffs to lose equity in their real property. *Id.* ¶60. At all times, Illinois' Property Tax Code ("PTC") applied. 35 ILCS 200/21-1, *et seq*.

Plaintiffs failed to pay their county real estate taxes. Dkt. 78 ¶1-2. Because of this failure, Plaintiffs owed past due taxes and potential penalties, interest, and costs (collectively, "Tax Amounts"). Dkt. 78 ¶1-2; *see also* 35 ILCS §200/21-15 (unpaid property taxes are delinquent).

Under Illinois' PTC, every January 1, a lien for unpaid real estate taxes attaches to all non-exempt real property to secure payment of that year's taxes levied on that property. 35 ILCS 200/21-75. If real estate taxes remain unpaid, County Defendants initiate a lawsuit seeking a judgment and order of sale against those properties with delinquent real estate taxes. Dkt. 78 ¶1-2; *see also* 35 ILCS 200/21-25, 110, 160 (county collector is authorized to initiate suit in the circuit court to obtain a judgment and order of sale against the property).

After obtaining a judgment and order of sale, the County Defendants must hold a public auction to sell these delinquent real estate taxes owed. Dkt. 78 ¶2; *see also* 35 ILCS 200/21-190 (upon entry of judgment, a county collector is required to offer these delinquent taxes to the public at an annual tax sale auction). At this auction, the County Defendants sell the Tax Amounts owed

2

to speculators, often referred to as "Tax Buyers." Dkt. 78 ¶2. The Tax Buyers pay the County Defendants the Tax Amounts owed by the property owner, and, in exchange, the County Defendants provide the Tax Buyers with a "Certificate of Purchase." *Id.*; *see also* 35 ILCS 200/21-250 (successful bidder at annual auction satisfies the tax lien by paying the delinquency owed to the County and receives a Certificate of Purchase).

After buying a Certificate of Purchase, the Tax Buyers are subject to the strict requirements of the PTC, including, *inter alia*, providing the property owners, like Plaintiffs, with opportunities to pay (or "redeem") their Tax Amounts owed to the Tax Buyers. Dkt. 78 ¶2; *see also* 35 ILCS 200/21-345 to 21-397. If Plaintiffs (or other parties interested) never redeem their real property, Plaintiffs allege that County Defendants "grant[ed] the Tax Buyers the right to foreclose" on Plaintiffs' real property through a judicially obtained "tax deed." Dkt. 78 ¶2; *see also* 35 ILCS 200/22-40, 55 (if there is compliance with the PTC, the Tax Buyer may request the county court to enter an order directing the issuance of a tax deed and, upon entry, the county clerk would issue a tax deed conveying fee simple title to the property). By doing so, Plaintiffs aver that the County Defendants violated the Fifth Amendment by causing them to lose their equity in their real property over the Tax Amounts owed ("Surplus Value"). Dkt. 78 ¶2-3.

Plaintiffs concede that the PTC provides them an opportunity to recover their Surplus Value from the County Defendants' "Indemnity Fund." Dkt. 78 ¶97-118; *see also* 35 ILCS 200/21-305. However, Plaintiffs allege that "problems" with the County Defendants' Indemnity Fund often preclude "just compensation." *Id.*

**B.** **Peoria County's Initial Third-Party Complaint Against DG Enterprises.**

One year ago, Peoria County filed its initial Third-Party Complaint against DG Enterprises and other tax buyers (Dkt. 128), which this Court dismissed. Dkt. 203. Peoria County's initial

Third-Party Complaint was an alternative pleading. *Id.* ¶5. Primarily, Peoria County denied violating Plaintiff's constitutional rights, claiming it had no discretion to deviate from Illinois' PTC as a non-home rule county. Dkt. 128 ¶¶6-11, 23, 26 (Peoria County alleging that the PTC is constitutional, and it was "required to take" all its actions under the PTC without any discretion).

Alternatively, this initial Third-Party Complaint alleged three counts against DG Enterprises. In Count I, Peoria County asked the Court to "declare the rights and liabilities of the parties hereto," which included, among others, Peoria County, Illinois, and DG Enterprises. *Id.* ¶16-28. Count II sought "contribution" against DG Enterprises, if Peoria County was found liable to plaintiffs. *Id.* ¶29-39. Count III was an "unjust enrichment" claim. *Id.* ¶40-47.

