**UNITED STATES DISTRICT COURT FOR THE**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| MICHEL SHARRITT, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) Case No. 1:23-cv-15838 |
| v. | ) |
| | ) Hon. Sara L. Ellis |
| GWEN HENRY, in her capacity as Treasurer | ) |
| of DuPage County, Illinois, et al., | ) Magistrate Judge Maria Vazquez |
| | ) |
| Defendants. | ) JURY TRIAL DEMANDED |

**JOINT MOTION TO TEMPORARILY STAY ORAL DEPOSITION DISCOVERY AND**
**RESET THE FACT DISCOVERY DEADLINE**

NOW COMES the Parties hereto, except for the Third-Party Defendants, by and through their undersigned attorneys, pursuant to FED. R. CIV. P. 26(c) and the Court's inherent authority to enter scheduling orders, respectfully seek a temporary stay of oral deposition discovery up to and including 180 days after the Court rules on the Third-Party Defendants' motions to dismiss the Amended Third-Party Complaints in order to promote judicial economy and facilitate the Parties' desire to explore settlement and state as follows:

1.    On November 9, 2023, Plaintiffs Michel Sharritt, Melody Cannon, Maurice Cross, Chirstopher Meyer, Dareios Little, and Karl Lee filed their three-count Class Action Complaint under the Fifth and Fourteenth Amendments to the United States Constitution, under 42 U.S.C. § 1983, and under the Illinois Constitution regarding the tax sales of property in Illinois. Dkt. 1

2.    Defendants moved to dismiss the original complaint on February 22, 2024. Dkts. 65, 67, 69–73.

3.    The Court stayed discovery pending ruling on the motions to dismiss. Dkt. 77.

1

4. In response to the motions to dismiss, Plaintiffs filed a First Amended Complaint. Dkt. 78.

5. Defendants also moved to dismiss the First Amended Complaint on April 8, 2024. Dkts. 86–91. The briefing on the motions to dismiss was completed on July 22, 2024.

6. The Court entered its Opinion and Order granting in part and denying in part the Defendants' motions to dismiss on October 18, 2024. Dkt. 105.

7. After the Court's ruling on the motions to dismiss the First Amended Complaint, Defendants moved for a certification to allow for an interlocutory appeal and a scheduling order was not entered at that time and discovery was again stayed pending ruling on the motion for a certification. Dkts. 108–109.

8. On March 2, 2025, the Court denied Defendants' motion for a certification to allow for an interlocutory appeal and lifted the previously imposed stay. Dkts. 116–117.

9. On May 12, 2025, the Court entered a scheduling order based on the Parties' joint status report. Dkts. 118–119. Per the Court's order, fact discovery was to close on October 31, 2025. Dkt. 119.

10. Defendants answered the First Amended Complaint on April 11, 2025, and contemporaneously filed Third-Party Complaints—two were filed, one by DuPage and Lake Counties and their respective Clerks and Treasurers (hereinafter "DuPage and Lake Counties' Third-Party Complaint") and a separate one by Peoria, Will, Carroll, Boone, and Kane Counites and their respective Clerks and Treasurers (hereinafter "Peoria, Will, Carroll, Boone, and Kane Counties' Third-Party Complaint")—naming the State of Illinois, Attorney General Kwame Raoul, and the tax buyers, both individually and on behalf of a class, of the underlying tax certificates as Third-Party Defendants. Dkts. 123–128.

11.     The Third-Party Defendants in the DuPage and Lake Counties' Third-Party Complaint, Scribe Holdings, LLC, The State of Illinois, Attorney General Kwame Raoul, and HOBO Investments, LLC, moved to dismiss the Third-Party Complaint on June 10, 2025. Dkts. 137, 139–140, 142.

12.     The Court entered a briefing schedule on the motions to dismiss the DuPage and Lake Counties' Third-Party Complaint and set a ruling date of November 12, 2025. Dkt. 145.

13.     Third-Party Defendant DG Enterprises, LLC moved to dismiss the Peoria, Will, Carroll, Boone, and Kane Counties' Third-Party Complaint on July 14, 2025, and the Court entered a briefing schedule on this motion to dismiss and set a ruling date of November 12, 2025, as well. Dkts. 154, 156.