Peoria County's initial Third-Party Complaint included an erroneous assertion regarding this Court's jurisdiction. Peoria County alleged that this Court possessed jurisdiction over its Third-Party Complaint under 42 U.S.C. § 1983, the Fifth Amendment to the United States Constitution, and the Illinois Constitution. *Id.* ¶1. However, on its face, Peoria County's Third-Party Complaint made no Section 1983 claim, no Fifth Amendment claim, and no Illinois Constitution claim. *Id. passim*. Indeed, during briefing on the parties' dismissal motions, Peoria County affirmatively represented to this Court that it alleged only "Illinois state law" claims, not any federal claim, federal constitution claim, or state constitution claim. Dkt. 203, p.13 (this Court noting Peoria County's representation during briefing that its Third-Party Complaint only alleged "Illinois state law" claims).

C.      **This Court's Dismissal of Peoria County's Initial Third-Party Complaint.**

This Court dismissed Peoria County's initial Third-Party Complaint against DG Enterprises. Dkt. 203. As a threshold matter, the Court held that it did not need to address whether DG Enterprises acted as a "state actor" within the meaning of Section 1983, because Peoria County

4

(and the other counties) had disavowed bringing any "federal claims" against any tax buyer. *Id.* p.12-13 & n.8.

More generally, this Court expressed doubt that Peoria County could allege a constitutional takings claim against tax buyers, given the known factual circumstances. *Id.* n.8 (the Court noting that the Counties were governmental entities, not private persons, and owned no real property, all requirements of Section 1983 claim based on a Fifth Amendment takings claim). The Court expressly "cautioned" the Counties that if they filed an amended third-party complaint alleging a Section 1983 constitutional takings claim against tax buyers, they "should clarify their allegations concerning the Tax Buyers' actions as state actors." *Id.*

The Court then proceeded to dismiss the Counties' third-party counts. The Court dismissed Peoria County's Declaratory Judgment Act Count I. *Id.* p.13 & n.9. In so holding, the Court reasoned that Count I appeared solely directed to the constitutionality of the PTC, did not appear to seek any specific declaration as to the tax buyers, and the tax buyers had "not separately address the viability of any declaratory judgment claim." *Id.* The Court then dismissed the Counties' remaining state law counts for contribution, implied indemnity, and unjust enrichment. The Court explained the independent grounds dismissing each of these three state law counts. *Id.* p.13-21.

**D.**     **Peoria County's ATPC Alleges Only a Declaratory Judgment Count.**

Now, Peoria County has filed its ATPC against DG Enterprises. Dkt. 213. Notably, unlike other counties who specifically preserved previously dismissed counts for potential appeal (Dkt. 212), Peoria County's ATPC does not preserve any of the previously dismissed counts. *Compare* Dkt. 213 (no preservation of previously alleged counts) *with* Dkt. 212 (other counties preserving previously dismissed counts for appeal, if any).

5

Peoria County's ATPC repeats the same core factual allegations as its original Third-Party Complaint. As before, it is once again, an alternative pleading: it denies any liability to plaintiffs and maintains that the PTC is constitutional, but alternatively asserts that if it is found liable, the tax buyers, including DG Enterprises, are liable. *Id.* at ¶¶5-6.

Peoria County's ATPC consists of a solitary count, titled "Count I, Declaratory Judgment." Dkt. 213, p.4 & ¶53 (citing to 28 U.S.C. §2201, the declaration of rights statute). Although not entirely clear, Peoria County's ATPC appears to allege two conceptual points: (i) primarily, that Peoria County, as a non-home-rule county, with no discretion to deviate from the PTC, engaged in no unconstitutional taking, particularly given the availability of the Indemnity Fund (*id.* ¶¶11, 27, 33, 42-43, 46, 48-49, 51, 53), and (ii) alternatively, if the Counties are found to have engaged in an unconstitutional taking, tax buyers, like DG Enterprises, are "inextricably involved" in the collection of delinquent property taxes, "become state actors" under the PTC, and "should disgorge" any retained surplus equity to the Plaintiffs (*id.* ¶¶44-45, 47, 50, 53).

Once again, Peoria County alleges that this Court has subject-matter jurisdiction over its ATPC. Dkt. #213, ¶¶1-2. Peoria County's ATPC again alleges that it "bring[s] this action under the Illinois Constitution and the Fifth Amendment to the United States Constitution," so jurisdiction exists under 28 U.S.C. §1331 (federal question jurisdiction). *Id.* ¶1. As before, however, the ATPC pleads no Section 1983 count, no Fifth Amendment count, and no Illinois Constitution count. *Id. passim*. The same jurisdictional mismatch that infected the original Third-Party Complaint reappears verbatim in the ATPC, unremedied.