14.     The State of Illinois and Attorney General also moved to dismiss the Peoria, Will, Carroll, Boone, and Kane Counties' Third-Party Complaint on August 4, 2025. Dkts. 161–162. The Court likewise set a briefing schedule and set a ruling date of November 12, 2025, for this motion to dismiss on August 11, 2025. Dkt. 164.

15.     The briefing on all the motions to dismiss both Third-Party Complaints concluded on September 19, 2025. *See generally* CM/ECF Dkt.

16.     On September 19, 2025, the Defendants jointly moved for an unopposed extension of the fact discovery deadline. Dkt. 178. Defendants sought to extend the fact discovery deadline from October 31, 2025, to April 29, 2026. *Id.* In their motion for an extension of the fact discovery deadline, the Defendants cited the fact that not all parties were before the Court and that "no party wishes to produce witness more than once and no depositions [had] occurred" as of the filing of the motion. *Id.* at ¶ 6. Defendants also cited the "vast amounts of physical documentation and ESI" which are at play in this litigation. *Id.* at ¶ 7. Lastly, the Defendants also based the extension on

3

the premise that an extension would allow the parties to "engage in discovery with any Third-Party Defendants… in the events their motions to dismiss are unsuccessful." *Id.* at ¶ 8.

17. The Court granted Defendants' joint unopposed motion for an extension of the fact discovery deadline and reset the close of fact discovery to April 29, 2026. Dkt. 183.

18. On March 16, 2026, all Parties except for the Third-Party Defendants, jointly moved this Court to temporarily stay and extend the date for completion of oral/deposition discovery while the Third-Party Defendants' motions to dismiss the Third-Party Complaints. Dkt. 199. Underpinning the Parties' motion was the desire to limit expense and burden on the Parties for the possibility of having to reproduce a party for a deposition should the Third-Party Defendants ultimately be required to answer the Third-Party Complaints and remain as Third-Party Defendants. *Id.*

19. The Parties' joint motion to temporarily stay and extend the date for completion of oral/deposition discovery also sought a Court order to modify the scheduling order and strike the April 29, 2026, fact discovery deadline. *Id.*

20. The Court granted the Parties' join motion to stay and ordered that a new discovery schedule would be entered when the Court ruled on the Third-Party Defendants' motion to dismiss the Third-Party Complaints. Dkt. 201.

21. On March 20, 2026, the Court granted the Third-Party Defendants' motions to dismiss without prejudice and extended the fact discovery deadline to August 14, 2026, which currently stands as the fact discovery deadline date. Dkt. 202.

4

22. On May 20, 2026, the Defendant sought leave of Court to file their Amended Third-Party Complaints. Dkt. 207. This motion was granted and Defendants filed their Amended Third-Party Complaints on June 1, 2026. Dkts. 211–213.[1]

23. On June 12, 2026, one of the Third-Party Defendants, Hobo Investments, LLC, filed an agreed motion to extend the time in which to file its motion to dismiss the Amended Third-Party Complaint and the remaining Third-Party Defendants which were previously served—Scribe Holdings, LLC; DG Enterprises, LLC-XPROP, LLC; and Attorney General Raoul—filed motions to dismiss the Amended Third-Party Complaints. Dkts. 214, 216, 218, 220.

24. The Court granted Hobo Investments, LLC's motion for extension of time to file their motion to dismiss and set a briefing schedule on the motions to dismiss as follows: Third-Party Plaintiffs' responses are to be filed on or before August 3, 2026, and the Third-Party Defendants' replies are to be filed on or before August 17, 2026. Dkt. 224. The Court set a ruling date for November 17, 2026, on the motions to dismiss the Amended Third-Party Complaints. *Id.*

25. Meanwhile, after the Defendants answered the First Amended Complaint, Plaintiffs and Defendants have engaged in written discovery consisting of an exchange of 26(a)(1) initial disclosures, interrogatories, and requests for production issued by both Parties and Plaintiff issued request to admit. All Defendants answered the request to admit and all Parties have answered the issued interrogatories. The Plaintiffs have responded to the issued requests for production and several Defendants have answered the issued requests for production and others are in process of so doing.