Now, three years into this litigation and one year since first being sued, DG Enterprises is again compelled to respectfully move this Court to dismiss Peoria County's ATPC, this time with prejudice.

6

### III.  LEGAL STANDARD

A Rule 12(b)(6) motion to dismiss challenges the sufficiency of the complaint. Fed. R. Civ. P. 12(b)(6). To survive a Rule 12(b)(6) motion, the complainant must: (i) assert a "facially plausible" (not merely "possible") claim, and (ii) provide "fair notice" of the "claim's basis." Dkt. 203, p.6 (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 555-57 (2007)). A claim is facially plausible when the plaintiff pleads factual content that allows the Court to draw the "reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at p.7 (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Legal conclusions couched as factual allegations, naked assertions, or threadbare recitals of elements are insufficient. *Iqbal*, 556 U.S. at 678-80.

### IV.  ARGUMENT

Peoria County fails the foregoing pleading standard. Its ATPC alleges no "plausible claim" against DG Enterprises. The ATPC's sole count – a "Declaratory Judgment" claim – is not a substantive cause of action at all, as a matter of law, but a remedy. Peoria County's ATPC therefore fails Rule 12(b)(6)'s pleading requirement to allege a "plausible claim" that provides DG Enterprises with the "fair notice" of that "claim's basis."

Noteworthy, the ATPC identifies no substantive basis for liability against DG Enterprises. Although it invokes the "Fifth Amendment" and "Illinois Constitution" in its jurisdictional paragraph (Dkt. 213 ¶ 1), the ATPC does not plead any constitutional count. Equally true, it again asserts, in similar conclusory fashion, that DG Enterprises is a "state actor" (*id.* at ¶¶15, 50) but pleads no cause of action flowing from that alleged status.

7

**A.    The Declaratory Judgment Act is a Procedural Statute That Creates No Substantive Rights and Cannot Stand as an Independent Cause of Action.**

The federal right to obtain a declaratory judgment is codified in 28 U.S.C. §2201(a) (hereinafter, the "Dec Act"). Notably, the Dec Act is titled, "Creation of Remedy." 28 U.S.C. §2201(a). Pursuant to the Dec Act, in a "case of actual controversy within its jurisdiction" and "upon the filing of an appropriate pleading," a federal district court *may* "declare" the rights and "other legal relations of any interest party seeking such declaration." *Id.*

Three independent lines of authority, binding Seventh Circuit precedent, decisions of this very Court, and Supreme Court authority, all compel the same conclusion: the Dec Act provides a procedural remedy only and creates no new substantive rights. A claim styled as a "Declaratory Judgment" count is not a cognizable claim for which this Court has jurisdiction, absent an underlying substantive cause of action.

This Court need look no further than Seventh Circuit precedent. The Dec Act "merely provides an additional procedural remedy" and "creates no new substantive rights." *Powers v. United States*, 218 F.2d 828, 829 (7th Cir. 1954). If a plaintiff can show that he has a "justiciable controversy within the jurisdiction of the District Court, irrespective of the [Dec] Act, he has then and then only a standing entitling him to maintain the suit." *Id.* at 829-830. Stated differently, the Dec Act "created no new rights, but rather created a new remedy with which to adjudicate existing rights." *Bourazak v. N. River Ins. Co.*, 379 F.2d 530, 533 (7th Cir. 1967) (quoting *Walker Processing Equip., Inc. v. FMC Corp.*, 356 F.2d 449, 451 (7th Cir. 1966)). Accordingly, the Dec Act's availability "presupposes the existence of a judicially remediable right." *Schilling v. Rogers*, 363 U.S. 666, 677 (1960) (Supreme Court). The Dec Act provides a remedy, not a cause of action. *See City of Reno v. Netflix, Inc.*, 52 F.4th 874, 878 (9th Cir. 2022) (quoting the Supreme Court in *Schilling* and reiterating that the Dec Act "provides a remedy, not a cause of action").