---

[1] As with the initial Third-Party Complaints, two Amended Third-Party Complaints were filed, one by DuPage and Lake Counties and their respective Clerks and Treasurers and a separate one by Peoria, Carroll, Boone, and Kane Counites and their respective Clerks and Treasurers.

26.     Since the issuance of the requests for production, the Parties have had numerous and cooperative meetings and email exchanges to discuss various matters pertaining to the written discovery including limitations on the request and exchanges regarding search terms for ESI related to the requests. At present, most of the Defendants have not responded to the requests for production relating to ESI due to the volume of ESI and cooperative efforts remain ongoing as it relates to searching, reviewing, and disclosing ESI.

27.     While the Third-Party Defendants' motions to dismiss the initial Third-Party Complaints were pending, the Parties continued to forego discussions on scheduling oral depositions due to the possibility that these motions to dismiss may be denied. The Third Parties do not currently have a scheduling order in place relating to discovery and are not at issue (i.e., have no answered the Amended Third-Party Complaints) as it stands. The lack of written discovery on the Third-Party Complaints, in conjunction with the desire to not have any party re-sit for a deposition should the Third-Party Defendants' motions to dismiss the Amended Third-Party Complaints be denied or, in the alternative, impose costs on the Third-Party Defendants before the Parties in the Third-Party Complaint are at issue, underpins the Parties mutual decision to not proceed with oral depositions while the initial motions to dismiss were pending and now that a new set of motions to dismiss are currently pending.

28.     Further, as noted above, during the period of time between the Third-Party Defendants' motions to dismiss the initial Third-Party Complaints being granted and until present, Plaintiffs and Defendants have been engaging in settlement discussions to ascertain each other's positions and to determine if settlement is feasible. The Plaintiffs and Defendants have met at least once as a group to discuss settlement, have exchanged numerous emails on the matter, are currently

undertaking efforts to put together a list of properties to further discussions, and will meet in the future to further discuss possible terms of a settlement.

29.     The addition of settlement discussions also underpins the Parties' mutual decision to not proceed with oral depositions and should oral/deposition discovery be stayed, it would allow for the Parties to focus their efforts on settlement negotiations. Furthermore, Plaintiffs are considering adding additional plaintiffs to the litigation and have initiated discussions with Defendants regarding same.

30.     This Motion only seeks to stay oral-deposition discovery and to reset the fact discovery deadline accordingly. The Parties do not seek to stay the ongoing written discovery.

31.     "District courts have broad discretion in matters relating to discovery." *Witz v. Great Lakes Educ. Loan Services, Inc.*, No. 19-cv-06715, 2020 WL 8254382, at *1 (N.D. Ill. July 30, 2020) (citing *Patterson v. Avery Dennison Corp.*, 281 F.3d 676, 681 (7th Cir, 2002)) (internal quotations omitted). Factors that judges in the Northern District consider include "(i) whether a stay will unduly prejudice or tactically disadvantage the non-moving party, (ii) whether a stay will simplify the issues in question and streamline the trial, and (iii) whether a stay will reduce the burden of litigation on the parties and on the court." *Witz*, 2020 WL 8254382, at *1 (citing *Pfizer Inc. v. Apotex Inc.*, 640 F. Supp. 2d 1006, 1007 (N.D. Ill. 2009)) (internal quotations omitted).

32.     In this instant action, neither Party will be unduly prejudiced or be at a tactical disadvantage. Firstly, this Motion is being presented jointly by Plaintiffs and Defendants. Secondly, a stay of oral-deposition discovery pending the motions to dismiss the Amended Third-Party Complaints and a resetting of the fact discovery deadline ensure that no party has to be re-deposed and allows for the depositions to be scheduled and taken in the first instance.

33. A stay of discovery also simplifies the instant action as Defendants' Amended Third-Party Complaints seek to shift liability of Plaintiffs' underlying claims onto the Third-Party Defendants. While Third-Party Complaints in-and-of-themselves might add complexity to this matter, having all the "players" at the table, or at least knowing who will be at the table greatly simplifies this matter going forward.