Courts in this District routinely follow this Seventh Circuit precedent. As such, these courts have dismissed declaratory judgment counts because "requests for declaratory judgment. . . are not independent causes of action." *Sieving v. Cont'l Cas. Co.*, 535 F.Supp.3d 762, 774 (N.D. Ill. 2021) (cleaned up); *see also Keesler v. Electrolux Home Prods, Inc.*, No 16 C 199, 2016 WL 3940114, at \*3 (N.D. Ill. July 21, 2016) (striking count seeking declaratory relief because "the federal Declaratory Judgment Act provides only a form of relief, not an independent claim for relief").

Court decisions throughout the country are in accord. For instance, it is well established that a plaintiff "cannot maintain a claim for a declaratory judgment" where the "underlying substantive claim has been dismissed," because the Dec Act "only creates a procedural mechanism" and "not an independent cause of action." *Brooklyn Union Gas Company v. Exxon Mobil Corp.*, 554 F. Supp. 3d 448, 468-469 (E.D.N.Y. 2021) (citations omitted); *see also Cordova v. Huneault*, 817 F. Supp. 3d 819, 831-832 (N.D. Cal. 2026) (dismissing declaratory judgment act claim where plaintiff did not allege an "independent cause of action" therein, because declaratory relief is "not an independent cause of action – only a remedy").

Indeed, the Supreme Court has long confirmed the foregoing principles. The Dec Act is "procedural only" and "did not extend their [federal courts'] jurisdiction." *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671-672 (1950) (affirming dismissal of declaratory judgment complaint because the court lacked subject matter jurisdiction over the underlying dispute).

Applying these authorities here, this Court must dismiss Peoria County's ATPC. Peoria County's ATPC alleges no underlying "plausible claim" against DG Enterprises. Peoria County's ATPC contains no specific federal claim, no state law claim, and no constitutional claim. Dkt. 213 *passim*. Rather, Peoria County alleges only a "Declaratory Judgment Count," which is not a

9

substantive claim for which this Court has independent jurisdiction, only a remedy. As such, dismissal is required. *Powers*, 218 F.2d at 829-830 (affirming dismissal of complaint seeking only a declaratory judgment because plaintiff pled no viable, underlying claim); *Sieving*, 535 F.Supp.3d at 774 (dismissing declaratory judgment count as not cognizable as an independent cause of action).

Additionally, Peoria County's opaque ATPC is also subject to dismissal because it provides no "fair notice" as to the "basis" for any substantive, viable claim against DG Enterprises. Dkt. 203, p. 6.; *e.g.*, *Royal Sleep Products, Inc. v. Restonic Corp.*, 2010 WL 1172555, *9 (N.D. Ill. 3/22/10) (granting dismissal where allegations of count failed to provide defendants with "fair notice of its claim" or to "raise a plausible right to relief"); *Petroff Companies v. Local Union 520*, 2022 WL 1422107, *2 (S.D. Ill. 5/5/22) (granting dismissal where complaint "does not state a plausible claim or give . . . fair notice of the claims" against defendant). Accordingly, for all the foregoing reasons, this Court should dismiss Peoria County's ATPC with prejudice.

Significantly, the Court's prior ruling left no ambiguity as to what Peoria County would need to plead to state a cognizable claim. This Court expressly "cautioned" all the Counties that if they intended to allege a Section 1983 constitutional takings claim against tax buyers, they "should clarify their allegations concerning the Tax Buyers' actions as state actors." Dkt. 203, p. 13 & n.8. Peoria County's ATPC ignored that cautionary directive. It offers only two conclusory sentences on the state-actor question: first, that DG Enterprises received a tax deed and therefore acted as a state actor; and second, that tax buyers "thereby become state actors under the PTC" by participating in tax sales. Dkt. 213 ¶¶ 15, 50. Those naked legal conclusions are precisely what *Iqbal* instructs courts to disregard. *Iqbal*, 556 U.S. at 678. Having failed to allege a cognizable,

10

plausible claim, dismissal is required.[1]

**B.** **This Court Should Dismiss the ATPC With Prejudice and Deny Leave to Replead**.

Given the procedural history of this case, dismissal with prejudice is warranted and further leave to amend should be denied. This Court provided Peoria County with a full opportunity to cure the defects identified in the Court's prior dismissal order. It did not do so. Instead, it abandoned its contribution and unjust enrichment counts, did not preserve the counts as other counties did, and elected to proceed only on a stand-alone request for declaratory relief. That was a strategic pleading choice, not a lack of opportunity afforded by the Court. At this late juncture, it would be reasonable for this Court to conclude that Peoria County now seeks an advisory declaration rather than relief on any cognizable claim against DG Enterprises.