34. Lastly, for the same reasons already stated above, a stay of deposition discovery pending the motions to dismiss the Amended Third-Party Complaints and resetting the fact discovery deadline reduces the Parties' expenses of litigation and would allow for all issues to be brought before the Court.

35. Good cause exists for an order partially staying discovery as requested and for resetting the fact discovery deadline for the reasons stated above.

36. This Motion is not filed for dilatory purposes, nor for purposes of delay, but only to better serve the interests of judicial economy and the administration of justice by determining the issues in dispute prior to conducting discovery, which can then be made more tailored and relevant.

WHEREFORE, the parties, through their undersigned counsel, respectfully request this Court to enter an order temporarily staying discovery as requested until the Court rules on the Third-Party Defendants' motions to dismiss the Amended Third-Party Complaints, to reset the fact discovery deadline to 180 days after this ruling, and for any other relief the Court deems equitable and just.

July 10, 2026

Respectfully submitted,

s/ *Charles R. Watkins*
Charles R. Watkins
GUIN, STOKES & EVANS, LLC
805 Lake Street, #226
Oak Park, IL 60301
(312) 878-8391
charlesw@gseattorneys.com
*One of the Attorneys for Plaintiffs*

s/ *Trevor M.J. Prindle*
Trevor M.J. Prindle
DuPage County State's Attorney's Office
503 N. County Farm Rd
Wheaton, IL 60187
(630) 407-8224
Trevor.Prindle@dupagecounty.gov
*One of the Attorney for Defendants Gwen Henry,*
*Jean Kaczmarek and DuPage County*

s/ *Karen D. Fox*
Karen D. Fox
STATE'S ATTORNEY OF LAKE COUNTY
ERIC RINEHART
ASA Stephen J. Rice (#6287192)
ASA Karen D. Fox (#6255941)
18 N. County St., Waukegan, IL 60085
(847) 377-3050
srice@lakecountyil.gov; kfox@lakecountyil.gov
*One of the Attorneys for Defendants Vega, Kim, and*
*Lake County*

s/ *Erin M. Brady*
Erin M. Brady
Kane County State's Attorney Jamie L. Mosser
Erin M. Brady (#6292443)
Assistant State's Attorneys
100 S. Third Street, Fourth Floor
Geneva, IL 60134
(630) 208-5320
bradyerin@co.kane.il.us
*One of the Attorneys for Chris Lauzen, John*
*Cunningham, and the County of Kane*

s/ *Rosa M. Tumialán*

9

Charles A. LeMoine
clemoine@tresslerllp.com
Rosa M. Tumialán
rtumialan@tresslerllp.com
Jerome Murphy
jmurphy@tresslerllp.com
Carter Frambes
cframbes@tresserllp.com
TRESSLER, LLP
233 S. Wacker Dr., 6lst Floor
Chicago, IL 60606
312-627-4191
*One of the Attorneys for Susan J. Goral in her
capacity as Treasurer of Winnebago County,
Illinois, Lori Gummow in her capacity as Clerk of
Winnebago County, Illinois, and Winnebago
County, Illinois; Lydia Hutchcraft, in her capacity
as Treasurer of Carroll County, Illinois, Amy Buss,
in her capacity as clerk of Carroll County, Illinois,
and Carroll County, Illinois; Curt Newport, in his
capacity as Treasurer of Boone County, Illinois,
Julie Bliss in her capacity as Clerk of Boone
County, Illinois, and Boone County, Illinois; Tim
Brophy, in his capacity as Treasurer of Will County,
Illinois, Andrea Linn in her capacity as clerk of Will
County, Illinois, and Will County, Illinois; Nicole
Bjerke, in her capacity as Treasurer of Peoria
County, Illinois, Rachael Parker in her capacity as
Clerk of Peoria County, Illinois, and Peoria
County, Illinois*

## CERTIFICATE OF SERVICE

I, Trevor M.J. Prindle, an attorney, certify that I filed the foregoing document with the Clerk of the Northern District of Illinois using the Court's electronic filing system. As a result, electronic copies were served upon all attorneys of record.

*/s/ Trevor M.J. Prindle*

Trevor M.J. Prindle

Assistant State's Attorney

10