Three independent circumstances confirm that further amendment is both unwarranted and futile here. First, this Court has already dismissed Peoria County's original Third-Party Complaint and clearly articulated the deficiencies in each count. Dkt. 203. Peoria County had a full opportunity to cure those deficiencies in its ATPC and failed to do so. Second, this Court already dismissed Peoria County's state law claims for unjust enrichment and contribution, as well as the other counties' claim of implied indemnity. Peoria County has made the strategic decision not to replead these state law claims. Dkt. 203, p.13-21; Dkt. 212; Dkt. 213. Those counts are abandoned.

Third, and most significantly, this Court provided Peoria County with a specific roadmap for amendment. The Court noted that if Peoria County wanted to allege a Section 1983 or constitutional takings claim against tax buyers, it "should clarify" its allegations concerning the tax buyers' state actor status. Dkt. 203, p.13 & n.8. Peoria County failed to heed that instruction.

---

[1] Third-Party Defendant Scribe Holdings, LLC and Third-Party Defendant Hobo Investments, LLC have filed separate motions to dismiss the amended third-party complaints filed against them. DG Enterprises joins and adopts these other dismissal arguments to the extent applicable to DG Enterprises.

Having been given the opportunity and having failed to use that opportunity to plead any viable claim, Peoria County should not be permitted yet another chance to amend its initial pleading.

District courts possess broad discretion to deny further leave to amend where a party has already been afforded an opportunity to cure pleading deficiencies and elects not to do so. In *Engstrom v. United Airlines, Inc.*, 2026 WL 1539302, No. 25-1039 (7th Cir. June 1, 2026) (unpublished), the Seventh Circuit affirmed denial of leave to file a third amended complaint where plaintiffs failed to assert available claims despite prior opportunities, engaged in strategic pleading decisions, and attempted to change theories only after prior dismissals. *Id.* *3-4 (affirming denial of further amendment because plaintiff engaged in a "grab bag" approach, submitted numerous amended complaints, and omitted claims that could have been asserted earlier but plaintiff chose not to do so). The Court held that district courts may deny further amendment based upon repeated failures to cure deficiencies, undue delay, prejudice, and procedural gamesmanship.

Those same considerations are present here. This Court dismissed the Counties' original Third-Party Complaint and identified the defects in the claims asserted against the Tax Buyers. Peoria County was then afforded an opportunity to amend. Rather than plead a cognizable substantive cause of action, Peoria County elected to abandon all previously asserted state-law counts and proceed solely to allege a deficient stand-alone request for declaratory relief. Like *Engstrom*, this was experienced counsel's strategic pleading choice, not a lack of opportunity. Having already received two opportunities to properly plead and having failed to do so, Peoria County should not be afforded a third opportunity, three years into this litigation. See *Engstrom*, No. 25-1039, slip op. at 4–6 (affirming denial of further amendment after plaintiffs failed to timely assert available claims and engaged in a "grab bag" approach to pleading).

Indeed, as the Seventh Circuit has reiterated, "pleading is not like playing darts: a plaintiff

can't keep throwing claims at the board until she gets one that hits the mark." *Id.* (quoting *Doe v. Howe Military School*). Here, Peoria County has already been given ample opportunity and has failed to state any substantive claim against DG Enterprises. Under these circumstances, dismissal with prejudice is warranted, and Peoria County should be denied leave to file yet another amended third-party complaint.

## V.    CONCLUSION

WHEREFORE, Third-Party Defendant DG Enterprises respectfully moves this Court to enter an order dismissing with prejudice the Amended Third-Party Complaint by the Peoria County entities and denying Peoria County leave to replead a third time.

### Local Rule 37.2 Certification

Anthony J. Masciopinto, the undersigned counsel for Third-Party Defendant DG Enterprises, hereby certifies that on June 11, 2026, he met and conferred by telephone with Rosa Tumialan and Carter Frambes, counsel for the Third-Party Peoria County Plaintiffs. Such telephonic consultation and follow-up email communication included a good faith effort to resolve the differences raised by this motion to dismiss, but the parties were unable to reach an agreement.

/s/ *Anthony J. Masciopinto*
Anthony J. Masciopinto
*Attorneys for Third-Party Defendant DG Enter.*

13